# U.S. District Court
## Western District of Missouri (Springfield)
## CIVIL DOCKET FOR CASE #: 6:21−cv−03219−MDH
### *Internal Use Only*

| | |
|---|---|
| Henderson et al v. School District of Springfield R−12 et al | Date Filed: 08/18/2021 |
| Assigned to: District Judge M. Douglas Harpool | Date Terminated: 04/03/2023 |
| Case in other court:  Eighth Circuit, 23−01374 | Jury Demand: None |
| Cause: 42:1983 Civil Rights Act | Nature of Suit: 440 Civil Rights: Other |
| | Jurisdiction: Federal Question |

**Plaintiff**

**Brooke Henderson**                              represented by   **Braden Boucek**
Southeastern Legal Foundation
560 West Crossville Road
Suite 104
Roswell, GA 30075
770−977−2131
Fax: 770−977−2134
Email: bboucek@southeasternlegal.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Celia Howard O'Leary**
Southeastern Legal Foundation
560 West Crossville Road Suite 104
30075
Roswell, GA 30004
770−977−2131
Email: coleary@southeasternlegal.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jeffrey Clayman**
Pipes Miles Beckman, LLC
1100 Poydras Street
Suite 3300
New Orleans, LA 70163
504−322−7070
Fax: 504−322−7520
Email: jclayman@pipesmiles.com
***TERMINATED: 09/27/2022***
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

*Bar Status: Phv*

**Kimberly S Hermann**
560 W. Crossville Road
Suite 104
Roswell, GA 30075
(770) 977–2131
Email: khermann@southeasternlegal.org
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Derek H. MacKay**
Knight Nicastro MacKay LLC – KCMO
304 W. 10th Street
Kansas City, MO 64105
816–679–6407
Email: mackay@knightnicastro.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Plaintiff**

**Jennifer Lumley**                        represented by  **Braden Boucek**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Celia Howard O'Leary**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Jeffrey Clayman**
(See above for address)
***TERMINATED: 09/27/2022***
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Kimberly S Hermann**
(See above for address)
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*
*Bar Status: Phv*

**Derek H. MacKay**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

V.

**Defendant**

**School District of Springfield R–12**     represented by     **Ransom A. Ellis , III**
Ellis, Ellis, Hammons & Johnson, PC
2808 S. Ingram Mill
Ste A104
Springfield, MO 65804
417–866–5091
Fax: 417–866–1064
Email: rellis3@eehjfirm.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Eric Ryan Olson**
Husch Blackwell LLP – Spfd
901 St. Louis Street
Suite 1800
Springfield, MO 65806
417–268–4000
Fax: 417–268–4040
Email: ryan.olson@huschblackwell.com
***TERMINATED: 06/23/2022***
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Tina G. Fowler**
Ellis, Ellis, Hammons & Johnson, PC
2808 S. Ingram Mill
Ste A104
Springfield, MO 65804
417–866–5091
Fax: 417–866–1064
Email: tfowler@eehjfirm.com
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Todd A. Johnson**
Ellis, Ellis, Hammons & Johnson, PC
2808 S. Ingram Mill
Ste A104
Springfield, MO 65804
417–866–5091
Fax: 417–866–1064
Email: tjohnson@eehjfirm.com

*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**Board of Education of the School**
**District of Springfield R–12**

represented by **Ransom A. Ellis , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Eric Ryan Olson**
(See above for address)
***TERMINATED: 06/23/2022***
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Tina G. Fowler**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Todd A. Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**Grenita Lathan**

represented by **Ransom A. Ellis , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Eric Ryan Olson**
(See above for address)
***TERMINATED: 06/23/2022***
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Tina G. Fowler**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Todd A. Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

represented by

**Martha Doenning**
*TERMINATED: 07/21/2022*

**Ransom A. Ellis , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Eric Ryan Olson**
(See above for address)
*TERMINATED: 06/23/2022*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Tina G. Fowler**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Todd A. Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**Yvania Garcia–Pusateri**                  represented by

**Ransom A. Ellis , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Eric Ryan Olson**
(See above for address)
*TERMINATED: 06/23/2022*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Tina G. Fowler**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Todd A. Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Defendant**

**Lawrence Anderson**                  represented by

**Ransom A. Ellis , III**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Eric Ryan Olson**
(See above for address)
*TERMINATED: 06/23/2022*
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Tina G. Fowler**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

**Todd A. Johnson**
(See above for address)
*ATTORNEY TO BE NOTICED*
*Bar Status: Active*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 08/18/2021 | 1 | COMPLAINT against All Defendants filed by Derek H. MacKay on behalf of All Plaintiffs. Filing fee $402, receipt number BMOWDC–7541162. Service due by 11/16/2021 unless otherwise directed by the court. (Attachments: # 1 Civil Cover Sheet)(MacKay, Derek) (Entered: 08/18/2021) |
| 08/18/2021 | 2 | Motion to allow Celia H. O'Leary to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–7541236) filed by Derek H. MacKay on behalf of All Plaintiffs. (MacKay, Derek) (Entered: 08/18/2021) |
| 08/18/2021 | 3 | Motion to allow Kimberly S. Hermann to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–7541250) filed by Derek H. MacKay on behalf of All Plaintiffs. (MacKay, Derek) (Entered: 08/18/2021) |
| 08/18/2021 | 4 | Motion to allow Braden H. Boucek to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC–7541256) filed by Derek H. MacKay on behalf of All Plaintiffs. (MacKay, Derek) (Entered: 08/18/2021) |
| 08/18/2021 | 5 | ORDER granting 2 motion to appear pro hac vice entered by Clerk of Court. Attorney Celia H O'Leary for Brooke Henderson and Jennifer Lumley allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER.  This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 08/18/2021) |
| 08/18/2021 | 6 | ORDER granting 3 motion to appear pro hac vice entered by Clerk of Court. Attorney Kimberly S Hermann for Brooke Henderson and Jennifer Lumley allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the |

| | | |
|---|---|---|
| | | attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 08/18/2021) |
| 08/18/2021 | 7 | ORDER granting 4 motion to appear pro hac vice entered by Clerk of Court. Attorney Braden H. Boucek for Brooke Henderson and Jennifer Lumley allowed to appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Berner, Crystal) (Entered: 08/18/2021) |
| 08/18/2021 | | **NOTICE OF MAGISTRATE JUDGE ASSIGNMENT as to Plaintiff:** All parties must file the Notice Regarding Magistrate Judge Jurisdiction Form consenting to or opting out of the Magistrate Judge assignment. Click here for instructions. Form due by 9/8/2021 unless otherwise directed by the court. (Siegert, Karen) (Entered: 08/18/2021) |
| 08/18/2021 | 8 | **NOTICE OF INCLUSION FOR MEDIATION AND ASSESSMENT PROGRAM (MAP). REVIEW NOTICE AND MAP GENERAL ORDER CAREFULLY FOR IMPORTANT CHANGES, DEADLINES AND REQUIREMENTS.**<br><br>**Notice of MAP assignment to an outside mediator.** (Attachments: # 1 MAP General Order)(Siegert, Karen) (Entered: 08/18/2021) |
| 08/24/2021 | | SUMMONS ISSUED as to All Defendants. (Melvin, Greg) (Entered: 08/24/2021) |
| 08/26/2021 | 9 | NOTICE OF REASSIGNMENT from Magistrate Judge Jill A. Morris to District Judge M. Douglas Harpool. Please note the new case number: 21–3219–CV–S–MDH. (Melvin, Greg) (Entered: 08/26/2021) |
| 09/02/2021 | 10 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Board of Education of the School District of Springfield R–12 served on 8/31/2021, answer due 9/21/2021. (MacKay, Derek) (Entered: 09/02/2021) |
| 09/02/2021 | 11 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Lawrence Anderson served on 8/31/2021, answer due 9/21/2021. (MacKay, Derek) (Entered: 09/02/2021) |
| 09/02/2021 | 12 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Martha Doenning served on 8/31/2021, answer due 9/21/2021. (MacKay, Derek) (Entered: 09/02/2021) |
| 09/02/2021 | 13 | RETURN OF SERVICE of complaint executed by All Plaintiffs. School District of Springfield R–12 served on 8/31/2021, answer due 9/21/2021. (MacKay, Derek) (Entered: 09/02/2021) |

| | | |
|---|---|---|
| 09/02/2021 | 14 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Grenita Lathan served on 8/31/2021, answer due 9/21/2021. (MacKay, Derek) (Entered: 09/02/2021) |
| 09/02/2021 | 15 | RETURN OF SERVICE of complaint executed by All Plaintiffs. Yvania Garcia−Pusateri served on 8/31/2021, answer due 9/21/2021. (MacKay, Derek) (Entered: 09/02/2021) |
| 09/20/2021 | 16 | NOTICE of appearance by Ransom A. Ellis, III on behalf of All Defendants (Attorney Ransom A. Ellis, III added to party Lawrence Anderson(pty:dft), Attorney Ransom A. Ellis, III added to party Board of Education of the School District of Springfield R−12(pty:dft), Attorney Ransom A. Ellis, III added to party Martha Doenning(pty:dft), Attorney Ransom A. Ellis, III added to party Yvania Garcia−Pusateri(pty:dft), Attorney Ransom A. Ellis, III added to party Grenita Lathan(pty:dft), Attorney Ransom A. Ellis, III added to party School District of Springfield R−12(pty:dft))(Ellis, Ransom) (Entered: 09/20/2021) |
| 09/20/2021 | 17 | *Defendants'* ANSWER to 1 Complaint, on behalf of Lawrence Anderson, Board of Education of the School District of Springfield R−12, Martha Doenning, Yvania Garcia−Pusateri, Grenita Lathan, School District of Springfield R−12.(Ellis, Ransom) (Entered: 09/20/2021) |
| 09/20/2021 | 18 | NOTICE of appearance by Todd A. Johnson on behalf of All Defendants (Attorney Todd A. Johnson added to party Lawrence Anderson(pty:dft), Attorney Todd A. Johnson added to party Board of Education of the School District of Springfield R−12(pty:dft), Attorney Todd A. Johnson added to party Martha Doenning(pty:dft), Attorney Todd A. Johnson added to party Yvania Garcia−Pusateri(pty:dft), Attorney Todd A. Johnson added to party Grenita Lathan(pty:dft), Attorney Todd A. Johnson added to party School District of Springfield R−12(pty:dft))(Johnson, Todd) (Entered: 09/20/2021) |
| 09/20/2021 | 19 | NOTICE of appearance by Eric Ryan Olson on behalf of All Defendants (Attorney Eric Ryan Olson added to party Lawrence Anderson(pty:dft), Attorney Eric Ryan Olson added to party Board of Education of the School District of Springfield R−12(pty:dft), Attorney Eric Ryan Olson added to party Martha Doenning(pty:dft), Attorney Eric Ryan Olson added to party Yvania Garcia−Pusateri(pty:dft), Attorney Eric Ryan Olson added to party Grenita Lathan(pty:dft), Attorney Eric Ryan Olson added to party School District of Springfield R−12(pty:dft))(Olson, Eric Ryan) (Entered: 09/20/2021) |
| 09/21/2021 | 20 | RULE 16 NOTICE. Proposed scheduling order due by 11/8/2021. Rule 26 conference due by 10/22/2021. Signed on 9/21/21 by District Judge M. Douglas Harpool. (View, Pat) (Entered: 09/21/2021) |
| 09/22/2021 | | NOTICE of filing: Mediation and Assessment Program Reminder: Your Designation of Mediator is due soon (filed as an ADR event in CM/ECF). See Notice of Inclusion and MAP General Order for specifics. (ADI, MAP) (Entered: 09/22/2021) |
| 09/24/2021 | 21 | NOTICE OF HEARING – This is the official notice for this hearing.  This is a TEXT ONLY ENTRY. No document is attached. Case Management Conference set for 11/16/2021 01:30 PM in DJ Courtroom 1, Springfield (MDH) before District Judge M. Douglas Harpool. (Howard, Linda) (Entered: 09/24/2021) |
| 11/04/2021 | 22 | Joint PROPOSED SCHEDULING ORDER by Brooke Henderson, Jennifer Lumley. (Boucek, Braden) (Main Document 22 replaced on 11/5/2021 with "flattened" non−editable pdf document) (Siegert, Karen). Modified on 11/5/2021 (Siegert, |

| | | |
|---|---|---|
| | | Karen). (Entered: 11/04/2021) |
| 11/09/2021 | 23 | DESIGNATION *of Mediator Certificate* by Brooke Henderson, Jennifer Lumley. (Boucek, Braden) (Entered: 11/09/2021) |
| 11/09/2021 | 24 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Ransom A. Ellis, III on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R–12, Martha Doenning, Yvania Garcia–Pusateri, Grenita Lathan, School District of Springfield R–12.(Ellis, Ransom) (Entered: 11/09/2021) |
| 11/09/2021 | 25 | CERTIFICATE OF SERVICE OF INITIAL RULE 26 DISCLOSURES filed by Braden Boucek on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley.(Boucek, Braden) (Entered: 11/09/2021) |
| 11/10/2021 | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on 11/9/21 as Document No. 23, Designation of Mediator Certificate. The document has been deleted as the incorrect event was used when filing the document. Counsel will refile the document using the correct event under Civil––Other Filings––ADR Documents––Designation of Mediator. This is a text entry only – no document is attached. (Siegert, Karen) (Entered: 11/10/2021) |
| 11/10/2021 | 26 | DESIGNATION OF MEDIATOR naming Thomas Bender(Boucek, Braden) (Entered: 11/10/2021) |
| 11/16/2021 | 27 | Minute Entry. Proceedings held before District Judge M. Douglas Harpool: SCHEDULING CONFERENCE held on 11/16/2021. Time in court: 1:33 p.m. to 2:23 p.m. To order a transcript of this hearing please contact Jeannine Rankin, 417–225–7713, jeannine_rankin@mow.uscourts.gov. (Howard, Linda) (Entered: 11/16/2021) |
| 11/17/2021 | 28 | SCHEDULING AND BENCH TRIAL ORDER:( Initial Pretrial Conference set for 1/11/2023 01:00 PM DJ Courtroom 1, Springfield (MDH) before District Judge M. Douglas Harpool., Bench Trial set for four days beginning 1/17/2023 09:00 AM in DJ Courtroom 1, Springfield (MDH) before District Judge M. Douglas Harpool., Dispositive Motions due by 7/22/2022.), ( Amended Pleadings due by 12/3/2021., Joinder of Parties due by 12/3/2021., Discovery Motions due by 4/15/2022., Status Report due by 5/2/2022.) Discovery due by 5/31/2022. Signed on 11/17/21 by District Judge M. Douglas Harpool. (View, Pat) (Entered: 11/17/2021) |
| 11/17/2021 | 29 | RULES OF TRIAL Signed on 11/17/21 by District Judge M. Douglas Harpool. (View, Pat) (Entered: 11/17/2021) |
| 11/17/2021 | 30 | ORDER on the Court's own motion striking paragraphs 4, 5, 9, and 23 of Plaintiffs' Complaint 1 pursuant to Fed. R. Civ. P. 12(f). Signed on 11/17/2021 by District Judge M. Douglas Harpool. (Maerz, Mary) (Entered: 11/17/2021) |
| 12/03/2021 | 31 | AMENDED ANSWER to 1 Complaint, filed by Ransom A. Ellis, III on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R–12, Martha Doenning, Yvania Garcia–Pusateri, Grenita Lathan, School District of Springfield R–12. (Related document(s) 1 ) (Ellis, Ransom) (Entered: 12/03/2021) |
| 12/03/2021 | 32 | ELECTRONIC TRANSCRIPT of Case Management Hearing held November 16, 2021 before Judge M. DOUGLAS HARPOOL. Court Reporter: Jeannine Rankin, 417–225–7713, jeannine_rankin@mow.uscourts.gov. Number of pages: 42. NOTICE |

| | | RE: REDACTION OF TRANSCRIPTS: Within 7 calendar days of this filing, each party shall inform the Court, by filing a Notice of Redaction, of the parties' intent to redact personal data identifiers from the electronic transcript of the court proceeding. The policy is located on our website at www.mow.uscourts.gov. Please read this policy carefully. **NOTICE: Attorneys must contact the court reporter for copies during this 90 day period. If necessary, Notice of Intent to Redact is due by 12/10/2021 unless otherwise directed by the court. Release of Transcript Restriction set for 3/3/2022. NOTICE: Attorneys must contact the court reporter for copies during this 90 day period.** <br><br> (Rankin, Jeannine) (Entered: 12/03/2021) |
|---|---|---|
| 12/14/2021 | 33 | CERTIFICATE OF SERVICE by All Defendants *for 1st ROGs to Henderson, 1st ROGs to Lumley, 1st RFP to Henderson* filed by Ransom A. Ellis, III on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R−12, Martha Doenning, Yvania Garcia−Pusateri, Grenita Lathan, School District of Springfield R−12.(Ellis, Ransom) (Entered: 12/14/2021) |
| 12/14/2021 | 34 | CERTIFICATE OF SERVICE by All Plaintiffs filed by Braden Boucek on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley.(Boucek, Braden) (Entered: 12/14/2021) |
| 01/14/2022 | 35 | CERTIFICATE OF SERVICE by All Defendants *for Responses and Objections to Plaintiffs' First Request for Production of Documents* filed by Ransom A. Ellis, III on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R−12, Martha Doenning, Yvania Garcia−Pusateri, Grenita Lathan, School District of Springfield R−12.(Ellis, Ransom) (Entered: 01/14/2022) |
| 01/26/2022 | 36 | CERTIFICATE OF SERVICE by All Defendants *for Responses and Objections to Plaintiffs' First Set of Interrogatories* filed by Ransom A. Ellis, III on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R−12, Martha Doenning, Yvania Garcia−Pusateri, Grenita Lathan, School District of Springfield R−12.(Ellis, Ransom) (Entered: 01/26/2022) |
| 02/12/2022 | 37 | STATUS REPORT *Regarding Discovery (Joint)* by Brooke Henderson, Jennifer Lumley. (Boucek, Braden) (Entered: 02/12/2022) |
| 02/17/2022 | 38 | CERTIFICATE OF SERVICE by All Defendants *Rsps & Objs to Admissions* filed by Ransom A. Ellis, III on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R−12, Martha Doenning, Yvania Garcia−Pusateri, Grenita Lathan, School District of Springfield R−12.(Ellis, Ransom) (Entered: 02/17/2022) |
| 03/22/2022 | 39 | CERTIFICATE OF SERVICE by All Defendants *Defs' 1st Admissions to Lumley and Henderson* filed by Ransom A. Ellis, III on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R−12, Martha Doenning, Yvania Garcia−Pusateri, Grenita Lathan, School District of Springfield R−12.(Ellis, Ransom) (Entered: 03/22/2022) |
| 03/28/2022 | 40 | Motion to allow Jeffrey A. Clayman to appear pro hac vice (Pro Hac fee $100 receipt number AMOWDC−7863570) filed by Derek H. MacKay on behalf of All Plaintiffs. (MacKay, Derek) (Entered: 03/28/2022) |
| 03/29/2022 | 41 | ORDER granting 40 motion to appear pro hac vice entered by Clerk of Court. Attorney Jeffrey A. Clayman for Brooke Henderson and Jennifer Lumley allowed to |

| | | |
|---|---|---|
| | | appear pro hac vice. This entry will serve as authorization for the pro hac participation by the attorney.<br><br>Western District of Missouri Local Rule 5.1 requires documents to be filed electronically. If pro hac vice counsel has not already done so, counsel is directed to immediately register for a WDMO e–filing account for NextGen CM/ECF. This will enable counsel to electronically file documents and receive electronic notification of filings. Register for a WDMO e–filing account at PACER. This is a TEXT ONLY ENTRY. No document is attached. (Warren, Melissa) (Entered: 03/29/2022) |
| 04/14/2022 | 42 | CERTIFICATE OF SERVICE by Brooke Henderson, Jennifer Lumley *of Plaintiffs' Discovery Responses* filed by Jeffrey Clayman on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley.(Clayman, Jeffrey) (Entered: 04/14/2022) |
| 04/14/2022 | 43 | CERTIFICATE OF SERVICE by All Plaintiffs *regarding Self–Authenticating Business Records* filed by Jeffrey Clayman on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley.(Clayman, Jeffrey) (Entered: 04/14/2022) |
| 04/15/2022 | 44 | CERTIFICATE OF SERVICE by All Defendants *They do not intend to self–authenticate business records.* filed by Ransom A. Ellis, III on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R–12, Martha Doenning, Yvania Garcia–Pusateri, Grenita Lathan, School District of Springfield R–12.(Ellis, Ransom) (Entered: 04/15/2022) |
| 04/18/2022 | 45 | CERTIFICATE OF SERVICE by All Defendants *Supp. RSP and OBJ to first RFP.* filed by Ransom A. Ellis, III on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R–12, Martha Doenning, Yvania Garcia–Pusateri, Grenita Lathan, School District of Springfield R–12.(Ellis, Ransom) (Entered: 04/18/2022) |
| 04/29/2022 | 46 | CERTIFICATE OF SERVICE by All Plaintiffs *of their Second Set of Interrogatories and Requests for Production to Defendants* filed by Jeffrey Clayman on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley.(Clayman, Jeffrey) (Entered: 04/29/2022) |
| 05/02/2022 | 47 | STATUS REPORT *of the Parties Regarding Discovery, Second Joint* by Brooke Henderson, Jennifer Lumley. (Clayman, Jeffrey) (Entered: 05/02/2022) |
| 05/10/2022 | 48 | NOTICE to take deposition of Brooke Henderson filed by Ransom A. Ellis, III on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R–12, Martha Doenning, Yvania Garcia–Pusateri, Grenita Lathan, School District of Springfield R–12.(Ellis, Ransom) (Entered: 05/10/2022) |
| 05/10/2022 | 49 | NOTICE to take deposition of Jennifer Lumley filed by Ransom A. Ellis, III on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R–12, Martha Doenning, Yvania Garcia–Pusateri, Grenita Lathan, School District of Springfield R–12.(Ellis, Ransom) (Entered: 05/10/2022) |
| 05/13/2022 | 50 | Joint MOTION for protective order filed by Ransom A. Ellis, III on behalf of All Defendants. Suggestions in opposition/response due by 5/27/2022 unless otherwise directed by the court. (Attachments: # 1 Exhibit Exhibit A)(Ellis, Ransom) (Entered: 05/13/2022) |
| 05/13/2022 | 51 | NOTICE to take deposition of Yvania Garcia–Pusateri filed by Jeffrey Clayman on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley.(Clayman, Jeffrey) (Entered: |

| | | |
|---|---|---|
| | | 05/13/2022) |
| 05/13/2022 | 52 | NOTICE to take deposition of the School District of Springfield R–12 filed by Jeffrey Clayman on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley.(Clayman, Jeffrey) (Entered: 05/13/2022) |
| 05/16/2022 | | NOTICE OF DOCKET MODIFICATION. A modification has been made to the document filed on 5/13/2022 as Document No. 50, Joint MOTION for protective order. The document has been deleted per Administrative Procedures and CM/ECF Filing Guidelines wherein it is stated proposed orders should not contain a signature line for the presiding judge. Additionally, proposed Orders are to be emailed to the Courtroom Deputy in WORD format. Counsel has been contacted and will refile the Motion per filing guidelines. This is a text entry only – no document is attached. (Keller, Jeanne) (Entered: 05/16/2022) |
| 05/16/2022 | 53 | Joint MOTION for protective order filed by Ransom A. Ellis, III on behalf of All Defendants. Suggestions in opposition/response due by 5/31/2022 unless otherwise directed by the court. (Attachments: # 1 Exhibit Exhibit A)(Ellis, Ransom) (Entered: 05/16/2022) |
| 05/16/2022 | 54 | NOTICE to take deposition of Lawrence Anderson filed by Jeffrey Clayman on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley.(Clayman, Jeffrey) (Entered: 05/16/2022) |
| 05/17/2022 | 55 | ORDER granting 53 motion for protective order. Signed on 5/17/2022 by District Judge M. Douglas Harpool. (Maerz, Mary) (Entered: 05/17/2022) |
| 05/17/2022 | 56 | NOTICE to take deposition of Grenita Lathan filed by Jeffrey Clayman on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley.(Clayman, Jeffrey) (Entered: 05/17/2022) |
| 05/20/2022 | 57 | NOTICE to take deposition of Tanya Rapert filed by Jeffrey Clayman on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley.(Clayman, Jeffrey) (Entered: 05/20/2022) |
| 05/20/2022 | 58 | NOTICE to take deposition of Phil Hale filed by Jeffrey Clayman on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley.(Clayman, Jeffrey) (Entered: 05/20/2022) |
| 05/20/2022 | 59 | NOTICE to take deposition of Cecil Mooney filed by Jeffrey Clayman on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley.(Clayman, Jeffrey) (Entered: 05/20/2022) |
| 05/24/2022 | 60 | Amended NOTICE to take deposition of the School District of Springfield R–12 filed by Jeffrey Clayman on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley.(Clayman, Jeffrey) (Entered: 05/24/2022) |
| 05/25/2022 | 61 | NOTICE of filing *Defs Rsps & Obj to PLS Req for Rule 30b6 Designation* by Lawrence Anderson, Board of Education of the School District of Springfield R–12, Martha Doenning, Yvania Garcia–Pusateri, Grenita Lathan, School District of Springfield R–12 re 60 Notice to Take Deposition (Ellis, Ransom) (Entered: 05/25/2022) |
| 05/25/2022 | 62 | CERTIFICATE OF SERVICE by Lawrence Anderson, Board of Education of the School District of Springfield R–12, Martha Doenning, Yvania Garcia–Pusateri, Grenita Lathan, School District of Springfield R–12 re 61 Notice of filing, *Certificate* |

| | | |
|---|---|---|
| | | *of Service* filed by Ransom A. Ellis, III on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R–12, Martha Doenning, Yvania Garcia–Pusateri, Grenita Lathan, School District of Springfield R–12. Related document: 61 Notice of filing, filed by Martha Doenning, Lawrence Anderson, Grenita Lathan, Yvania Garcia–Pusateri, School District of Springfield R–12, Board of Education of the School District of Springfield R–12.(Ellis, Ransom) (Entered: 05/25/2022) |
| 06/03/2022 | 63 | Amended NOTICE to take deposition of Cecil Mooney filed by Jeffrey Clayman on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley.(Clayman, Jeffrey) (Entered: 06/03/2022) |
| 06/07/2022 | 64 | CERTIFICATE OF SERVICE by All Defendants filed by Ransom A. Ellis, III on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R–12, Martha Doenning, Yvania Garcia–Pusateri, Grenita Lathan, School District of Springfield R–12.(Ellis, Ransom) (Entered: 06/07/2022) |
| 06/20/2022 | 65 | Consent MOTION for leave to file excess pages *in support of summary judgment* filed by Jeffrey Clayman on behalf of Brooke Henderson, Jennifer Lumley. Suggestions in opposition/response due by 7/5/2022 unless otherwise directed by the court. (Clayman, Jeffrey) (Entered: 06/20/2022) |
| 06/21/2022 | 66 | ORDER granting 65 motion for leave to file excess pages. Signed on 6/21/2022 by District Judge M. Douglas Harpool. This is a TEXT ONLY ENTRY. No document is attached. (Maerz, Mary) (Entered: 06/21/2022) |
| 06/22/2022 | 67 | NOTICE of appearance by Tina G. Fowler on behalf of All Defendants (Attorney Tina G. Fowler added to party Lawrence Anderson(pty:dft), Attorney Tina G. Fowler added to party Board of Education of the School District of Springfield R–12(pty:dft), Attorney Tina G. Fowler added to party Martha Doenning(pty:dft), Attorney Tina G. Fowler added to party Yvania Garcia–Pusateri(pty:dft), Attorney Tina G. Fowler added to party Grenita Lathan(pty:dft), Attorney Tina G. Fowler added to party School District of Springfield R–12(pty:dft))(Fowler, Tina) (Entered: 06/22/2022) |
| 06/22/2022 | 68 | Consent MOTION for leave to file excess pages *in support of summary judgment* filed by Tina G. Fowler on behalf of All Defendants. Suggestions in opposition/response due by 7/6/2022 unless otherwise directed by the court. (Fowler, Tina) (Entered: 06/22/2022) |
| 06/22/2022 | 69 | MOTION to withdraw as attorney *for Ryan Olson* filed by Tina G. Fowler on behalf of All Defendants. Suggestions in opposition/response due by 7/6/2022 unless otherwise directed by the court. (Fowler, Tina) (Entered: 06/22/2022) |
| 06/23/2022 | 70 | ORDER granting 68 motion for leave to file excess pages. Signed on 6/23/2022 by District Judge M. Douglas Harpool. This is a TEXT ONLY ENTRY. No document is attached. (Maerz, Mary) (Entered: 06/23/2022) |
| 06/23/2022 | 71 | ORDER granting 69 motion to withdraw as attorney. Attorney Eric Ryan Olson terminated. Signed on 6/23/2022 by District Judge M. Douglas Harpool. This is a TEXT ONLY ENTRY. No document is attached. (Maerz, Mary) (Entered: 06/23/2022) |
| 07/20/2022 | 72 | STIPULATION of dismissal *of Martha Doennig without Prejudice* by Brooke Henderson, Jennifer Lumley. (Clayman, Jeffrey) (Entered: 07/20/2022) |
| 07/21/2022 | 73 | |

| | | |
|---|---|---|
| | | Order of Dismissal Without Prejudice as to Defendant Martha Doennig only., Martha Doenning terminated. Plaintiffs' claims against all other Defendants remain. Signed on 7/21/22 by District Judge M. Douglas Harpool. (View, Pat) (Entered: 07/21/2022) |
| 07/22/2022 | 74 | MOTION for summary judgment filed by Tina G. Fowler on behalf of All Defendants. Suggestions in opposition/response due by 8/12/2022 unless otherwise directed by the court. (Fowler, Tina) (Entered: 07/22/2022) |
| 07/22/2022 | 75 | SUGGESTIONS in support re 74 MOTION for summary judgment filed by Tina G. Fowler on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R–12, Martha Doenning, Yvania Garcia–Pusateri, Grenita Lathan, School District of Springfield R–12. (Attachments: # 1 Exhibit A – Deposition of Brooke Henderson, # 2 Exhibit B – Deposition of Jennifer Lumley, # 3 Exhibit C – Affidavit of John Jungmann, # 4 Exhibit D – Affidavit of Penney Rector, # 5 Exhibit E – Affidavit of Tammi Harrington, # 6 Exhibit F – Deposition of Tanya Rapert, # 7 Exhibit G – Deposition of Yvania Garcia–Pusateri, # 8 Exhibit H – Deposition of Lawrence Anderson, # 9 Exhibit I – Deposition of Cecil Mooney, # 10 Exhibit J – Deposition of Phillip Hale, # 11 Exhibit K – Affidavit of Robert Douglas, # 12 Exhibit L – Deposition of Grenita Lathan)(Related document(s) 74 ) (Fowler, Tina) (Entered: 07/22/2022) |
| 07/22/2022 | 76 | MOTION for summary judgment filed by Braden Boucek on behalf of All Plaintiffs. Suggestions in opposition/response due by 8/12/2022 unless otherwise directed by the court. (Boucek, Braden) (Entered: 07/22/2022) |
| 07/22/2022 | 77 | SUGGESTIONS in support re 76 MOTION for summary judgment filed by Braden Boucek on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley. (Attachments: # 1 Exhibit 1, Joint Stipulations, # 2 Exhibit 2, Henderson Declaration, # 3 Exhibit 3, Lumley Declaration, # 4 Exhibit 4, Deposition of Yvania Garcia–Pusateri, # 5 Exhibit 5, March 1, 2021 Email, # 6 Exhibit 6, Feb. 8, 2021 Email, # 7 Exhibit 7, SPS Interrogatory Responses, # 8 Exhibit 8, June 2, 2020 Email, # 9 Exhibit 9, Handouts, # 10 Exhibit 10, Deposition of Philip Hale, # 11 Exhibit 11, Deposition of Brooke Henderson, # 12 Exhibit 12, Deposition of Tanya Rapert, # 13 Exhibit 13, PowerPoint (Defs. Ex. 13.01), # 14 Exhibit 14, Deposition of Lawrence Anderson, # 15 Exhibit 15, Script & Slide Breakdown, # 16 Exhibit 16, PowerPoint (Defs. Ex. 13.06), # 17 Exhibit 17, Sept. 21, 2020 Email, # 18 Exhibit 18, Environmental Scan Slides, # 19 Exhibit 19, Deposition of Jennifer Lumley, # 20 Exhibit 20, Canvas Modules, # 21 Exhibit 21, Oct. 2, 2020 Email, # 22 Exhibit 22, Sept. 17, 2020 Email, # 23 Exhibit 23 part 1, Deposition of Grenita Lathan, # 24 Exhibit 23 part 2, Deposition of Grenita Lathan)(Related document(s) 76 ) (Boucek, Braden) (Attachment 4 replaced on 8/17/2022) (Attachment 14 replaced on 8/17/2022) pursuant to Order dated 8/15/2022 (Siegert, Karen). (Entered: 07/22/2022) |
| 08/12/2022 | 78 | SUGGESTIONS in opposition to motion for summary judgment re 74 MOTION for summary judgment *of Defendants* filed by Braden Boucek on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley. Reply suggestions due by 8/26/2022 unless otherwise directed by the court. (Attachments: # 1 Exhibit 24, Deposition of Jennifer Lumley, # 2 Exhibit 25, Deposition of Cecil Mooney, # 3 Exhibit 26, Deposition of Brooke Henderson, # 4 Exhibit 27, Sept. 3, 2020 Email, # 5 Exhibit 28, Sept. 25 2020 Email w. Attachments, # 6 Exhibit 29, Sept. 16, 2020 Email w. Attachment, # 7 Exhibit 30, Sept. 28, 2021 Email)(Related document(s) 74 ) (Boucek, Braden) (Entered: 08/12/2022) |
| 08/12/2022 | 79 | |

| | | |
|---|---|---|
| | | Consent MOTION for leave to file *Substitute Exhibits* filed by Braden Boucek on behalf of All Plaintiffs. Suggestions in opposition/response due by 8/26/2022 unless otherwise directed by the court. (Attachments: # 1 Exhibit 4, Deposition of Yvania Garcia–Pusateri, # 2 Exhibit 14, Deposition of Lawrence Anderson)(Boucek, Braden) (Entered: 08/12/2022) |
| 08/12/2022 | 80 | SUGGESTIONS in opposition to motion for summary judgment re 76 MOTION for summary judgment filed by Tina G. Fowler on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R–12, Martha Doenning, Yvania Garcia–Pusateri, Grenita Lathan, School District of Springfield R–12. Reply suggestions due by 8/26/2022 unless otherwise directed by the court. (Attachments: # 1 Exhibit A – Deposition of B. Henderson, # 2 Exhibit B – Deposition of J. Lumley, # 3 Exhibit C – Affidavit of J. Jungmann, # 4 Exhibit D – Affidavit of P. Rector, # 5 Exhibit E – Affidavit of T. Harrington, # 6 Exhibit F – Deposition of T. Rapert, # 7 Exhibit G – Deposition of Y. Garcia–Pusateri, # 8 Exhibit H – Deposition of L. Anderson, # 9 Exhibit I – Deposition of C. Mooney, # 10 Exhibit J – Deposition of P. Hale, # 11 Exhibit K – Affidavit of R. Douglas)(Related document(s) 76 ) (Fowler, Tina) (Entered: 08/12/2022) |
| 08/15/2022 | 81 | ORDER granting 79 Plaintiff's unopposed Motion for Leave to Substitute Exhibits. Plaintiff informs the Court Plaintiff's previously filed exhibits 77–4 and 77–14 are illegible. Plaintiff's exhibit 79–1 hereby replaces Plaintiff's exhibit 77–1. Plaintiff's exhibit 79–2 replaces Plaintiff's exhibit 77–14. Plaintiff's other exhibits submitted in support of Plaintiff's Motion for Summary Judgment remain unchanged. This is a TEXT ONLY ENTRY. No document is attached. (CLC) Modified on 8/17/2022 exhibits replaced (Siegert, Karen). (Entered: 08/15/2022) |
| 08/26/2022 | 82 | REPLY SUGGESTIONS to motion re 76 MOTION for summary judgment filed by Braden Boucek on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley. (Related document(s) 76 ) (Boucek, Braden) (Entered: 08/26/2022) |
| 08/26/2022 | 83 | REPLY SUGGESTIONS to motion re 74 MOTION for summary judgment filed by Tina G. Fowler on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R–12, Martha Doenning, Yvania Garcia–Pusateri, Grenita Lathan, School District of Springfield R–12. (Attachments: # 1 Exhibit A – Deposition of B. Henderson, # 2 Exhibit B – Deposition of J. Lumley, # 3 Exhibit C – Affidavit of J. Jungmann, # 4 Exhibit E– Affidavit of T. Harrington, # 5 Exhibit G – Deposition of Garcia–Pusateri, # 6 Exhibit L – Deposition of G. Lathan)(Related document(s) 74 ) (Fowler, Tina) (Entered: 08/26/2022) |
| 09/02/2022 | 84 | MOTION to withdraw as attorney filed by Jeffrey Clayman on behalf of All Plaintiffs. Suggestions in opposition/response due by 9/16/2022 unless otherwise directed by the court. (Clayman, Jeffrey) (Entered: 09/02/2022) |
| 09/27/2022 | 85 | ORDER granting 84 Plaintiff's Unopposed Motion to Withdraw as Attorney. Attorney Jeffrey Clayman terminated. This is a TEXT ONLY ENTRY. No document is attached. (CLC) Docket Text Modified on 9/27/2022 (Howard, Linda). (Entered: 09/27/2022) |
| 11/28/2022 | 86 | NOTICE OF HEARING – This is the official notice for this hearing. This is a TEXT ONLY ENTRY. No document is attached. Telephone Conference set for 11/30/2022 09:30 AM in Chambers before District Judge M. Douglas Harpool. Call–in information will be emailed to counsel.(Howard, Linda) (Entered: 11/28/2022) |
| 11/30/2022 | 87 | |

| | | |
|---|---|---|
| | | Minute Entry. Proceedings held before District Judge M. Douglas Harpool: TELEPHONE CONFERENCE held on 11/30/2022 Time in court: 9:30 a.m. to 9:35 a.m.  This is a TEXT ONLY ENTRY. No document is attached. (Howard, Linda) (Entered: 11/30/2022) |
| 12/01/2022 | | NOTICE OF HEARING CANCELLATION – The Pretrial Conference scheduled for 1/11/23 and the Bench Trial set to begin 1/17/23 has been continued. Bench Trial will be reset at a later date, if necessary.  This is a TEXT ONLY ENTRY. No document is attached. (Howard, Linda) (Entered: 12/01/2022) |
| 01/12/2023 | 88 | ORDER granting 74 Defendants' Motion for Summary Judgment and denying 76 Plaintiffs' Motion for Summary Judgment. Signed District Judge M. Douglas Harpool January 12, 2023. (Clark, Christopher) (Entered: 01/12/2023) |
| 02/10/2023 | 89 | NOTICE OF APPEAL as to 88 Order on Motion for Summary Judgment, by Brooke Henderson, Jennifer Lumley. Filing fee $ 505, receipt number AMOWDC−8324300. (Boucek, Braden) (Entered: 02/10/2023) |
| 02/14/2023 | 90 | MOTION for order Defer Ruling on Attorney Fees re 88 Order on Motion for Summary Judgment, filed by Braden Boucek on behalf of All Plaintiffs. Suggestions in opposition/response due by 2/28/2023 unless otherwise directed by the court. (Related document(s) 88 ) (Boucek, Braden) (Entered: 02/14/2023) |
| 02/14/2023 | 91 | SUGGESTIONS in support re 90 MOTION for order Defer Ruling on Attorney Fees re 88 Order on Motion for Summary Judgment, filed by Braden Boucek on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley. (Related document(s) 90 ) (Boucek, Braden) (Entered: 02/14/2023) |
| 02/14/2023 | 92 | MOTION to stay re 90 MOTION for order Defer Ruling on Attorney Fees re 88 Order on Motion for Summary Judgment, , 91 Suggestions in Support of Motion, 88 Order on Motion for Summary Judgment, *Pending Consideration of Motion to Defer Ruling on Attorney Fees* filed by Braden Boucek on behalf of All Plaintiffs. Suggestions in opposition/response due by 2/28/2023 unless otherwise directed by the court. (Related document(s) 90 , 91 , 88 ) (Boucek, Braden) (Entered: 02/14/2023) |
| 02/14/2023 | 93 | SUGGESTIONS in support re 92 MOTION to stay re 90 MOTION for order Defer Ruling on Attorney Fees re 88 Order on Motion for Summary Judgment, , 91 Suggestions in Support of Motion, 88 Order on Motion for Summary Judgment, *Pending Consideration of M filed by Braden Boucek on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley. (Related document(s) 92 ) (Boucek, Braden) (Entered: 02/14/2023)* |
| 02/15/2023 | 94 | SUGGESTIONS in opposition re 90 MOTION for order Defer Ruling on Attorney Fees re 88 Order on Motion for Summary Judgment, filed by Tina G. Fowler on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R−12, Martha Doenning, Yvania Garcia−Pusateri, Grenita Lathan, School District of Springfield R−12. Reply suggestions due by 3/1/2023 unless otherwise directed by the court. (Related document(s) 90 ) (Fowler, Tina) (Entered: 02/15/2023) |
| 02/15/2023 | 95 | SUGGESTIONS in opposition re 92 MOTION to stay re 90 MOTION for order Defer Ruling on Attorney Fees re 88 Order on Motion for Summary Judgment, , 91 Suggestions in Support of Motion, 88 Order on Motion for Summary Judgment, *Pending Consideration of M filed by Tina G. Fowler on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R−12,* |

| | | |
|---|---|---|
| | | *Martha Doenning, Yvania Garcia–Pusateri, Grenita Lathan, School District of Springfield R–12. Reply suggestions due by 3/1/2023 unless otherwise directed by the court. (Related document(s) 92 ) (Fowler, Tina) (Entered: 02/15/2023)* |
| 02/16/2023 | 96 | REPLY SUGGESTIONS to motion re 90 MOTION for order Defer Ruling on Attorney Fees re 88 Order on Motion for Summary Judgment, filed by Braden Boucek on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley. (Related document(s) 90 ) (Boucek, Braden) (Entered: 02/16/2023) |
| 02/17/2023 | 97 | MOTION for attorney fees filed by Tina G. Fowler on behalf of All Defendants. Suggestions in opposition/response due by 3/3/2023 unless otherwise directed by the court. (Fowler, Tina) (Entered: 02/17/2023) |
| 02/17/2023 | 98 | SUGGESTIONS in support re 97 MOTION for attorney fees filed by Tina G. Fowler on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R–12, Martha Doenning, Yvania Garcia–Pusateri, Grenita Lathan, School District of Springfield R–12. (Attachments: # 1 Exhibit A– Affidavit of R. Ellis, # 2 Exhibit B – Affidavit of T. Fowler, # 3 Exhibit C – Affidavit of A. Cochran, # 4 Exhibit D – Affidavit of C. Heidemann)(Related document(s) 97 ) (Fowler, Tina) (Entered: 02/17/2023) |
| 02/21/2023 | 99 | ORDER denying 90 Plaintiff's Motion to Defer Ruling on Attorney's Fees ; finding as moot 92 Plaintiff's Motion to Stay. Signed District Judge M. Douglas Harpool February 21, 2023. (Clark, Christopher) (Entered: 02/21/2023) |
| 02/22/2023 | 100 | TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 89 Notice of Appeal. (Furtak, Rebecca) (Entered: 02/22/2023) |
| 02/27/2023 | 101 | USCA Case Number from Eighth Circuit is 23–1374 for 89 Notice of Appeal filed by Brooke Henderson, Jennifer Lumley. No briefing schedule entered by the Court of Appeals. (Furtak, Rebecca) (Entered: 02/27/2023) |
| 02/28/2023 | 102 | USCA Case Number from Eighth Circuit is 23–1374 for 89 Notice of Appeal filed by Brooke Henderson, Jennifer Lumley. Briefing schedule entered by the Court of Appeals is attached. Appeal Record due by 4/18/2023. Transcript due by 4/10/2023. (Furtak, Rebecca) (Entered: 02/28/2023) |
| 03/03/2023 | 103 | SUGGESTIONS in opposition re 97 MOTION for attorney fees filed by Braden Boucek on behalf of Plaintiffs Brooke Henderson, Jennifer Lumley. Reply suggestions due by 3/17/2023 unless otherwise directed by the court. (Related document(s) 97 ) (Boucek, Braden) (Entered: 03/03/2023) |
| 03/13/2023 | 104 | Transmitted record on Appeal to US Court of Appeals re 89 Notice of Appeal (Siegert, Karen) (Entered: 03/13/2023) |
| 03/16/2023 | 105 | ORDER of US COURT OF APPEALS as to 89 Notice of Appeal filed by Brooke Henderson, Jennifer Lumley. CLERK ORDER:The joint motion to hold this appeal in abeyance pending a ruling on the motion for attorney's fees in the U.S. District Court for the Western District of Missouri is granted. (Furtak, Rebecca) (Entered: 03/16/2023) |
| 03/17/2023 | 106 | REPLY SUGGESTIONS to motion re 97 MOTION for attorney fees *Defendants' Reply Suggestions in Support of Their Motion for Attorney's Fees* filed by Tina G. Fowler on behalf of Defendants Lawrence Anderson, Board of Education of the School District of Springfield R–12, Martha Doenning, Yvania Garcia–Pusateri, |

| | | |
|---|---|---|
| | | Grenita Lathan, School District of Springfield R−12. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C)(Related document(s) 97 ) (Fowler, Tina) (Entered: 03/17/2023) |
| 03/31/2023 | 107 | ORDER granting 97 motion for attorney fees. Signed District Judge M. Douglas Harpool March 31, 2023. (Clark, Christopher) (Entered: 03/31/2023) |
| 04/03/2023 | 108 | CLERK'S JUDGMENT (Howard, Linda) (Entered: 04/03/2023) |
| 04/03/2023 | 109 | PROPOSED BILL OF COSTS by School District of Springfield R−12.Objections to Bill of Costs due by 4/17/2023 unless otherwise directed by the court. (Fowler, Tina) (Entered: 04/03/2023) |
| 04/07/2023 | 110 | Amended NOTICE OF APPEAL as to 107 Order on Motion for Attorney Fees, 108 Clerk's Judgment, 88 Order on Motion for Summary Judgment, by Brooke Henderson, Jennifer Lumley. Filing fee $ 505, receipt number AMOWDC−8324300. (Boucek, Braden) (Entered: 04/07/2023) |
| 04/10/2023 | 111 | AMENDED TRANSMISSION of Notice of Appeal Supplement to US Court of Appeals, 8th Circuit via electronic mail. Related document 110 Amended Notice of Appeal. (Siegert, Karen) (Entered: 04/10/2023) |

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

BROOKE HENDERSON, et al,      )
         )
       Plaintiffs,     )
         )
    vs.        )     Case No.  6:21-cv-03219-MDH
         )
SCHOOL DISTRICT OF      )
SPRINGFIELD R-12, et al.,     )
         )
      Defendants.   )

## ORDER

Before the Court are Defendants School District of Springfield R-12 ("Defendant SPS"), Superintendent Grenita Lathan ("Defendant Lathan"), Dr. Yvania Garcia-Pusateri ("Defendant Garcia-Pusateri"), and Lawrence Anderson's ("Defendant Anderson's") (collectively "Defendants'") Motion for Summary Judgment (Doc. 74) and Plaintiffs Brooke Henderson and Jennifer Lumley's (collectively "Plaintiffs'") Motion for Summary Judgement.  (Doc. 76). The parties have fully briefed issues raised in the motions. The Court has reviewed all briefing and the matter is now ripe for review. For reasons herein, Plaintiffs' Motion is **DENIED** and Defendants' Motion is **GRANTED**. Summary judgment is entered in favor of Defendants.

## BACKGROUND

Plaintiffs' allegations stem from their participation in a professional development training during October 2020. Defendant SPS is an urban school district located in Springfield, Missouri with more than 24,000 enrolled students. At the time of the training, Defendant Garcia-Pusateri and Defendant Anderson were both employed by Defendant SPS in its Office of Diversity and

1

Equity. Defendant SPS has employed Defendant Lathan as superintendent since July 1, 2021. Defendant SPS has employed Plaintiff Lumley as a secretary since July 9, 2020, first in its Special Services Department and later in its Analytics, Accountability, and Assessment Department. Defendant SPS has employed Plaintiff Henderson at all times during this dispute as a 504 Process Coordinator in the Special Services Department. Plaintiffs remain employed by Defendant SPS. Plaintiff Henderson attended the training at issue virtually October 14, 2020. Plaintiff Lumley attended an in-person version of the same training October 6, 2020. The two training sessions were substantially similar. Defendant Garcia-Pusateri and Defendant Anderson both took part in the training sessions Plaintiffs attended. The training included distribution of written handouts, videos, and a variety of small and large group discussions. After the training, Plaintiff Henderson completed an online module and corresponding multiple-choice questions.

The professional training covered themes of "equity" and "anti-racism." Plaintiffs generally took issue with some of the concepts presented during the training session and also during the online module. Plaintiffs found the concepts presented during the training to be at odds with their personal views. During the training sessions, Plaintiffs spoke openly about their disagreement with some of the content of the training session. The online module included videos and multiple-choice questions also related to themes of equity and anti-racism. Plaintiff Henderson selected certain credited answers on the online multiple-choice questions, even though those answers were at odds with her personal opinions. Plaintiff Henderson did this in order to receive credit for completing the online module. Defendant SPS informed Plaintiff Henderson completion of the online module was required. Similarly, Defendant SPS employees had to attend the training session to receive professional development credit and compensation. Plaintiffs received credit and compensation for attending the training. Plaintiffs have never faced any official discipline

2

throughout their employment with Defendant SPS. Plaintiffs suffered no adverse employment action arising out of their participation in the training program. They were not fired, demoted, suspended, transferred, or disciplined. The district did not fail to promote them or change their duties or work assignments in retaliation and there is no claim their participation in the training program, or any opinion they expressed during the training program, has in any way impacted the compensation or benefits of their employment with the district.

Plaintiffs' complaint alleges three counts of constitutional violations under the First Amendment of the United States Constitution and 42 U.S.C. § 1983. Plaintiffs seek a declaratory order from this Court finding as unconstitutional Defendants' equity and anti-racism professional training and permanently enjoining Defendants from conducting the training in the future. Plaintiffs also seek nominal damages for each day of training.

## STANDARD OF REVIEW

Summary judgment is proper where, viewing evidence in the light most favorable to the non-moving party, there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Reich v. ConAgra, Inc.*, 987 F.2d 1357, 1359 (8th Cir. 1993). "Where there is no dispute of material fact and reasonable fact finders could not find in favor of the nonmoving party, summary judgment is appropriate." *Quinn v. St. Louis County*, 653 F.3d 745, 750 (8th Cir. 2011). Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the movant meets the initial step, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial." *Anderson v. Liberty Lobby*,

3

Inc., 477 U.S. 242, 248 (1986). To satisfy this burden, the nonmoving party must "do more than simply show there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

## ARGUMENT

The Constitution of the United States limits this Court's jurisdiction to deciding "cases" and "controversies" between parties. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 559 (1992). For a dispute to qualify as a justiciable case or controversy under the Constitution, plaintiffs must have standing to bring their claims. *Id*. at 560. Standing requires plaintiffs suffer an injury-in-fact that is traceable to the actions of the defendant and likely to be redressed by the Court's favorable decision. *Id*. at 560-61. The Supreme Court has held that injury-in-fact, in turn, is "an invasion of a legally protected interest that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical. *Id*. at 560 (citations omitted). The injury-in-fact requirement allows courts to avoid becoming involved in disputes of a political nature, unnecessarily injecting the judicial branch into politicized controversies. "Federal courts sit solely to decide on the rights of individuals…and must…refrai[n] from passing upon the constitutionality of an act…unless obliged to do so in the proper performance of our judicial function, when the question is raised by a party whose interests entitle him to raise it." *Hein v. Freedom From Religion Found*., Inc., 551 U.S. 587, 598–99 (2007) (citations omitted). Critics from both ends of the political spectrum have been quick to condemn activist judges' decisions with results contrary to their preferences, even in cases where parties have actually suffered an injury-in-fact. Judicial intervention in cases without such injury would certainly receive, and more validly deserve, such criticism.

4

Defendants argue Plaintiffs lack standing because they failed to suffer an injury-in-fact. (Doc. 75 at 45). Plaintiffs' exact claims about injury-in-fact remain somewhat unclear. Plaintiffs argue they suffered an injury-in-fact when Defendant SPS, "presented [Plaintiffs] with three choices: (1) say what [Defendant] SPS wanted to hear by affirming anti-racism and equity; (2) refrain from speaking and risk being labeled white supremacists; or (3) speak out and risk losing professional development credit and pay." (Doc. 78 at 75). Plaintiffs reiterate this theory elsewhere, arguing Defendant SPS forced this choice upon Plaintiffs when they claimed the views expressed during training were part of employees' professional responsibilities. (Doc. 77 at 31). Plaintiffs then contend Defendants compelled Plaintiff Henderson's speech and discriminated against Plaintiff Henderson's viewpoints when Defendants required Plaintiff Henderson to complete online multiple-choice questions, which in turn required Plaintiff Henderson select certain credited responses inconsistent with Defendant Henderson's personal beliefs. (Doc. 77 at 37-40). The selection of the online questions' credited responses rather than alternative responses consistent with Defendant Henderson's personal beliefs, Plaintiffs argue, amounts to viewpoint discrimination and compelled speech. (Doc. 77 at 37-40). Taken altogether, the Court understands Plaintiffs to argue Plaintiffs suffered injury when Defendants' professional training and online questions: 1) compelled Plaintiffs' speech; 2) chilled Plaintiffs' speech; and 3) discriminated against Plaintiffs' viewpoints. Further injury occurred, Plaintiffs appear to argue, when Defendants required Plaintiffs to partake in the alleged unconstitutional training and online multiple-choice questions as part of their employment with Defendant SPS[1]. The Court will address each of these theories in turn.

---

[1] Plaintiffs' compliant and motion for summary judgment tends to conflate separate legal theories, making it difficult to discern the full extent of Plaintiffs' claims. For example, Plaintiffs' Count One appears to allege both compelled disclosure of personal information and compelled speech. Count Two similarly seems to allege chilled speech, content discrimination, and viewpoint discrimination. Though these various legal theories remain separate in federal jurisprudence, Plaintiffs' allegations and argumentation fail to treat

5

Case 6:21-cv-03219-MDH   Document 88   Filed 01/12/23   Page 5 of 25
Appellate Case: 23-1374   Page: 23   Date Filed: 04/10/2023 Entry ID: 5265416 April 10 2023 p23

I.      **Professional Training: Compelled Speech, Chilled Speech, Content and Viewpoint Discrimination**

        a.  **Compelled Speech**

Compelled speech may constitute injury-in-fact for standing purposes. *Cressman v. Thompson*, 719 F.3d 1139, 1145 (10th Cir. 2013); *Jacobs v. Clark Cnty. Sch. Dist.*, 526 F.3d 419, 426 (9th Cir. 2008). Government compels speech when it takes action that is "'regulatory, proscriptive, or compulsory in nature'" that "punish[es], or threaten[s] to punish, protected speech*." Phelan v. Laramie Cnty. Cmty. Coll. Bd. of Trustees*, 235 F.3d 1243, 1247 (10th Cir. 2000) (citing *Laird v. Tatum,* 408 U.S. 1, 11 (1972)). Such a threat may be "'indirect discouragement'" rather than direct punishment like "'imprisonment, fines, injunctions or taxes.'" *Axson-Flynn v. Johnson*, 356 F.3d 1277, 1290 (10th Cir. 2004) (citing *Am. Communications Ass'n v. Douds,* 339 U.S. 382, 402, 70 S.Ct. 674, 94 L.Ed. 925 (1950)).

Plaintiffs appear to argue Defendants compelled speech in various ways. Plaintiffs characterize what they believe Plaintiffs were forced to do as "affirm," "endorse," "promote," "adopt," and "risk association with" Defendant SPS' viewpoints, at odds with Plaintiffs' personal opinions. (Doc. 77 at 29-30). Plaintiffs also appear to argue during the training Defendant SPS forced Plaintiffs to become "couriers" of a message about equity with which Plaintiffs disagree. (Doc 77 at 30). Plaintiffs also claim Defendants coerced "Plaintiffs into betraying their convictions and promoting ideas they find objectionable." (Doc. 77 at 31). Specifically, Plaintiffs argue various written materials distributed to

---

these theories accordingly. To the extent Plaintiffs intend to raise claims and theories beyond those addressed here, this Court similarly finds Plaintiffs have not suffered an injury-in-fact and therefore lack standing.

Defendant SPS' employees before training compelled Plaintiffs to speak because the written materials made clear that Plaintiffs would be complicit in white supremacy if Plaintiffs remined silent. (Doc. 77 at 27). Plaintiffs argue that Defendant SPS compelled Plaintiff's speech when employees in the training were directed to remain "professional" and "engaged" or risk being asked to leave without credit. (Doc. 77 at 36). Plaintiffs also argue Defendants compelled Plaintiffs' speech when Defendant SPS told employees they "must commit to" Defendants' description of equity and anti-racism. (Doc. 77 at 32). Compulsion also occurred, Plaintiffs argue, when trainers defined anti-racism to include proactive advocacy against racism. (Doc. 77 at 32). Plaintiffs fail to argue Defendants implemented policy requiring Plaintiffs to actually express any viewpoint at odds with their personal opinions. Nor do Plaintiffs argue Defendants threatened punishment should Plaintiffs fail to actually express viewpoints at odds with their personal opinions.

Despite claims of compulsion, Plaintiffs concede they expressed their personal views during the training. (Doc. 77 at 33). Plaintiffs concede their personal views were at odds with Defendants' views. (Doc. 77 at 26). Plaintiff Henderson expressed during the training that BLM protests were at least in part riotous and that Kyle Rittenhouse acted in self-defense when he shot and killed people during protests in Wisconsin. (Doc. 77 at 33-34). Defendant Garcia-Pusateri responded by telling Plaintiff Henderson she was "confused and wrong." (Doc. 77 at 34). Defendants took no further action in response to Plaintiff Henderson's expression of her personal views during the professional training. Plaintiff Lumley expressed her view that, "[Defendant] SPS was improperly assigning characteristics based on race and that not all white people are racist." (Doc. 77 at 34). Plaintiffs concede, "Ms. Lumley disagreed with [Defendant] SPS's position that she was racist simply because she was white, and she shared a personal story about black people saying her relative did not count as black after marrying a white man." (Doc. 77 at 34). Plaintiff Lumley also expressed during training that she lacked white

7

privilege, "because she came from a poor, broken home." (Doc. 77 at 34). In response to Plaintiff Lumley's expression of her personal opinions, a facilitator informed Plaintiff Lumley, "black people can be prejudiced but not racist" and indicated Plaintiff Lumley needed additional self-reflection. (Doc. 77 at 34). Defendants took no further action in response to Plaintiff Lumley's expression of her personal views during the professional training. Plaintiffs did not express any more of their own views during the training. (Doc. 77 at 34).

Plaintiffs liken their participation in the training to a Minnesota law requiring videographers "to speak favorably about same-sex marriage if they choose to speak favorably about opposite-sex marriage." *Telescope Media Grp. v. Lucero*, 936 F.3d 740, 752 (8th Cir. 2019); (Doc. 77 at 34-35). Unlike the *Telescope* plaintiff, Plaintiffs have not argued, and no evidence suggests, Defendants have implemented a law or policy requiring Plaintiffs to actually speak favorably about something Plaintiffs find objectionable. Plaintiffs also equate their participation in the training to state laws requiring drivers to display vehicle license plates with state mottos or images. *Wooley v. Maynard*, 430 U.S. 705, 717 (1977); *Cressman v. Thompson*, 719 F.3d 1139, 1156 (10th Cir. 2013). Unlike the *Wooley* and *Cressman* plaintiffs, Plaintiffs have failed to argue Defendants forced them to somehow affiliate or associate with a particular message Defendants find objectionable. Rather, facts not in dispute generally show the exact opposite: Plaintiffs voiced their personal objections to anti-racism and equity. Plaintiffs' expression of their views makes clear they neither affirm, endorse, promote, nor adopt equity and anti-racism. Plaintiffs themselves acknowledge this when they argue that Plaintiff Lumley's own coworkers berated her during training for opposing equity and anti-racism (Doc. 77 at 34). Simple logic dictates that Plaintiff Lumley's coworkers cannot both berate her for opposing equity and anti-racism and simultaneously associate her with those concepts.

8

Case 6:21-cv-03219-MDH   Document 88   Filed 01/12/23   Page 8 of 25
Appellate Case: 23-1374   Page: 26   Date Filed: 04/10/2023 Entry ID: 5267140   April 10 2023 p26

Plaintiffs also attempt to liken their participation in the professional training to a university professor who required a Mormon drama student to orally recite objectionable lines or be expelled from a class. *Axson-Flynn v. Johnson*, 356 F.3d 1277, 1282 (10th Cir. 2004). Specifically, Plaintiffs attempt to liken, on one hand, Defendants saying during the professional training that white people failing to speak out against racism constitutes white supremacy, and on the other, a professor telling a Mormon student she would be expelled from a drama class if she failed to orally recite specific, objectionable words. Plaintiffs also attempt, rather remarkably, to draw a parallel between the *Axson-Flynn* professor and Defendant SPS' facilitators telling employees facilitators would call on them randomly if no one volunteered to participate in the professional training. (Doc. 77 at 33). Such comparisons are grossly attenuated. Unlike the *Axson-Flynn* defendant, Defendants did not require Plaintiffs to articulate, orally or otherwise, viewpoints Plaintiffs found objectionable or face an undesirable consequence. No evidence suggests Defendants somehow required Plaintiffs to actually express a particular viewpoint.

Plaintiffs make much of their belief Defendants required Plaintiffs to attend the professional training to receive professional development credit and financial compensation. (Doc. 77 at 27).[2] Conditioning employees' professional development credit and pay upon their attending a professional training, however, is altogether different than conditioning credit and pay on the expression of a specific message Plaintiffs' find objectionable. Any vague assertion by Defendants during the training that equity and anti-racism generally require advocacy and proactivity, are wholly distinct from

---

[2] Though Plaintiffs claim employees of Defendant SPS told Plaintiffs they would lose pay if absent from training (Doc. 77 at 27), Defendants claim pay used to compensate employees for attending the training was "supplemental." (Doc. 80 at 12-17). Defendants also claim no employee who failed to attend the training was terminated for failure to attend the training. (Doc. 80 at 17). Any disagreement between the parties on this issue is immaterial because Plaintiffs fail to claim, and no evidence suggests, Defendants conditioned pay or professional development credit on Plaintiffs' expressing a specific viewpoint. Conditioning professional credit and pay on employees' attending a training fails to implicate First Amendment free speech protections.

9

Defendants compelling Plaintiffs to express specific views they find objectionable. At most, Defendants' training encouraged Plaintiffs to adhere to Defendant SPS' description of equity and anti-racism. Such a request is wholly apart from compulsion or coercion, which necessarily involve some sort of incentive or disincentive to commit a specific act. Encouragement to follow general principles of equity and anti-racism, absent some incentive or disincentive to actually express a specific message, altogether fails to bestow injury-in-fact required for compelled speech. Such an incentive or disincentive to do or say a specific thing is what separates Plaintiffs' circumstances from precedent they cite. At times, Plaintiffs themselves appear to acknowledge they do not believe Defendants instructed Plaintiffs to do or say a specific thing, "Considering that political advocacy on school grounds violates the law, the most logical conclusion staff could draw here is that [Defendant] SPS intended staff to advocate for [political change] on their own time." (Doc. 78 at 81). Because Defendants' actions do not require a specific message from Plaintiffs, Defendants' actions fail to rise even to the level of "indirect discouragement." Plaintiff's compelled speech claim related to the professional training session fails because Plaintiffs lack the requisite injury-in-fact to show standing.

### b. Chilled Speech and Content and Viewpoint Discrimination

It is a core tenant of First Amendment jurisprudence that "the government may not regulate speech based on its substantive content or the message it conveys." *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 828 (1995) (citations omitted). While viewpoint and content discrimination are closely related, viewpoint discrimination tends to focus on government prohibitions on speech from a particular person, while content discrimination focuses on government restrictions toward certain content areas. *Perry Educ. Ass'n v. Perry Loc. Educators'*

10

*Ass'n*, 460 U.S. 37, 59 (1983). Content-based discrimination by the government is presumptively unconstitutional. *Rosenberger* at 828. Further, regulation that "chills" someone's First Amendment rights may under certain circumstances give rise to a constitutional violation. *Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 417–18 (2013). A plaintiff asserting a chilling effect injury must, "establish that he would like to engage in arguably protected speech, but that he is chilled from doing so by the existence of the statute." *281 Care Comm. v. Arneson*, 638 F.3d 621, 627 (8th Cir. 2011). A plaintiff's self-censorship may evidence requisite injury-in-fact. *281 Care Comm. v. Arneson*, 638 F.3d 621, 627 (8th Cir. 2011). Standing for such a "subjective chill" theory, however, requires injury beyond the chill alleged by the plaintiff. *Clapper* at 417-18. Eighth Circuit courts consider whether the plaintiff's decision to forego speech was "objectively reasonable," given specific facts of the case. *Zanders v. Swanson*, 573 F.3d 591, 593-94 (8th Cir.2009).

Plaintiffs' views about chilled speech and content and viewpoint discrimination appear conflated. The heading of Count Two of Plaintiff's Complaint references content and viewpoint discrimination, while Count Two's substance emphasizes a chilling effect. (Doc. 1 at ¶¶ 163-168). Plaintiffs' argument, it appears, is that Defendants deterred Plaintiffs from challenging equity and anti-racism, which caused Plaintiffs to self-censor. (Doc. 77 at 40-42). Plaintiffs argue if they voiced their personal views on equity and anti-racism, they risked being labeled white supremacists and losing professional development and pay. (Doc. 78 at 75). As a basis for this concern, Plaintiffs argue, "[Defendant] SPS taught that white supremacy is not just a label for the KKK—it includes anyone who believes in colorblindness or says that all lives matter." (Doc. 77 at 33). Plaintiffs also argue, "[Defendant] SPS warned staff that denying one's white privilege is in itself white supremacy." (Doc. 77 at 33). Plaintiffs do not argue Defendant SPS implemented or contemplated any policy or regulation whereby an expression about equity and anti-racism at odds with Defendant SPS would result in the

speaker being labeled a white supremacist. Defendants did not call Plaintiffs or other employees white supremacists. Similarly, Plaintiffs fail to argue Defendant SPS conditioned pay and professional development credit on Plaintiffs' suppression of opinions at odds with principles discussed during training. Plaintiffs argue Defendant SPS informed employees they must attend the training to meet professional development requirements and failure to attend the training would result in less pay. (Doc. 77 at ¶¶ 16, 17). As discussed more fully above, conditioning employees' professional development credit and pay upon their attending a professional training is altogether different than conditioning credit and pay on the expression or suppression of a specific message.

Plaintiffs also argue Defendants' verbal response to Plaintiffs' expression of personal views during the professional training constituted a rejection of Plaintiffs' opinions, which in turn caused Plaintiffs to forego further expression. (Doc. 77 at 42). The facilitator telling Plaintiff Lumley "she needed to work on herself" and Defendant Garcia-Pusateri telling Defendant Henderson that she was "wrong and confused" is not evidence something more than Plaintiffs' subjective perception of the situation motivated Plaintiffs' decision to forego further expression. Defendants' verbal response to Plaintiffs' personal views during training constitutes at most simple disagreement. Defendants' verbal response offers no evidence whatsoever Defendants would subject Plaintiffs to any sort of negative consequence, should Plaintiffs choose to reassert their personal views. Defendants have not enacted any policy requiring employees to adopt certain views or face undesirable professional consequences. There is no evidence Defendants even suggested to Plaintiffs or anyone else that undesirable consequences would flow from expression of certain views. This differentiates Plaintiffs from the plaintiffs in *281 Care Committee*, who challenged a Minnesota law making them vulnerable to criminal prosecution should they knowingly or recklessly disregard the truth when making public statements about proposed ballot initiatives. *281 Care Comm. v. Arneson*, 638 F.3d 621 (8th Cir. 2011). While

*281 Care Committee* plaintiffs had not actually faced criminal prosecution for any statements made, the Eighth Circuit emphasized the law prohibiting recklessly or knowingly making false statements remained active and prosecution remained plausible, albeit unlikely. *281 Care Comm*. at 627. Risk of prosecution, the Court reasoned, granted Plaintiffs standing for their chilled speech argument. *Id*. Here, Plaintiffs face no comparable threat.

Plaintiff Henderson's professional training included an activity called the four corners exercise, wherein participants were asked to display a sign reading either "agree," "disagree," "strongly agree," or "strongly disagree," depending on participants' beliefs about a particular prompt. (Doc. 78 at 53). Prompts included statements like, "I believe my identities and lived experiences are affirmed and supported by the District." (Doc. 78 at 53). Regardless of Plaintiff Henderson's actual beliefs, Plaintiff Henderson always displayed the sign that read, "agree." Plaintiff Henderson in fact agreed with some of the prompts; however, others she disagreed with, even though she displayed the "agree" sign. (Doc. 78 at 53). Plaintiff Henderson's participation in this specific exercise also fails to yield injury-in-fact. Plaintiffs do not argue, and no evidence suggests, Defendants encouraged Plaintiff Henderson to display certain signs actually at odds with her own beliefs. Defendants enacted no policy and made no statements indicating participants would suffer negative consequences if they expressed disagreement with a prompt. Though it may have been more popular and easier to agree with some prompts, this does not indicate Defendants actually encouraged Plaintiff Henderson to forego expressing her actual beliefs. Defendants' provision of various signs reflecting differing levels of agreement, speaks to Defendants' preference that participants express their genuine opinions.

Plaintiffs further argue, "simply calling equity programming mandatory—as SPS did—would lead staff to wonder what would happen if they did not attend. The mere appearance of authority is enough to chill speech and confer standing." (Doc. 78 at 77). In support, Plaintiffs cite *Speech First,*

13

*Inc. v. Schlissel*, claiming, "a chilling effect exists even when an implicit threat causes a fear of harm." (Doc 78 at 77). While this may be true, Plaintiffs do not face an implicit threat of harm in a manner comparable to the *Speech First* plaintiffs. In *Speech First*, the plaintiffs' speech was chilled because the university implemented a bias response team initiative, tasked with intervening into student-reported "bias incidents." *Speech First, Inc. v. Schlissel*, 939 F.3d 756, 762 (6th Cir. 2019). Though meetings with the bias response team were voluntary for those accused of engaging in a "bias incident," the very nature of the bias response team gave the impression that "failure to meet could result in far-reaching consequences, including reputational harm or administrative action." *Id*. at 765. Plaintiffs do not allege, and evidence does not suggest, Defendant SPS has implemented any specific policy or initiative tasked with responding to reported incidents of bias, rendering *Speech First* of little if any precedential value. Plaintiffs' mere speculation, without more, about what may happen should they fail to attend a training Defendant SPS labeled "mandatory" constitutes a textbook example of the "subjective chill" that lacks standing. *Clapper* at 417-418.

Lack of an identifiable threat of negative consequences following expression of certain personal views shows Plaintiffs' decision to self-censor is not objectively reasonable. *Zanders v. Swanson*, 573 F.3d 591, 593-94 (8th Cir.2009) (standing requires the decision to forego speech be objectively reasonable). Lack of any specific, factual evidence showing Defendants targeted Plaintiffs or the viewpoints they expressed also show Plaintiffs failed to suffer requisite injury-in-fact for the viewpoint and content discrimination claim. No evidence suggests Defendants took action to regulate, stifle, or target Plaintiffs' personal views. *See Police Dep't of City of Chicago v. Mosley*, 408 U.S. 92, 94-95 (1972) (city ordinance regulating certain types of picketing more than others unconstitutional); *Turner Broad. Sys., Inc. v. F.C.C.*, 512 U.S. 622, 641 (1994) ("government speech that stifles speech on account of its message" presumed unconstitutional); *R.A.V. v. City of*

*St. Paul, Minn.,* 505 U.S. 377, 390, 112 S. Ct. 2538, 2547, 120 L. Ed. 2d 305 (1992) (ordinance specifically targeting bias-motivated disorderly conduct unconstitutional). Plaintiff's chilled speech and content and viewpoint discrimination claims related to the professional training session fail because Plaintiffs lack the requisite injury-in-fact to show standing

## II. Online Multiple-Choice Questions: Compelled Speech, Chilled Speech, and Content and Viewpoint Discrimination

Plaintiffs next argue Defendant SPS compelled speech when it required Plaintiff Henderson to answer online multiple-choice questions a certain way, though the credited responses reflected views at odds with Plaintiff Henderson's personal views. (Doc. 77 at 39). Plaintiffs also allege the multiple-choice questions amount to content and viewpoint discrimination. (Doc. 77 at 42-43). Employees of Defendant SPS informed Plaintiff Henderson and others they were required to complete a certain number of canvas modules developed by Defendants. (Doc. 77-1 at ¶ 19). The online multiple-choice questions were titled "Quick Check" questions and appeared within a larger canvas module. (Doc. 77-1 at ¶ 19). Completing the canvas module required users to answer all Quick Check multiple-choice questions. (Doc. 77-1 at ¶ 23). Unlike multiple-choice questions on an exam or quiz, these Quick Check questions had only two possible answers and appeared in the canvas module following online video clips about equity and anti-racism. (Doc. 77 at 38-39).

Specifically, Plaintiffs take issue with the content of several specific multiple-choice questions. The first Quick Check question asked Plaintiff Henderson, "Acknowledging and addressing students' social and emotional needs in relation to COVID-19 is whose responsibility?" (Doc. 77 at 38). The online module provided two possible responses: 1) "All caregivers and stakeholders," or 2) "Guardians

15

and counselors." (Doc. 77 at 38). Those who selected the first option received the following message, "Correct! In these trying times, we must all work together to ensure that all students are having their social emotional needs met." (Doc. 77 at 38). Those who selected the second choice received the following response, "Incorrect! In these trying times, we must all work together to ensure all students are having their social emotional needs met." (Doc. 77 at 38). Though Plaintiff Henderson disagreed with both options, she nonetheless selected the credited response to complete the module. (Doc. 77 at 38).

The second multiple-choice question Plaintiffs take issue with asked, "When you witness racism and xenophobia in the classroom, how should you respond?" (Doc. 77 at 38). The online module again provided two possible responses: 1) "Address the situation in private after it has passed," or 2) "Address the situation in the moment you realize it is happening." (Doc. 77 at 37-40). Those who selected the first option received the following response, "Incorrect! It is imperative adults speak up immediately and address the situation with those involved. Being anti-racist requires immediate action." (Doc. 77 at 38). Those who selected the second, received the following, "Correct! Being an anti-racist requires immediate action." (Doc. 77 at 38). Though Plaintiff Henderson generally agreed with the first option, she selected the credited option to complete the module. (Doc. 77 at 38-39).

Plaintiffs appear to argue compulsion occurred in two ways. First, Defendants compelled Plaintiff Henderson's speech when it required Plaintiff Henderson to select the credited response to the multiple-choice question, even though Plaintiff Henderson personally disagreed with the content of the credited response. (Doc. 77 at 39). In effect, Plaintiffs argue, this caused Plaintiff Henderson to become a courier of the government's viewpoint, at odds with Plaintiff Henderson's personal viewpoint. (Doc. 77 at 39). Plaintiffs' second point is less clear. Plaintiffs appear to argue Defendants compelled Plaintiff Henderson's speech when Defendants' Quick Check module labeled as "correct," only those answers

16

consistent with Defendant SPS' description of equity and anti-racism. (Doc. 77 at 39). Because Defendants defined anti-racism as requiring support of systemic change, Plaintiffs appear to argue, Defendants suggesting that anti-racism is correct, requires Plaintiff Henderson to accept that she must take "immediate action" to combat racism. (Doc. 77 at 39). This reference to anti-racism requiring immediate action, Plaintiffs seem to argue, amounts *somehow* to compelled speech. (Doc. 77 at 39). Separately, Plaintiffs argue Defendants' Quick Check module unconstitutionally discriminated against Plaintiffs' viewpoints because they favored Defendant SPS' description of equity and anti-racism over other viewpoints. (Doc. 77 at 42-43).

As discussed before, the government compels speech when it takes action that is "'regulatory, proscriptive, or compulsory in nature'" that "punish[es], or threaten[s] to punish, protected speech." *Phelan v. Laramie Cnty. Cmty. Coll. Bd. of Trustees*, 235 F.3d 1243, 1247 (10th Cir. 2000) (citing *Laird v. Tatum*, 408 U.S. 1, 11 (1972)). Such a threat may be "'indirect discouragement'" rather than direct punishment like "'imprisonment, fines, injunctions or taxes.'" *Axson-Flynn v. Johnson*, 356 F.3d 1277, 1290 (10th Cir. 2004) (citing *Am. Communications Ass'n v. Douds*, 339 U.S. 382, 402, 70 S.Ct. 674, 94 L.Ed. 925 (1950)). It is a core tenant of First Amendment jurisprudence that "the government may not regulate speech based on its substantive content or the message it conveys." *Rosenberger v. Rector & Visitors of Univ. of Virginia*, 515 U.S. 819, 828 (1995) (citations omitted).

Each of Plaintiffs' theories relies heavily on *C.N. v. Ridgewood Bd. of Edu.*, a Third Circuit case holding a voluntary survey asking students questions about personal issues including substance use, sexuality, and mental health, did not violate students' protections against compelled disclosure of private information. *C.N. v. Ridgewood Bd. of Educ.*, 430 F.3d 159 (3d Cir. 2005). The *Ridgewood* plaintiffs sued the school district and others claiming, *inter alia*, administration of

17

the survey compelled students to reveal personal information about themselves. *Id.* at 189. The Third Circuit reasoned the survey's voluntary nature, anonymity, and the lack of threat or punishment directed toward any student who declined to take the survey, showed absence of compulsion to disclose private information. *Id.* The Court also considered whether *Ridgewood* defendants required students to select certain survey answers. *Id.* The Third Circuit acknowledged the relevance of the issue of whether the act of completing a survey constitutes speech, though specifically withheld ruling. *Ridgewood* at n. 27. Plaintiffs argue *Ridgewood* is distinguishable from the present matter because Defendant SPS informed Plaintiff Henderson that the canvas module was required and because Plaintiff Henderson had to select the Quick Check's single credited answer, which reflected a view at odds with Plaintiff Henderson's, to complete the canvas module. (Doc. 77 at 39).

Plaintiffs reliance on *Ridgewood* is misguided. *Ridgewood* deals with a survey that asks students questions about deeply personal matters including sexuality, drug use, and mental health. *C.N. v. Ridgewood Bd. of Educ.,* 430 F.3d 159, 164 (3d Cir. 2005). The *Ridgewood* plaintiffs' specific claim deals with whether the school board compelled the plaintiffs to disclose private information. *See C.N. v. Ridgewood Bd. of Educ.,* 146 F. Supp. 2d 528, 538 (D.N.J.), *aff'd in part, rev'd in part,* 281 F.3d 219 (3d Cir. 2001) ("Plaintiffs contend their First Amendment claim falls under the category of 'compelled disclosure' cases"); *C.N. v. Ridgewood Bd. of Educ.,* 430 F.3d 159, 189 (3d Cir. 2005) ("the disclosure required for a constitutional violation of the First Amendment's protection against compelled disclosure of private information simply has not been shown"). In the instant matter, however, Defendants have not asked Plaintiff Henderson questions about personal information like sexuality, drug use, and mental health. Rather, the Quick Check questions asked Plaintiff Henderson questions about general issues like whose responsibility it is

18

to address students' needs and how to respond to xenophobia in the classroom. Further, these multiple-choice questions appeared following videos discussing equity and anti-racism. The multiple-choice questions functioned to assist in grasping concepts presented during videos. This is of course why each of the questions was labeled, "Quick Check." Plaintiff Henderson's selection of the credited response suggests no personal affirmation of or affiliation with that response. Rather, choosing the credited response at most reflects an ability to grasp the material presented during the video. In this sense, the Quick Check questions are akin to multiple-choice exam questions in *Sabra v. Maricopa County Community College District*, where the Ninth Circuit upheld a district court's finding that a student's answer on a multiple-choice exam did not force a student to, "choose between denouncing his religion by selecting the 'correct' answer or receiving a lower grade…[but only required the student to] demonstrate an understanding of the material taught." *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.,* 479 F. Supp. 3d 808, 818 (D. Ariz. 2020), *aff'd,* 44 F.4th 867 (9th Cir. 2022).

Citing the First Amendment's establishment and free exercise clauses, the *Sabra* plaintiff argued multiple-choice exam questions that asked students about materials presented during class, "forced [the plaintiff] to agree to [defendant professor's] radical interpretation of Islam." *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.*, 479 F. Supp. 3d 808, 813 (D. Ariz. 2020), *aff'd,* 44 F.4th 867 (9th Cir. 2022). Discussing qualified immunity, the Ninth Circuit found it was "plausible," as the district court had, to interpret the plaintiff's multiple-choice answers as simply a reflection of the plaintiff's command of the course's subject matter. *Sabra v. Maricopa Cnty. Cmty. Coll. Dist.,* 44 F.4th 867, 892 (9th Cir. 2022). The plausibility of the lower court's finding, the Ninth Circuit reasoned, entitled the defendant professor to qualified immunity. *Id*. The Ninth Circuit did not substantively address whether the completion of a multiple-choice exam implicates First

Amendment free exercise protection. Despite these departures from the present matter, *Sabra* remains more instructive than *Ridgewood* because of the nature of the multiple-choice questions at issue. The present matter and *Sabra* both concern multiple-choice questions plainly designed to test command of subject matter, while *Ridgewood* concerns a survey with questions about matters personal to the survey taker. Because it is wholly unreasonable to suggest Plaintiff Henderson's selection of the credited response amounts to something beyond a mere grasp of the taught materials, or lack thereof, Plaintiffs have failed to demonstrate any corresponding injury whatsoever.

Plaintiffs further cite a variety of precedent in support of claims about the multiple-choice questions. None persuades. Specifically, Plaintiffs cite *W. Virginia State Bd. of Educ. v. Barnette,* in which the Supreme Court affirmed unconstitutionality of a regulation requiring students salute the American flag. *W. Virginia State Bd. of Educ. v. Barnette,* 319 U.S. 624 (1943). Unlike the act of saluting a flag, however, answering an online multiple-choice question does not suggest "affirmation of a belief and an attitude of mind." *W. Virginia State Bd. of Educ.* at 633. Similarly, unlike operating a motor vehicle with a license plate publically displaying a state motto, Plaintiff Henderson selecting the credited response on an online multiple-choice question fails to render Plaintiff Henderson a "'mobile billboard' for the State's ideological message." *Wooley v. Maynard*, 430 U.S. 705, 715 (1977). This is true even where Plaintiff Henderson had to complete the multiple-choice questions to receive credit for completing the module and when Plaintiff Henderson's superiors were aware of her completion of the module. Finally, unlike enforcing a state law to require inclusion of certain minority groups in a parade, requiring Plaintiff Henderson to select certain credited responses at odds with Plaintiff Henderson's views does not violate Plaintiff Henderson's "autonomy to choose the content of [her] own message." *Hurley v. Irish-*

Case 6:21-cv-03219-MDH   Document 88   Filed 01/12/23   Page 20 of 25
Appellate Case: 23-1374    Page: 38    Date Filed: 04/10/2023 Entry ID: 5264914    April 10 2023 p38

*Am. Gay, Lesbian & Bisexual Grp. of Bos.,* <u>515 U.S. 557, 573</u> (1995). This is, of course, because one's selection of credited responses on an online multiple-choice question reflects at most a belief about how to identify the question's credited response. This is especially true where, as here, the multiple-choice questions ask about general rather than personal issues, are labeled "Quick Check," and focus on the content of a video presented during the same module. The fact that one of the Quick Check questions asked, "how should *you* respond?" (emphasis added), does not change the nature of Plaintiff Henderson answering the question. Nor does the labeling of one answer as "correct" and another "incorrect." Because Plaintiff Henderson's selection of a certain answer on Defendant's online multiple-choice question indicates nothing more than belief about a credited response vis-à-vis others, Plaintiffs' claims regarding the online multiple-choice questions fail due to lack of injury-in-fact.

### III.     Unconstitutional Employment Condition

Count Three of Plaintiffs' complaint argues, because the online multiple-choice questions and professional training were unconstitutional, requiring Plaintiffs to complete the professional training and online multiple-choice questions constitutes an unconditional condition of Plaintiffs' employment with Defendant SPS. Because, however, Plaintiffs have failed to show the training and multiple-choice questions were unconstitutional and resulted in injury, Plaintiffs also fail to show the requisite injury required for standing to assert their unconstitutional employment conditions claim.

21

Case 6:21-cv-03219-MDH   Document 88   Filed 01/12/23   Page 21 of 25
Appellate Case: 23-1374   Page: 39   Date Filed: 04/10/2023 Entry ID: 5266410   April 10 2023 p39

## IV.     The Employment Context

It is significant that Plaintiffs' action arises in an employment context. An essential element of the employee-employer relationship is an understanding that an employee will be expected to comply with the rules and policies of an employer as a condition of employment. While no employee is required to comply with any illegal employer directive, or in even rarer cases, directives that violate sincerely held religious beliefs, employees are not free to disregard policy simply because of disagreement. This is generally the basis of the Supreme Court's opinion in *Pickering*, 391 U.S. 563, and its progeny. *See Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 138 S. Ct. 2448, 2473 (2018) ("*Pickering* is based on the insight that the speech of a public-sector employee may interfere with the effective operation of a government office.").

The professional training in question related to important but inherently controversial issues facing all public entities, and in particular, school districts. Issues of race discrimination, inequality, and prejudice have confounded policymakers throughout our country's history. It started with the framers of the Constitution, continued with debates about whether to admit states as slave states or free states, led to a bloody Civil War, and persisted through Jim Crow laws, the rise of the Ku Klux Klan, racially-motivated lynchings and massacres, controversy over the separate but equal doctrine, race riots, enactment of the Civil Rights Acts, and claims of inverse discrimination. None of these developments have put the controversy to rest.

Here, Defendant SPS' professional training endeavored to address, increase, and enhance employees' understanding and sensitivity to race issues likely to be confronted by minority students served by Defendant SPS. The training, however, did not require by means of compulsion or coercion Plaintiffs or anyone else to express a specific message after encountering examples of discrimination

22

or xenophobia. This Court has found nothing in the professional training, or policy suggested by the training, requiring an employee to violate the Constitution or federal law. A person could act in exact accord with the suggestions of the trainers, even if considered a requirement of employment rather than merely a suggested approach, and avoid violating the law. Defendant SPS, therefore, was not requiring any employee to engage in illegal activity. Plaintiffs are correct that Defendant SPS, as a public employer, may run afoul of the Constitution should it somehow require Plaintiffs to articulate a specific message on issues of public interest *unrelated* to employees' official duties. *See Janus v. Am. Fed'n of State, Cnty., & Mun. Emps., Council 31*, 138 S. Ct. 2448, 2473 (2018) ("Of course, if the speech in question is part of an employee's official duties, the employer may insist that the employee deliver any lawful message…Otherwise, however, it is not easy to imagine a situation in which a public employer has a legitimate need to demand that its employees recite words with which they disagree.") (citations omitted). Lack of compulsion to express a specific message in the present case, renders these principles irrelevant, given Plaintiffs' specific claims.

Plaintiffs contend they should not have to listen to, learn, or follow Defendants' description of equity and anti-racism discussed during the training because they personally disagree. The problem with such a theory is, particularly in areas of controversy like racial policy, a government entity would be unlikely to find any approach all employees find agreeable. For example, if the training were to teach and recommend action and conduct consistent with Plaintiffs' personal opinions, other employees with different opinions would certainly find that training offensive. Because employees have diverse opinions on politics and policy, especially in areas of controversy, it is the right and duty of the elected school board of the school district, acting by and through a school superintendent and administration, to determine a single, unified, districtwide approach to policy issues. If that approach does not require an employee to engage in illegal behavior, the employee is appropriately expected to

23

comply. Similarly, if that approach does not compel an employee, apart from her official job duties, to express specific, objectionable words with which the employee disagrees, the employee is expected to comply. Plaintiffs do not argue, and no evidence suggests, the training somehow implemented a specific policy of the district which could lead to consequences for the employee if not followed. Rather, the training relates more to enhancing awareness of racial issues and suggesting an increased sensitivity to deal with issues of discrimination when identified. Further, no evidence suggests Defendants expected employees to personally believe or appreciate the policy, approach, or underlying principles. At most, they were required to demonstrate they understood the approach suggested by the training. The claim that the district should not conduct training for them to attend on policies applicable at work involving their employment because they disagree with them, however, is untenable. Such a ruling would make administration of a governmental unit such as a large, urban school district wholly unworkable. It would distort the employer-employee relationship. It is a frivolous claim and theory.

For the reasons described, even if plaintiffs could demonstrate injury-in-fact, which they cannot, this court would enter summary judgment on behalf of Defendants and would deny Plaintiffs' motion for summary judgment.

## V.        Attorney's Fees

Citing 42 U.S.C.A. § 1988, Defendants request this Court award attorney's fees. (Doc. 75 at 63). In response, Plaintiffs argue attorney's fees are appropriate for defendants only when plaintiffs' claims are frivolous, lacking a basis in law or fact. (Doc. 78 at 89). Plaintiffs further argue Defendants have failed to allege Plaintiffs have brought their claims without bases in law or fact. (Doc. 78 at 89). Plaintiffs are once again incorrect. The thrust of Defendants' argument is that Plaintiffs lack standing

because of failure to suffer injury-in-fact. This may constitute an allegation that Plaintiffs' claims lack a factual basis. Lack of injury-in-fact does not on its own constitute a frivolous claim. However, Plaintiffs' total lack of injury, especially related to Plaintiffs' claims of compelled speech, may suggest a groundlessness that trivializes the important work of the federal judiciary. *See Williams v. City of Carl Junction, Mo.,* 523 F.3d 841, 843 (8th Cir. 2008) (award of attorney's fees for 1983 lawsuit appropriate where plaintiffs' claims are groundless); *Morrison v. Bd. of Educ. of Boyd Cnty.,* 521 F.3d 602, 611 (6th Cir. 2008) (lack of standing works to "trivialize…the important business of the federal courts"). The court is mindful Defendants have incurred substantial legal fees in defending this claim. Taxpayer dollars which could have been devoted to enhancing the educational opportunity of the students served by the district have instead been diverted to the defense of this lawsuit. The students of the district deserve better. So too do the taxpayers whose hard-earned money is taxed by the district for the purpose of educating the children of the district in which they reside. Accordingly, this Court will entertain a separate motion for attorney's fees on behalf of Defendants.

**CONCLUSION**

For foregoing reasons, summary judgment is granted in Defendants' favor. Accordingly, Defendants' Motion for Summary Judgment (Doc. 64) is **GRANTED** in its entirety. Plaintiffs' Motion for Summary Judgment is **DENIED**. It is **FURTHER ORDERED** Defendants have until February 17, 2023 to move for attorney's fees, should they desire.


**IT IS SO ORDERED.**

Dated: January 12, 2023                      */s/ Douglas Harpool*
                                         **DOUGLAS HARPOOL**
                                         **United States District Judge**

25

Case 6:21-cv-03219-MDH   Document 88   Filed 01/12/23   Page 25 of 25
Appellate Case: 23-1374   Page: 43   Date Filed: 04/10/2023 Entry ID: 5266410   April 10 2023 p43

# IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## SOUTHERN DIVISION

| | | |
|---|---|---|
| **BROOKE HENDERSON, et al,** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **vs.** | ) | **Case No. 6:21-cv-03219-MDH** |
| | ) | |
| **SCHOOL DISTRICT OF** | ) | |
| **SPRINGFIELD R-12, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Before the Court is Defendants' Motion for Attorney's Fees. Plaintiffs, employees of Springfield Public Schools, sued the School District and several of its administrators claiming various free speech violations under 42 U.S.C. § 1983. Specifically, Plaintiffs alleged compelled speech, chilled speech, and content and viewpoint discrimination. Plaintiffs argued that these violations occurred by virtue of Plaintiffs participating in a diversity, equity, and inclusion training that taught principles of equity and anti-racism. Plaintiffs personally disagree with equity and anti-racism. Both parties moved for summary judgment and this court entered summary judgment in favor of Defendants, finding Plaintiffs suffered no injury-in-fact. In its summary judgment motion, Defendants requested this Court grant an award of attorney's fees. The Court ordered additional briefing on the issue of attorney's fees, which the Court has reviewed. Defendants request a total of $312,869.50, representing a total of 1,538.6 hours of work. For reasons herein, Defendants' Motion is **GRANTED**.

1

Case 6:21-cv-03219-MDH   Document 107   Filed 03/31/23   Page 1 of 4
Appellate Case: 23-1374   Page: 44   Date Filed: 04/10/2023 Entry ID: 5264774   April 10 2023 p44

Under 42 U.S.C. § 1988, attorney's fees are available for prevailing parties in lawsuits brought pursuant to 42 U.S.C. § 1983. To award attorney's fees to a defendant under § 1988, a court must find that a party's suit was "frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so." *Williams v. City of Carl Junction, Mo.,* 523 F.3d 841, 843 (8th Cir. 2008) (citations omitted). This indicates a defendant's suit must lack a factual and legal basis. *Equal Emp. Opportunity Comm'n v. CRST Van Expedited, Inc.,* 944 F.3d 750, 756 (8th Cir. 2019). "The starting point in determining attorney fees is the lodestar, which is calculated by multiplying the number of hours reasonably expended by the reasonable hourly rates." *Fish v. St. Cloud State University,* 295 F.3d 849, 851 (8th Cir.2002). District courts may rely on their own experience and knowledge when determining reasonable hourly rates. *Hanig v. Lee,* 415 F.3d 822, 825 (8th Cir. 2005). "The award of attorneys' fees lies within the sound discretion of the trial court." *Bass v. Sw. Bell Tel., Inc.,* 817 F.2d 44, 46 (8th Cir. 1987).

This court finds Plaintiffs' claims to be frivolous. As articulated in its summary judgment order, Plaintiffs' claims showed no injury-in-fact whatsoever. Plaintiffs did not allege and no evidence suggested that Defendants enacted any policy or guideline that required Plaintiffs to adhere to a certain viewpoint or articulate a particular message. Crucially, Plaintiffs made clear during the training that they did not agree with principles of equity and anti-racism. Plaintiffs' own allegations show they openly voiced their opposition to the principles taught and discussed. Further, this Court noted the following in its summary judgment order.

> Plaintiffs have failed to argue Defendants forced them to somehow affiliate or associate with a particular message Defendants find objectionable. Rather, facts not in dispute generally show the exact opposite: Plaintiffs voiced their personal objections to anti-racism and equity. Plaintiffs' expression of their views makes clear they neither affirm, endorse, promote, nor adopt equity and anti-racism. Plaintiffs themselves acknowledge this when they argue that Plaintiff Lumley's own coworkers berated her during training for opposing equity and anti-racism (Doc. 77 at 34). Simple logic dictates that Plaintiff Lumley's coworkers cannot both

2

berate her for opposing equity and anti-racism and simultaneously associate her with those concepts.

Plaintiffs were not fired or demoted for expressing their personal views during the training. Plaintiffs did not lose pay, nor did they experience any adverse or retaliatory employment action whatsoever. Taken together, Plaintiffs' allegations show not only a lack of injury, but more importantly total lack of a factual basis for any sort of First Amendment claim. Plaintiffs were neither ordered nor induced to say a particular message or refrain from a particular message.

At most, Plaintiffs' claims amount to disagreement with the views expressed during the training. As this Court noted in its summary judgment order, it is not acceptable for public employees to simply disregard a training that is lawful, but may be at odds with the employee's personal views. To hold the opposite would make the management of a large, urban school district untenable. Finally, the political undertones of Plaintiffs' allegations, when considered alongside the lack of a factual basis for their claims, demonstrate how Plaintiffs' lawsuit has trivialized the important work of the federal judiciary. Plaintiffs attempted to drag Defendants into a political dispute rather than seek remedy for a genuine harm. This Court is a forum for litigation of genuine disputes of fact and law alone, rather that frivolous political disagreement. Defendants have invested significant time and tax dollars into defending this lawsuit. These resources would have been better spent ensuring educational opportunities for students.

Defendants request a total of $312,869.50, representing a total of 1,538.6 hours of work. In support, Defendants include various affidavits outlining hourly rates and tables identifying specific tasks undertaken. Defendants' description of tasks performed is sufficiently specific to allow for meaningful review. Given the nature of Plaintiffs' claims and the amount of discovery involved, Defendants' request is reasonable. Further, as Defendants note, even though extensive

3

Case 6:21-cv-03219-MDH   Document 107   Filed 03/31/23   Page 3 of 4
Appellate Case: 23-1374   Page: 46   Date Filed: 04/10/2023 Entry ID: 5264410   April 10 2023 p46

discovery revealed an obvious lack of injury-in-fact, Plaintiffs nonetheless continued pursing their claims. This speaks not only to a basis for granting attorney's fees, but also a basis for awarding a higher amount of fees, as significant time was spent preparing dispositive motions. Plaintiffs' hourly rates are reasonable, given the norm in this jurisdiction.

## CONCLUSION

For the foregoing reasons, Defendants' Motion for Attorney's Fees is **GRANTED**. Defendants are awarded attorney's fees in the amount of $312,869.50.

**IT IS SO ORDERED.**

Dated: March 31, 2023

_/s/ Douglas Harpool_

**DOUGLAS HARPOOL**
**United States District Judge**

4

*UNITED STATES DISTRICT COURT*
*WESTERN DISTRICT OF MISSOURI*
*SOUTHERN DIVISION*


**JUDGMENT IN A CIVIL CASE**


BROOKE HENDERSON, et al.,      )
           )
           )
     vs.           )      Case No. 21-3219-CV-S-MDH
           )
SCHOOL DISTRICT OF      )
SPRINGFIELD R-12, et al.,     **)**


\_\_    Jury Verdict.   This action came before the Court for a trial by jury.  The issues have been tried and the jury has rendered its verdict.

<u>X</u>    Decision by Court.  This action came to determination before the Court.  The issues have been determined and a decision has been rendered.

It is **THEREFORE ORDERED**:

Defendants' Motion for Summary Judgment is **GRANTED** in its entirety. Plaintiffs' Motion for Summary Judgment is **DENIED.** (Order, Doc. 88)

Defendants' Motion for Attorney's Fees is **GRANTED**. Defendants are awarded attorney's fees in the amount of $312,869.50. (Order, Doc. 107)

**IT IS SO ORDERED**.


 April 3, 2023                   Paige Wymore-Wynn
Date                                 Clerk of Court


Entered on: <u>March 31, 2023</u>         s/Linda Howard
                                     (By) Deputy Clerk

# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
### SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| BROOKE HENDERSON and JENNIFER LUMLEY, | ) ) ) | |
| Plaintiffs, | ) ) | Case No. 6:21-cv-03219-MDH |
| v. | ) ) | |
| SCHOOL DISTRICT OF SPRINGFIELD R-12, ET AL., | ) ) ) | |
| Defendants. | ) | |

---

## AMENDED NOTICE OF APPEAL

---

All Plaintiffs in the above-named case hereby give amended notice that they appeal to the

United States Court of Appeals for the Eighth Circuit from this Court's January 12, 2023 order,

(Doc. 88) and April 3, 2023 judgment (Doc. 108), as well as the March 31, 2023 order to pay

attorney fees (Doc. 107). This pleading amends the previous notice filed by Plaintiffs on February

10, 2023 (Doc. 89).

April 7, 2023.                           /s/ B. H. Boucek
                                         Kimberly S. Hermann*
                                            GA Bar No. 646473
                                         Braden H. Boucek*
                                            TN BPR No. 021399
                                            GA Bar No. 396831
                                         Celia H. O'Leary*
                                            GA Bar No. 747472
                                         Southeastern Legal Foundation
                                         560 W. Crossville Road, Suite 104
                                         Roswell, GA  30075
                                         Telephone: (770) 977-2131
                                         khermann@southeasternlegal.org
                                         bboucek@southeasternlegal.org
                                         coleary@southeasternlegal.org

                                         *Admitted Pro Hac Vice

                                         Derek H. MacKay
                                            MO #59078
                                         Knight Nicastro MacKay, LLC
                                         304 W. 10th Street
                                         Kansas City, MO 64105
                                         Phone: (816) 708-0105
                                         mackay@knightnicastro.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 7, 2023 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail and/or facsimile. Parties may access the filing through the Court's electronic filing system.

/s/ B. H. Boucek
Braden H. Boucek

## U. S. COURT OF APPEALS - EIGHTH CIRCUIT

## AMENDED NOTICE OF APPEAL SUPPLEMENT

## MISSOURI WESTERN DISTRICT - SPRINGFIELD

Please note any additions or deletions to the style of the case from the style listed on the docket sheet (or attach an amended docket sheet with the final style of the case).

| Case Caption: Henderson et al v. School District of Springfield R-12 et al | Case No.: 6:21-cv-03219-MDH<br>Case No: 23-1374 |
|---|---|

| Appellant: | Brooke Henderson<br>Jennifer Lumley | Appellee: | School District of Springfield R-12 |
|---|---|---|---|
| | | | Board of Education of the School District of Springfield R-12 |
| | | | Grenita Lathan |
| | | | Yvania Garcia-Pusateri |
| | | | Lawrence Anderson |

Appellants' Attorney:

**Braden Boucek**
**770-977-2131**
**bboucek@southeasternlegal.org**

**Celia O'Leary**
**770-977-2131**
**coleary@southeasternlegal.org**

**Kimberly Hermann**
**770-977-2131**
**khermann@southeasternlegal.org**

**Derek MacKay**
**816-679-6407**
**mackay@knightnicastro.com**

Appellee's Attorney(s):

**Ransom Ellis, III**
**417-866-5091**
**Rellis3@eehjfirm.com**

**Tina Fowler**
**417-866-5091**
**tfowler@eehjfirm.com**

**Todd Johnson**
**417-866-5091**
**tjohnson@eehjfirm.com**

Court Reporter(s):

**Jeannine Rankin, 417-225-7713**
Email: jeannine_rankin@mow.uscourts.gov

Please return files and documents to:

**United States District Court**
**222 N. John Q. Hammons Parkway; Suite 1400**
**Springfield, MO 65806**

Contact Person for Appeal:
**spfdgen@mow.uscourts.gov**

| Length of Trial:<br>**NA** | Fee Paid:<br>**Yes** | IFP:<br>**No** | Pending IFP Motion:<br>**No** |
|---|---|---|---|

| Counsel: | Pending Motions? | Local Interest? | Simultaneous Release? |
|---|---|---|---|
| **Retained** | **No** | **Yes** | **No** |

**Criminal Cases / Prisoner Pro Se Cases Only:**

| Defendant incarcerated? Yes/No | Where? | Multiple defendants? If so, please list. N/A |
|---|---|---|

**Special Comments:**  <u>Amended Notice of Appeal filed 4/7/2023, **Doc. 110**</u>