# No. 23-1374

IN THE UNITED STATES COURT OF APPEALS
FOR THE EIGHTH CIRCUIT

BROOKE HENDERSON, et al.,
*Plaintiffs-Appellants*,
v.

SPRINGFIELD R-12 SCHOOL DISTRICT, et al.,
*Defendants-Appellees*.

_____

On Appeal from the United States District Court
for the Western District of Missouri
Case No. 19-cv-00102 (Harpool, J.)

**Motion for Leave to File Brief of *Amicus Curiae* Hamilton Lincoln Law Institute in Support of Plaintiffs-Appellants and Reversal**

Adam E. Schulman
John M. Andren
HAMILTON LINCOLN LAW INSTITUTE
1629 K Street, NW, Suite 300
Washington, DC 20006
Phone: (610) 457-0856
Email: adam.schulman@hlli.org

*Attorneys for* Amicus Curiae
*Hamilton Lincoln Law Institute*

Pursuant to Federal Rule of Appellate Procedure 29(a), the Hamilton Lincoln Law Institute ("HLLI") moves for leave to file an *amicus curiae* brief in support of Plaintiffs-Appellants. The proposed brief accompanies this motion.

Proposed *amicus curiae* requested consent from the parties to file its brief of *amici curiae*. Counsel for Plaintiffs-Appellants consented. However, counsel for Defendants-Appellees did not consent. Accordingly, the undersigned files this motion seeking leave from the Court to file HLLI's brief.

## I. Interest of Amici Curiae

HLLI is a public interest organization dedicated to protecting free markets, free speech, limited government, and separation of powers against regulatory abuse and rent-seeking. *See*, *e.g., Stock v. Gray*, 2023 WL 2601218, 2023 U.S. Dist. LEXIS 48300 (W.D. Mo. Mar. 22, 2023) (preliminarily enjoining enforcement of law that restricts pharmacist speech based on viewpoint).

HLLI is particularly troubled by two aspects of the district court's decisions below. First, the district court repeatedly and erroneously relied on the lack of a formal policy or regulation as a reason for finding no compulsion of speech. JA5312, 5313, 5316-17, 5318, 5319; R. Doc. 88 at 7, 8, 11-12, 13, 14; JA5511; R. Doc. 107 at 2. Second, the district court punitively imposed more than $300,000 in attorneys' fees liability against civil rights plaintiffs, in part for the "political undertones" of their allegations. JA5512; R. Doc. 107 at 3. Previously, the court *sua sponte* struck several paragraphs of the plaintiffs' complaint that it viewed as only "attempt[ing] to advance the political or philosophical ideologies of Plaintiffs." R. Doc. 30 at 1. Constitutional litigation,

even if accurately characterized as ideological or political, is protected expressive activity. *E.g., In re Primus*, 436 U.S. 412 (1978); *NAACP v. Button*, 371 U.S. 415, 420, 429-31 (1963). Adjudicating cutting edge First Amendment claims qualifies as "important work of the federal judiciary"; it doesn't "trivialize[]" it. JA5512; R. Doc. 107 at 3. No government official—state or federal, legislative, executive, or judicial—may single out such litigation for special disfavor.

## II. Desirability of a Brief from *Amicus Curiae*

HLLI's participation in the case will provide information relevant to the First Amendment claims at issue in this appeal. HLLI has expertise with First Amendment litigation and free speech claims generally. The attached brief examines one repeated legal error in the order granting summary judgment to the defendants: the court considers the fact that the alleged speech compulsion did not arise from a formal rule or policy. HLLI explains how that consideration is inconsistent with First Amendment jurisprudence, and, in any event, makes for dangerous policy.

## Conclusion

For the foregoing reasons, *amicus* respectfully asks the Court to grant its motion for leave to file the attached brief.

Dated: May 16, 2023                    Respectfully submitted,

*/s/ Adam E. Schulman*
Adam E. Schulman
HAMILTON LINCOLN LAW INSTITUTE
1629 K Street, NW Suite 300
Washington, D.C. 20006
Phone: (610) 457-0856
Email: adam.schulman@hlli.org
*Attorneys for Amicus Curiae*
*Hamilton Lincoln Law Institute*

**Proof of Service**

    I hereby certify that on May 16, 2023, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Eighth Circuit using the CM/ECF system, thereby effecting service on counsel of record who are registered for electronic filing.

Executed on May 16, 2023.

                                       */s/ Adam E. Schulman*
                                        Adam E. Schulman