No. 23-1374, No. 23-1880

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

BROOKE HENDERSON and JENNIFER LUMLEY,
    *Plaintiffs-Appellants*,

v.

SCHOOL DISTRICT OF SPRINGFIELD R-12, BOARD OF EDUCATION FOR THE SCHOOL DISTRICT OF SPRINGFIELD R-12, DR. GRENITA LATHAN, DR. YVANIA GARCIA-PUSATERI, and LAWRENCE ANDERSON,
    *Defendants-Appellees*.

___

Appeal from the United States District Court for the
Western District of Missouri, Southern Division
The Honorable Douglas Harpool
Case No. 6:21-cv-03219-MDH

___

# DEFENDANTS-APPELLEES' OPPOSITION TO "MOTION OF CATO INSTITUTE FOR LEAVE TO FILE BRIEF AS *AMICUS CURIAE* IN SUPPORT OF PLAINTIFFS-APPELLANTS"

___

Ransom A Ellis, III, Mo. Bar 29129
Tina G. Fowler, Mo. Bar 48522
ELLIS ELLIS HAMMONS & JOHNSON, P.C.
2808 S. Ingram Mill Road, Suite A-104
Springfield, Missouri 65804
rellis3@eehjfirm.com
tfowler@eehjfirm.com
Phone: (417) 866-5091
*Attorneys for Defendants-Appellees*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES………….....………………………...…ii

I.     INTRODUCTION………………...………………………1

II.    APPLICABLE LAW…………….....………………………1

III.   ARGUMENT……………….....…………………………..3

       A.     Cato's brief is not helpful to this Court's determination………….………….....…………………3

       B.     Cato is not an amicus curiae………….………..……………..6

       C.     Cato's brief will not facilitate the Court's consideration of the issues on appeal…….………...…………8

              1.     The Parties are adequately represented…..………….9

              2.     Cato has shown no interest in another case that may be affected by this appeal…..……………..10

              3.     Cato does not have unique information or a unique perspective……………....…...…………10

IV.   CONCLUSION……………………...………………………11

# **TABLE OF AUTHORITIES**

**Cases**

*American Coll. of Obs. & Gyn. v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983)…..……9

*American Satellite Co. v. United States*, 22 Cl. Ct. 547 (1991)………...……………5

*Cressman v. Thompson,* 719 F.3d 1139 (10th Cir. 2013)……………………..……..5

*Erwin v. C.I.R.,* T.C. Memo. 1986-474 (U.S. Tax Ct. 1986)…………...……………9

*Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996)……………………………….9

*Georgia v. Ashcroft*, 195 F.Supp.2d 25 (D.D.C. 2002)……………...…………….9

*In re Halo Wireless, Inc.*, 684 F.3d 581 (5th Cir. 2012)……………….…………….9

*In re Primus,* 436 U.S. 412 (1978)…………………………………..………….7

*Janus v. AFSCME*, 138 S. Ct. 2448 (2018)…………………………….……..5

*Muldrow v. City of St. Louis, Mo.*, 30 F.4th 680 (8th Cir. 2022)……………………3

*Nat'l Org. for Women v. Scheidler*, 223 F.3d 615 (7th Cir. 2000)………....2, 6, 9, 11

*NAACP v. Button,* 371 U.S. 415 (1963)……………………………….……….7

*Northern Securities Co. v. United States*, 191 U.S. 555 (1903)…………..………2, 9

*Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976)…………………9

*New England Patriots v. Univ. of Colorado*, 592 F.2d 1196 (1st Cir. 1979)……...…5

*Ryan v. Comm. Futures Trading Com'n*, 125 F.3d 1062 (7th Cir. 1997)……...5, 8-11

*Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516 (7th Cir. 2004)……………………….3

*Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970)……………...…………2, 4, 9

*United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991)…………...…………2, 6

*Voices for Choices v. Ill. Bell Telephone*, 339 F.3d 542 (7th. Cir. 2003)…....8, 9, 11

*West Va. State Bd. of Edu. v. Barnette*, 319 U.S. 624 (1943)………………………4

*Wooley v. Maynard*, 430 U.S. 705 (1977)…………………..……………….5

*Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985)…………………………………2

**Rules**

Federal Rules of Appellate Procedure 29(a)(2) or 32…………………………1, 2, 3

# I. INTRODUCTION

Plaintiffs-Appellants Brooke Henderson and Jennifer Lumley (hereinafter "Plaintiffs") are employees of the School District of Springfield R-12 (the "District"). Plaintiffs disagree with the principles of equity and anti-racism and filed suit against the District, its board, and several of its employees (hereinafter "Defendants") alleging that the 2020 employment-related, anti-racism training they received was unconstitutional in violation of their First Amendment rights. The district court granted Defendants' motion for summary judgment due to Plaintiffs' lack of standing as they suffered no adverse employment action. App. JA5306; R. Doc. 88. Further, recognizing that Plaintiffs dragged Defendants into a political dispute, rather than seeking a remedy for a genuine harm, in conjunction with its finding that extensive discovery revealed an obvious lack of injury-in-fact, the district court awarded Defendants their prevailing party attorney's fees and costs. App. JA5510; R. Doc. 107. Plaintiffs appealed. Cato Institute ("Cato") seeks leave to file an amicus brief in support of Plaintiffs-Appellants.

# II. APPLICABLE LAW

The United States or a state may file an amicus brief without consent or leave of court, but all other amicus curiae may file a brief only by leave of court or if all parties have consented. FED.R.APP.P. 29(a)(2). Defendants do not consent to the

1

request by Cato.[1] Thus, "[w]hether to permit a non-party [such as Cato] to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." *National Organization for Women v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000) (*citing* FED.R.APP.P. 29(a); *United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991); and *Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970)). This Court has discretion to allow the filing of amicus briefs when such filings are "justified by the circumstances." *Northern Securities Co. v. United States*, 191 U.S. 555, 556 (1903). Leave may be denied where it does not appear that the applicant is interested in any other case which will be affected by the decision and where the parties are represented by competent counsel, whose consent has not been secured. *Id.* An amicus must show that its participation is useful or desirable and that it will aid the court in determining relevant legal issues. *Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985), *aff'd*, 782 F.2d 1033 (3rd Cir. 1986), *cert. denied*, 476 U.S. 1141 (1986).

In its brief, Cato mischaracterizes facts, misapplies case holdings to the facts at hand, and hypes Plaintiffs' lawyers and Southeastern Legal Foundation's alleged dedication to "Rebuilding the American Republic" under the guise of an impartial party. It further turns the law applicable to prevailing party attorneys' fees on its

---

[1] The first amicus curiae that sought consent to file a brief for Plaintiffs was Americans for Prosperity Foundation ("APF") (*see* Doc. No. 5281338, pp. 1-2). Out of courtesy, Defendants consented to APF's request. But APF took advantage of Defendants' consent, and added five special interest groups as amici curiae for which Defendants did not consent.

head by misusing historical Supreme Court precedent. Cato has not shown that its participation would be "helpful" or useful. *See Muldrow v. City of St. Louis, Mo.*, 30 F.4th 680, 692 n. 6 (8th Cir. 2022). Cato is merely a special interest group, a true ally of Plaintiffs, with no connection to this appeal. *See Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516, 518 (7th Cir. 2004) ("Courts value submissions not to see how the interest groups line up, but to learn about facts and legal perspectives that the litigants have not adequately developed."). Allowing Cato to file its brief ensures an opportunity for Plaintiffs to extend their arguments beyond the limitations allowed by this Court's rules. *See* FED.R.APP.P. 32. Cato's motion for leave should be denied.

### III. ARGUMENT

#### A. Cato's brief is not helpful to this Court's determination.

Cato is a nonpartisan public policy research foundation dedicated to advancing the principles of individual liberty, free markets, and limited government. Its brief is replete with mischaracterized renditions of the facts. For example, it claims the training was solely in response to the Black Lives Matter Protests. It disregards that during the prior school year, several students of color and LGBTQ+ students were targeted and the District's board passed a resolution to affirm a commitment to equity and inclusion. App. JA304-JA305; R. Doc. 75-3, at 5-6. The resulting anti-racism training endeavored to increase employee understanding and sensitivity to race issues likely to be confronted by these students. App. JA5327; R.

3

Doc. 88, at 22. Other examples include Cato's claim that Plaintiffs were required to answer "quick check" questions in online modules (but only Plaintiff Henderson completed online modules (App. JA2567; R. Doc. 78, at 60, ¶¶ 121-122)); or, its claim that Plaintiffs were told not to hold up "disagree" signs during training (but Plaintiff Lumley was not provided any signs (App. JA2538; R. Doc. 78, at 31, ¶ 81)). Muddling facts in the interests of argument is not helpful to this Court. "[A]n amicus who argues facts should rarely be welcomed." *Strasser*, *supra*, 432 F.2d at 569.

Cato also spends much time arguing its view that the District required Plaintiffs to express viewpoints at odds with their personal ones and that the district court incorrectly relied on "dissents voiced by Plaintiffs" when rejecting their compelled speech claims. In support, Cato claims the district court's analysis conflicts with *West Va. State Bd. of Edu. v. Barnette*, 319 U.S. 624 (1943). At its core, *Barnette* concerned a resolution by the state board of education that compelled students to salute the flag and recite the pledge, against their beliefs, or face expulsion. Cato's attempt to extend its interpretation of *Barnette*, to the facts at play here, insults the district court's reasoning.[2] Thus, and why, "courts frown[] on

---

[2] Threatening school expulsion for refusal to recite the pledge as in *Barnette*, or conditioning professional credit and pay on expressing a message during an employment-related training that one finds objectionable, is altogether different from what occurred here. Plaintiffs only needed to attend the training to receive professional credit and pay. App. JA5314; R. Doc. 88, at 9.

4

participation which simply allows the amicus to litigate its own views." *American Satellite Co. v. United States*, 22 Cl. Ct. 547, 549 (1991) (*citing New England Patriots v. Univ. of Colorado*, 592 F.2d 1196, 1198 n. 3 (1st Cir. 1979)). The Court is "not helped by an amicus curiae's expression of a 'strongly held view' about the weight of the evidence." *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1064 (7th Cir. 1997). It is helped "by being pointed to considerations germane to [its] decision…that the parties…have not brought to [the Court's] attention." *Id. Barnette*, and Cato's other opinions,[3] were briefed and considered by the district court. Its brief offers nothing that the parties have not already brought to the table.

In sum, there is no doubt that Cato, as a public interest group who claims that the training advanced "contestable and value-laden assertions" such as "believing in colorblindness is a form of white supremacy" would, in the employment context of an urban public school district and its anti-racism training, be opposed to the district court's orders. It only wants to insert its own political views or agenda. It wholly disregards Plaintiffs' lack of injury, a threshold requirement that allows courts to

---

[3] *See*, *e.g.*, *Janus v. AFSCME*, 138 S. Ct. 2448 (2018) (state law authorizing unions to charge fair share dues to non-members unconstitutional); *Wooley v. Maynard*, 430 U.S. 705 (1977) (state law authorizing fines and jail time for failure to display state motto on license plate unconstitutional); and *Cressman v. Thompson*, 719 F.3d 1139 (10th Cir. 2013) (state law guaranteeing fines and penalties for failure to display image on license plate unconstitutional).

avoid becoming involved in politicized controversies, a requirement aptly noted here by the district court. *See* App. JA5309; R. Doc. 88, at 4. Its brief is not helpful.

### B. Cato is not an amicus curiae.

The partisan aspect of Cato's brief alone provides sufficient basis for its rejection. "The orthodox view of amicus curiae was, and is, that of an *impartial* friend of the court—*not an adversary party in interest in the litigation*." *Michigan*, *supra*, 940 F.2d at 165 (citation omitted) (emphasis in original). "[P]articipation…to brief…as a friend of the court was, and continues to be, a privilege within 'the sound discretion of the courts'." *Id.* (citations omitted). Most notably, and crucially, Cato spends several pages of its brief advocating for Plaintiffs' lawyers and the Southeastern Legal Foundation. This <u>touting</u> has absolutely no place in an amicus brief and only serves to impermissibly inject interest-group politics into the federal appellate process. *Nat'l Org. for Women*, *supra*, 223 F.3d at 617. Such proves that Cato's brief <u>is</u> in fact "sponsored or encouraged by" Plaintiffs and <u>is</u> "intended to circumvent the page limitations" on Plaintiffs-Appellants' brief "to the prejudice" of Defendants-Appellees. *Id.*

Cato further shows its partisan, adversarial role when arguing Defendants' attorney's fees award will "punish private citizens for exercising their right to participate in public interest litigation." Cato's position, which dishonestly claims "judicial retribution" by the district court, shows a reckless disregard for truth. It also

6

misuses historical case law protecting the First Amendment rights of civil rights groups to engage in public interest litigation. *See NAACP v. Button*, 371 U.S. 415 (1963); and *In re Primus*, 436 U.S. 412 (1978).

Absorbing its arguments in totality, Cato argues that any case originating as a public interest suit should be immune from having to pay a defendant's attorney's fees should the case fail. It ignores well-settled precedent that a plaintiff, who brings a frivolous § 1983 lawsuit, and who continues to pursue that claim after the facts confirm its frivolity due to total lack of injury, should be required to pay a defendant's attorney's fees. App. JA5343-5349; R. Doc. 98, at 10-16; Rather than recognizing the law, Cato argues:

> Absolutely nothing about Plaintiff's [sic] suit supports the notion that it is without legal merit, let alone completely groundless. Instead, Plaintiffs and their counsel brought this suit in a good-faith attempt to vindicate their free speech rights as public employees and establish First Amendment precedent in a fresh factual context of major and growing importance. <u>Plaintiffs will only be successful in this aim if they obtain a published decision in their favor from this Court or the Supreme Court, which means they must be prepared to fully litigate dispositive motions and pursue their claims through all available levels of review</u>. Their demonstrated commitment to pursuing their claims through multiple levels of appeal cannot plausibly (or fairly) be characterized as a bare desire to harass the Defendants by dragging them into some baseless lawsuit over a simple political disagreement. It is ineluctably clear on the face of the pleadings that this case represents a genuine effort by the Plaintiffs to vindicate rights that they sincerely—and plausibly—believe have been violated by the government.

*See* Cato's Proposed Amicus Brief, Entry ID 5279060, at 30-31 (emphasis added).

In Cato's words, special interest groups get "special" treatment and a special interest group plaintiff should be able to pursue their claims, even if frivolous, just because they think they might eventually get it right. In Cato's words, it does not matter that a defendant is forced to litigate against frivolous claims to their peril. Perhaps this is why the district court rightly stated, "The court is mindful Defendants have incurred substantial legal fees in defending this claim. Taxpayer dollars which could have been devoted to enhancing the educational opportunity of the students served by the district have instead been diverted to the defense of this lawsuit. The students of the district deserve better." App. JA 5330; R. Doc. 88, at 25.

And here too, on appeal, the students of the District deserve better than the likings of Cato's brief. Cato is a confirmed ally of Plaintiffs and it should not be allowed to appear. *Ryan*, *supra*, 125 F.3d at 1063. Cato's appearance serves no purpose other than to lobby this Court in Plaintiffs' favor. The fact that "organizations [such as Cato] support or oppose an appeal is a datum that is irrelevant to judicial decision making." *Voices for Choices v. Ill. Bell Telephone Co.*, 339 F.3d 542, 545 (7th. Cir. 2003). The "power of constituents and interest groups" such as Cato are improper in this judicial forum and should not be allowed. *Id.*

### C. Cato's brief will not facilitate the Court's consideration of the issues on appeal.

Leave to file an amicus brief should only be granted if the brief assists the Court by presenting ideas, arguments, theories, insights, facts, or data that are not

8

found in the parties' briefs. *Voices for Choices*, *supra*, 339 F.3d at 545. This criterion is more likely satisfied if the party on whose behalf the brief is filed is not adequately or competently represented, the amicus has a direct interest in another case that may be materially affected by the appellate decision, or the amicus has a "unique perspective or specific information" that can assist the court. *Id.* (*citing Nat'l Org. for Women*, *supra*, 223 F.3d at 616-17; *Ryan*, *supra*, 125 F.3d at 1063; and *Georgia v. Ashcroft*, 195 F.Supp.2d 25, 32 (D.D.C. 2002)). Otherwise, leave to file an amicus brief should be denied by the Court. *See*, *e.g.*, *Northern Securities*, *supra*, 191 U.S. at 556; *American Coll. of Obs. & Gyn. v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983); *Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976); *Strasser*, *supra*, 432 F.2d at 569; and *Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996).

### 1. The Parties are adequately represented.

Plaintiffs are adequately represented by Southeastern Legal Foundation. Amicus curiae are to be admitted to assist the Court in cases in which the parties' counsel is inadequate or incompetent. *See*, *e.g.*, *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (denying amicus curiae's request as there was no evidence, *inter alia*, appellees were poorly represented). There is not, nor can there be, any valid contention that Plaintiffs' counsel is not "competent" for purposes of presenting issues and arguments and representing Plaintiffs' interests in this appeal. *See*, *e.g.*, *Erwin v. C.I.R.*, T.C. Memo. 1986-474 (U.S. Tax Ct. 1986) (denying leave

9

where there was no "credible argument…that the briefs to be filed by the parties…w[ould] not fully and completely address all aspects" of the case).

### 2. Cato has shown no interest in another case that may be affected by this appeal.

Cato has not shown that it has a direct interest in another case that may be materially affected by this Court's decision. Nor has Cato shown that it has any interest or understanding of the workings, operations, or administration of a large urban public school district or the premises behind employment-related training, particularly in the context of addressing discrimination. Accordingly, it has no interest, other than an improper political interest, that may be affected by this appeal.

### 3. Cato does not have unique information or a unique perspective.

Cato's brief generally expounds its interpretations of multiple cases already briefed before the district court, interjects irrelevant factual minutia of other inapposite cases into the litigation, and emphasizes its own "strongly held view about the weight of evidence." *See* Section III.A, *supra*. As in *Ryan*, where the court rejected an adversarial brief masked as an "amici" filing, Cato's brief too should be rejected. *Ryan*, *supra*¸ 125 F.3d at 1064. Its brief, which disregards Plaintiffs' lack of standing and attempts to reargue, albeit incompletely, the merits of the action, will not aid the Court. "In an era of heavy judicial caseloads…and expense of litigation…judges should be assiduous to bar the gates to amicus curiae briefs that

fail to present convincing reasons why the parties' briefs do not give…all the help…needed for deciding the appeal." *Ryan*, *supra*, 125 F.3d at 1064. Its brief does not contain the type of unique or specialized knowledge required of an amicus. Rather, allowing its proposed brief will serve only to multiply Plaintiffs-Appellants' briefs, unfairly increase their page limitation, and impose an undue burden on the Court and Defendants. *See*, *e.g.*, *Nat'l Org for Women*, *supra*, 223 F.3d at 617 (amicus briefs can be a "real burden on the court systems", imposing a "burden of study and the preparation of a possible response on the parties"); and *Voices for Choices*, *supra*, 339 F.3d at 545 (denying leave to file amicus briefs which contained few additional citations not found in parties' briefs and slightly more analysis).

## IV.　CONCLUSION

WHEREFORE, Defendants-Appellees respectfully request that Cato Institute's motion for leave to file an amicus brief in support of Plaintiffs-Appellants be denied, that the Court award Defendants-Appellees their attorney's fees and costs incurred, and for such other relief as the Court deems just.

Respectfully submitted,

ELLIS ELLIS HAMMONS & JOHNSON, P.C.

By*:*　*/s/ Ransom A Ellis*
　　Ransom A Ellis, III, Mo. Bar 29129
　　Tina G. Fowler, Mo. Bar 48522
　　2808 S. Ingram Mill Road, Suite A104
　　Springfield, MO  65804
　　*Attorneys for Defendants-Appellees*

# Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1.  This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    __X__ this document contains 3,492 words, **or**

    _____ this brief uses a monospaced typeface and contains [state the number of] lines of text.

2.  This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

    __X__ this document has been prepared in a proportionally spaced typeface using Word for Windows in 14-point font and Times New Roman type style, **or**

    _____ this document has been prepared in a monospaced typeface using [state name and version of word-processing program] with [state number of characters per inch and name of type style].

(s) *Tina G. Fowler*

Attorney for   Defendants-Appellees

Dated:   May 30, 2023

# **CERTIFICATE OF SERVICE**

   I hereby certify that on this 30th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy was made available to all electronic filing participants.

              */s/ Tina G. Fowler*
               Attorney of Record