No. 23-1374, No. 23-1880

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

BROOKE HENDERSON and JENNIFER LUMLEY,
    *Plaintiffs-Appellants*,

v.

SCHOOL DISTRICT OF SPRINGFIELD R-12, BOARD OF EDUCATION FOR THE SCHOOL DISTRICT OF SPRINGFIELD R-12, DR. GRENITA LATHAN, DR. YVANIA GARCIA-PUSATERI, and LAWRENCE ANDERSON,
    *Defendants-Appellees*.

___

Appeal from the United States District Court for the
Western District of Missouri, Southern Division
The Honorable Douglas Harpool
Case No. 6:21-cv-03219-MDH

___

**DEFENDANTS-APPELLEES' OPPOSITION TO
"MOTION FOR LEAVE TO FILE BRIEF ON BEHALF OF
PROSPECTIVE AMICUS CURIAE
CENTER OF THE AMERICAN EXPERIMENT
IN SUPPORT OF PLAINTIFFS-APPELLANTS"**

___

Ransom A Ellis, III, Mo. Bar 29129
Tina G. Fowler, Mo. Bar 48522
ELLIS ELLIS HAMMONS & JOHNSON, P.C.
2808 S. Ingram Mill Road, Suite A-104
Springfield, Missouri 65804
rellis3@eehjfirm.com
tfowler@eehjfirm.com
Phone: (417) 866-5091
*Attorneys for Defendants-Appellees*

# **TABLE OF CONTENTS**

TABLE OF AUTHORITIES……………...…………………...…ii

I. INTRODUCTION……………...…………………1

II. APPLICABLE LAW…………...……………………1

III. ARGUMENT………………..……………………..3

    A. CAE's brief is not helpful to this Court's determination…………...………..…………….3

    B. CAE is not an amicus curiae………..……………………7

    C. CAE's brief will not facilitate the Court's consideration of the issues on appeal……..………..…………9

        1. The Parties are adequately represented…..………….9

        2. CAE has shown no interest in another case that may be affected by this appeal…..……………...10

        3. CAE does not have unique information or a unique perspective…..…………...……………10

IV. CONCLUSION…………………...……………………12

# TABLE OF AUTHORITIES

**Cases**

*Altman v. Minn. Dep't of Corr.*, 251 F.3d 1199 (8th Cir. 2002)……………………..11

*American Coll. of Obs. & Gyn. v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983)…..……9

*American Satellite Co. v. United States*, 22 Cl. Ct. 547 (1991)………...……………6

*Erwin v. C.I.R.,* T.C. Memo. 1986-474 (U.S. Tax Ct. 1986)…………...…………10

*Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996)……………….………………9

*Georgia v. Ashcroft*, 195 F.Supp.2d 25 (D.D.C. 2002)……………...………………9

*In re Halo Wireless, Inc*., 684 F.3d 581 (5th Cir. 2012)……………..…………10

*Lee v. Weisman*, 505 U.S. 577 (1992)…………………………………………….6

*Muldrow v. City of St. Louis, Mo*., 30 F.4th 680 (8th Cir. 2022)……….………..3

*Nat'l Org. for Women v. Scheidler*, 223 F.3d 615 (7th Cir. 2000)………...2, 7, 9, 12

*Norgren (Aaron) v. MDHS*, 2023 WL 35904 (D. Minn. Jan. 4, 2023)………………4

*Norgren (Joseph) v. MDHS*, 2023 WL 35903 (D. Minn. Jan. 4, 2023)……………4

*Northern Securities Co. v. United States*, 191 U.S. 555 (1903)…………………2, 9

*Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976)…………………9

*New England Patriots v. Univ. of Colorado*, 592 F.2d 1196 (1st Cir. 1979)……...…6

*Ryan v. Comm. Futures Trading Com'n*, 125 F.3d 1062 (7th Cir. 1997).....6, 8, 9, 11

*Sierra Club, Inc. v. E.P.A*., 358 F.3d 516 (7th Cir. 2004)……………………….3

*Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970)………………...……………2, 5, 9

*United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991)…………...……………2, 7

*Voices for Choices v. Ill. Bell Telephone*, 339 F.3d 542 (7th. Cir. 2003)…......8, 9, 12

*Wolfchild v. Redwood Cty.*, 824 F.3d 761 (8th Cir. 2016)…………….…………..8

*Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985)……………………………….2

**Rules**

Federal Rules of Appellate Procedure 29(a)(2)….………………………………1, 2

Federal Rules of Appellate Procedure 32….………………………………………3

# I. INTRODUCTION

Plaintiffs-Appellants Brooke Henderson and Jennifer Lumley (hereinafter "Plaintiffs") are employees of the School District of Springfield R-12 (the "District"). Plaintiffs disagree with the principles of equity and anti-racism and filed suit against the District, its board, and several of its employees (hereinafter "Defendants") alleging that the 2020 employment-related, anti-racism training they received was unconstitutional in violation of their First Amendment rights. The district court granted Defendants' motion for summary judgment due to Plaintiffs' lack of standing as they suffered no adverse employment action. App. JA5306; R. Doc. 88. Further, recognizing that Plaintiffs dragged Defendants into a political dispute, rather than seeking a remedy for a genuine harm, in conjunction with its finding that extensive discovery revealed an obvious lack of injury-in-fact, the district court awarded Defendants their prevailing party attorney's fees and costs. App. JA5510; R. Doc. 107. Plaintiffs appealed. Center of the American Experiment ("CAE") seeks leave to file an amicus brief in support of Plaintiffs-Appellants.

# II. APPLICABLE LAW

The United States or a state may file an amicus brief without consent or leave of court, but all other amicus curiae may file a brief only by leave of court or if all parties have consented. FED.R.APP.P. 29(a)(2). Defendants do not consent to the

1

request by CAE.[1] Thus, "[w]hether to permit a non-party [such as CAE] to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." *National Organization for Women v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000) (*citing* FED.R.APP.P. 29(a); *United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991); and *Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970)). This Court has discretion to allow the filing of amicus briefs when such filings are "justified by the circumstances." *Northern Securities Co. v. United States*, 191 U.S. 555, 556 (1903). However, leave to file briefs as amicus curiae may be denied where it does not appear that the applicant is interested in any other case which will be affected by the decision and where the parties are represented by competent counsel, whose consent has not been secured. *Id.* In addition, one wishing to submit an amicus brief must show that its participation is useful or desirable to the court and that it will aid the court in determining relevant legal issues. *Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985), *aff'd*, 782 F.2d 1033 (3rd Cir. 1986), *cert. denied*, 476 U.S. 1141 (1986).

In its brief, CAE reiterates Plaintiffs' arguments under the guise of an impartial party, cloaked in alleged public interest. It also boldly takes a view of diversity training that disregards recognized protected classes under the law. On this

---

[1] The first amicus curiae that sought consent to file a brief for Plaintiffs was Americans for Prosperity Foundation ("APF") (*see* Doc. No. 5281338, pp. 1-2). Out of courtesy, Defendants consented to APF's request. But APF took advantage of Defendants' consent, and added five special interest groups as amici curiae to its brief for which Defendants did not consent.

2

basis alone, its participation would not be "helpful" or useful. *See Muldrow v. City of St. Louis, Mo.*, 30 F.4th 680, 692 n. 6 (8th Cir. 2022). CAE is merely a special interest group with no connection to this appeal. *See Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516, 518 (7th Cir. 2004) ("Courts value submissions not to see how the interest groups line up, but to learn about facts and legal perspectives that the litigants have not adequately developed."). Allowing filing of its amicus brief would constitute an unwarranted opportunity for Plaintiffs to extend their arguments beyond the limitations placed on them by the rules of this Court. *See* FED.R.APP.P. 32. CAE's motion for leave to file an amicus brief should be denied

## III.   ARGUMENT

### A.   CAE's brief is not helpful to this Court's determination.

CAE, a Minnesota think tank, is a non-partisan educational organization dedicated to individual sovereignty, private property, and limited government. It claims to support colorblind, race-neutral policies. CAE is heavily involved in Minnesota policy related to "antiracist" requirements in education, which it opposes, and it purports to have expertise with cases seeking to uphold employee rights against required "antiracist" diversity, equity, and inclusion training—albeit it does not offer any case in the context of a public school district, or otherwise, striking

3

down a public employer's right to impose lawful employment-related training.[2] Moreover, CAE asserts this Court should hear its caustic view of how "<u>antiracism cannot be compared with traditional and legitimate human-resources training</u> which call for an employee response, like sexual harassment training." *See* CAE's Motion for Leave; Doc. 5279103, p. 4 (emphasis added). It states:

> Sexual harassment training…is designed to help employees avoid speech or behaviors which could constitute sexual harassment, specifically in the workplace. The implicit threat that an employee can be fired for failing to adhere to prohibitions on sexual harassment is obvious. Why? Because sexual harassment *is* an obvious invasion of the rights of colleagues and students, and so it is an illegitimate behavior and should rightly be punished. Training of this type is often meant to fulfill *true* legal compliance requirements and to address real liability risks in the workplace, such as causing physical harm to men and women if they are harassed. In other words, *legitimate* training…prevents harm to other employees *recognized by the law*, and it protects the employer from liability because of a failure to prevent violations of employee rights.

*Id.* at p. 6-7 (emphasis added). CAE then opines anti-racist training is not legitimate.

---

[2] In fact, the two district court opinions it cites, on appeal before this Court, support this district court's decision. *See Joseph Norgren v. MDHS*, 2023 WL 35903 (D. Minn. Jan. 4, 2023), and *Aaron Norgren v. MDHS*, 2023 WL 35904 (D. Minn. Jan. 4, 2023). There, both employees sought religious exemptions from training, which were denied, and one openly objected to anti-racism training. One quit and the other claimed he was denied time-off after objecting (then filing an EEOC charge). The state's motions to dismiss the Title VII claims were granted, as were its motions to dismiss the compelled speech claims as there was no evidence that the required training compelled either to make or refrain from making statements they disagreed with, nor was there evidence that either would have been subjected to discipline unless they made or refrained from making certain statements. Just as here, CAE has no unique information regarding the *Norgren* appeal, nor does CAE offer any unique helpful perspective to this Court. *See* Section III.C.3, *infra*.

4

Taking CAE at its words means that racial harassment <u>is not</u> an obvious invasion of the rights of colleagues and students. Per CAE, employment-related training addressing harassment based on race or color is not legitimate or recognized by the law. Its view, disavowing workplace trainings designed to help employees avoid speech or behaviors which may constitute harassment based on race or color, is deeply concerning. The implicit threat that an employee can be fired for failing to adhere to the prohibitions against harassment motivated by race or color in the workplace should be readily obvious to CAE, yet it is not. Its position is rubbish.

As with the other amicus who have sought leave, CAE also argues facts. The district court fully addressed the facts CAE highlights, such as Plaintiff Henderson being told she was "confused and wrong" and Plaintiff Lumley being told she needed "additional self-reflection," noting Defendants took no further action in response to their personal views. App. JA5312-5313; R. Doc. 88, at 7-8. Hence why, and understandably, "an amicus [such as CAE] who argues facts should rarely be welcomed." *Strasser*, *supra*, 432 F.2d at 569. And, CAE ignores crucial facts. It never recognizes that Plaintiffs only needed to attend the training, that Plaintiffs made it clear during the training that they objected to the equity and anti-racism concepts as presented by the District, that Plaintiffs were never forced to express views at odds with their personal ones, and that no action was ever taken against

5

them, or threatened against them. App. JA5312-5313; R. Doc. 88, at 7-8. Most notably, Plaintiffs are still employed by the District, a fact CAE conveniently snubs.

CAE also claims the District's training resembles a religious ritual. Quoting alleged religious and racial scholars, and theorists, it claims the District's anti-racism training has the hallmarks of religious fervor and demand for conformity. That position is just that, CAE's view. Understandably "courts frown[] on participation which simply allows the amicus to litigate its own views." *American Satellite Co. v. United States*, 22 Cl. Ct. 547, 549 (1991) (*citing New England Patriots v. Univ. of Colorado*, 592 F.2d 1196, 1198 n. 3 (1st Cir. 1979)). The Court is not helped by an amicus curiae's expression of a strongly held view. *See Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1064 (7th Cir. 1997) (citation omitted). The Court is helped when pointed to considerations germane to its decision of the appeal that the parties have not brought to the Court's attention. *Id.* CAE's claim that the facts bear out the religiosity of the District's anti-racism, brings nothing germane.[3]

---

[3] Further, CAE's reliance on *Lee v. Weisman*, 505 U.S. 577 (1992) is inapposite. There, a student objected to prayers being recited at graduation. The Court held that a public school cannot persuade or compel a student to participate in a religious exercise. *Id.* at 599. Thus, the student's act (prayer), as required by the government, was itself, a religious exercise. Notably, in so holding, the Court did "not address whether that choice is acceptable if the affected citizens are mature adults, but [thought] the State may not, consistent with the Establishment Clause, place primary and secondary school children in th[at] position." *Id.* at 593.

6

Appellate Case: 23-1374    Page: 9    Date Filed: 05/30/2023 Entry ID: 5281700

In short, there is no doubt that CAE, as a public interest group dedicated to free speech and limited government, would, in the employment context of an urban public school district and its lawful and required anti-racism training, be opposed to the district court's orders. Its choice to disregard the protections of race and color, along with its choice to avoid the fact that there were no undesirable consequences towards Plaintiffs arising from their expression of their anti-racism views during the training, makes its brief not useful or remotely helpful.

### B. CAE is not an amicus curiae.

The partisan aspect of CAE's brief alone provides sufficient basis for its rejection. "The orthodox view of amicus curiae was, and is, that of an *impartial* friend of the court—*not an adversary party in interest in the litigation*." *Michigan*, *supra*, 940 F.2d at 165 (citation omitted) (emphasis in original). "[P]articipation…to brief…as a friend of the court was, and continues to be, a privilege within 'the sound discretion of the courts'." *Id.* (citations omitted). CAE readily admits that it is dedicated to Plaintiffs' cause and only now, on appeal, does it purport to take an interest in Plaintiffs' litigation. Its brief only serves to impermissibly inject, without a complete understanding of the underlying facts, interest-group politics into the federal appellate process. *Nat'l Org. for Women*, *supra*, 223 F.3d at 617 (amicus briefs are usually "sponsored or encouraged by…parties in the cases in which they

are sought to be filed, [and] may be intended to circumvent the page limitations on the parties' briefs, to the prejudice of any party who does not have an amicus ally").

And so, a purported amicus, such as CAE, engaged in an adversarial role, should not be allowed to appear. *Ryan*, *supra*, 125 F.3d at 1063. Its adversarial role becomes clear when considering its position regarding the award to defendants of their prevailing party attorney's fees. It equates the complex issues in *Wolfchild v. Redwood Cty.*, 824 F.3d 761 (8th Cir. 2016), where this Court found the district court abused its discretion in sanctioning plaintiffs under Rule 11, with the issues here. This is an apples to oranges comparison. That case required the "interpretation of over 150-year-old statutes, regulations, and legislative history, understanding of past mistreatment of Indian tribes by the United States, and a complicated area of the law." *Id.* at 765. Thus, CAE conveniently ignores well-settled precedent that a plaintiff, who brings a frivolous § 1983 lawsuit, may well be required to pay a defendant's attorney's fees. App. JA5343-5349; R. Doc. 98, at 10-16. Notably, were the shoe on the other foot, CAE would benefit from a plaintiff's attorney's fees award. Prevailing plaintiffs are usually awarded their fees, even when a plaintiff's success is modest and the defense is found not to be frivolous.

Hence, CAE's appearance serves no purpose other than to lobby this Court in Plaintiffs' favor. The fact that such "organizations support or oppose an appeal is a datum that is irrelevant to judicial decision making." *Voices for Choices v. Ill. Bell*

*Telephone Co.*, 339 F.3d 542, 545 (7th. Cir. 2003). The "power of constituents and interest groups" such as CAE are wholly improper in this judicial form and should not be allowed. *Id.*

    **C.    CAE's brief will not facilitate the Court's consideration of the issues on appeal.**

Leave to file an amicus brief should only be granted if the brief assists the Court by presenting ideas, arguments, theories, insights, facts, or data that are not found in the parties' briefs. *Voices for Choices*, *supra*, 339 F.3d at 545. This criterion is more likely satisfied if the party on whose behalf the brief is filed is not adequately or competently represented, the amicus has a direct interest in another case that may be materially affected, or the amicus has a "unique perspective or specific information" that can assist the court beyond what the parties can provide. *Id.* (*citing Nat'l Org. for Women*, *supra*, 223 F.3d at 616-17; *Ryan*, *supra*, 125 F.3d at 1063; and *Georgia v. Ashcroft*, 195 F.Supp.2d 25, 32 (D.D.C. 2002)). Otherwise, leave to file an amicus brief should be denied. *See Northern Securities*, *supra*, 191 U.S. at 556; *American College of Obs. & Gyn. v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983); *Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976); *Strasser*, *supra*, 432 F.2d at 569; and *Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996).

    **1.    The Parties are adequately represented.**

Plaintiffs are adequately represented by Southeastern Legal Foundation. Amicus curiae are to be admitted to assist the Court in cases in which the parties'

9

counsel is inadequate or incompetent. *See*, *e.g.*, *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (denying amicus curiae's request as there was no evidence, *inter alia*, appellees were poorly represented). There is not, nor can there be, any valid contention that Plaintiffs' counsel is not "competent" for purposes of presenting issues and arguments and representing Plaintiffs' interests in this appeal. *See*, *e.g.*, *Erwin v. C.I.R.*, T.C. Memo. 1986-474 (U.S. Tax Ct. 1986) (denying leave where there was no "credible argument…that the briefs to be filed by the parties…w[ould] not fully and completely address all aspects" of the case).

### 2. CAE has shown no interest in another case that may be affected by this appeal.

CAE has not shown that it has a direct interest in another case that may be materially affected by this Court's decision. Nor has CAE shown that it has any interest or understanding of the workings, operations, or administration of a large urban public school district or the premises behind employment-related training, particularly in the context of addressing discrimination. Accordingly, it has no interest, other than an improper political interest, that may be affected by this appeal.

### 3. CAE does not have unique information or a unique perspective.

CAE's brief offers no unique or specialized information, nor does it offer a unique perspective. *See* n. 2, *supra*. Contrary to the role of an amicus curiae, CAE reiterates Plaintiffs' arguments, interjects irrelevant factual minutia of other

inapposite cases into this litigation, generally expounds its interpretations of several cases already extensively briefed before the district court,[4] and emphasizes its own "strongly held view about the weight of evidence." *See* Section III.A, *supra*. As in *Ryan*, where the court rejected an adversarial brief masked as an "amici" filing, CAE restates Plaintiffs' arguments before the district court and in Plaintiff-Appellants' Brief and convolutes case holdings. *Ryan*, *supra*, 125 F.3d at 1064.

CAE's brief, which disregards Plaintiffs' lack of standing and attempts to reargue, albeit incompletely, the merits of the action, will not aid the Court. "In an era of heavy judicial caseloads…and expense of litigation…judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give…all the help…needed for deciding the appeal." *Ryan*, *supra*, 125 F.3d at 1064. CAE's adversarial brief does not contain the type of unique or specialized knowledge required of an amicus. Rather, allowing its proposed brief will serve only to multiply Plaintiffs-Appellants' briefs, unfairly increase their page limitation, and impose an undue burden on the Court and

---

[4] For example, it cites *Altman v. Minn. Dep't of Corr.*, 251 F.3d 1199 (8th Cir. 2002) for the proposition that if training coerces speech on a matter of public concern or chills employees from maintaining their own opinions as a condition of employment, its illegitimate. Unlike here, in *Altman*, the employees *received written reprimands*, making two employees ineligible for promotions. *Id.* at 1200-1201. Thus, although this Court recognized that a public employer may train its employees, establish the parameters of that training, and require employees to participate, an issue of fact remained as to the government's motive in issuing the reprimands. *Id.* at 1203.

Defendants. *See*, *e.g.*, *Nat'l Org for Women*, *supra*, 223 F.3d at 617 (amicus briefs can be a "real burden on the court systems", imposing a "burden of study and the preparation of a possible response on the parties"); and *Voices for Choices*, *supra*, 339 F.3d at 545 (denying leave to amicus curiae as briefs contained few additional citations not found in parties' briefs and slightly more analysis on some points).

### IV.    CONCLUSION

WHEREFORE, Defendants-Appellees respectfully request that Center of the American Experiment's motion for leave to file an amicus brief in support of Plaintiffs-Appellants be denied, that the Court award Defendants-Appellees their attorney's fees and costs incurred, and for such other relief as the Court deems just.

Respectfully submitted,

ELLIS ELLIS HAMMONS & JOHNSON, P.C.

By*:*    */s/ Ransom A Ellis*
  Ransom A Ellis, III
  Mo. Bar 29129
  Tina G. Fowler
  Mo. Bar 48522
  2808 S. Ingram Mill Road, Suite A104
  Springfield, MO  65804
  *Attorneys for Defendants-Appellees*

# Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

  __X__ this document contains 3,758 words, **or**

  _____ this brief uses a monospaced typeface and contains [state the number of] lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

  __X__ this document has been prepared in a proportionally spaced typeface using Word for Windows in 14-point font and Times New Roman type style, **or**

  _____ this document has been prepared in a monospaced typeface using [state name and version of word-processing program] with [state number of characters per inch and name of type style].

(s) *Tina G. Fowler*

Attorney for  Defendants-Appellees

Dated:  May 30, 2023

## **CERTIFICATE OF SERVICE**

      I hereby certify that on this 30th day of May, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy was made available to all electronic filing participants.

                    */s/ Tina G. Fowler*
                    Attorney of Record