# No. 23-1374

In the United States Court of Appeals
for the Eighth Circuit

BROOKE HENDERSON, et al.,
    *Plaintiffs-Appellants*,
v.

SPRINGFIELD R-12 SCHOOL DISTRICT, et al.,
    *Defendants-Appellees*.

_____

On Appeal from the United States District Court
for the Western District of Missouri
Case No. 19-cv-00102 (Harpool, J.)

**Reply in Support of Motion for Leave to File Brief of *Amicus Curiae* Hamilton Lincoln Law Institute in Support of Plaintiffs-Appellants and Reversal**

Adam E. Schulman
HAMILTON LINCOLN LAW INSTITUTE
1629 K Street, NW, Suite 300
Washington, DC 20006
Phone: (610) 457-0856
Email: adam.schulman@hlli.org

*Attorneys for* Amicus Curiae
*Hamilton Lincoln Law Institute*

Defendants "have invested significant time and tax dollars" into opposing HLLI and others' motions for leave to file amicus briefs—"resources [that] would have been better spent ensuring educational opportunities for students." JA5512; R. Doc. 107 at 3. Pursuant to Federal Rule of Appellate Procedure 27(a)(4), HLLI files this short reply to Defendants' 3,160-word opposition to HLLI's 444-word motion for leave to file an amicus brief.

FRAP 29 itself does not forbid amici from having independent ideological views, nor from supporting one of the litigants. *Contra* Defendants' Opp. 6, 8 (impugning HLLI's "partisan" and "improper political interest."). "[I]t is not easy to envisage an amicus who is 'disinterested' but still has an 'interest' in the case." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.).

Most courts follow the permissive *Neonatology* approach and allow amicus briefs if the movant can demonstrate an (a) an adequate interest, (b) desirability, and (c) relevance. *Id.* For a number of reasons, "it is preferable to err on the side of granting leave." *Id.* at 133. First, there is the practical reason that if denied, the court may be deprived of the advantage of a good brief, but if granted, the merits panel can readily decide for itself whether the brief is beneficial or whether to "simply disregard" it. *Id.* "[P]oor quality briefs are usually easy to spot." *Id.* Second, "[a] restrictive policy with respect to granting leave to file may also create at least the perception of viewpoint discrimination" unless the court follows a blanket policy of denying any amicus." *Id.* Third, "[a]

restrictive policy may also convey an unfortunate message about the openness of the court." *Id.*

The contrary restrictive standard advocated by Defendants (and one esteemed former Seventh Circuit Judge) "would contradict" the "fundamental premise" of both "[o]ur adversarial system of justice" and "our First Amendment—a firm belief in the robust and fearless exchange of ideas as the best mechanism for uncovering the truth." *Lefebure v. D'Aquilla*, 15 F.4th 670, 674 (5th Cir. 2021); *accord Neonatology*, 293 F.3d at 131. Nor is that restrictive standard even the current *modus operandi* of the Seventh Circuit. *See Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761 (7th Cir. 2020). That court rejects "copycat" briefs, but not those that "offer something different, new, and important" "not found in the briefs of the parties." *Id.* at 763 (internal quotation omitted). Almost none of the authorities discussed in HLLI's brief appear in Plaintiffs' opening brief. "Participation as amicus curiae will alert the court to the legal contentions of concerned bystanders, and because it leaves the parties free to run their own case is the strongly preferred option." *Bethune Plaza, Inc. v. Lumpkin*, 863 F.2d 525, 533 (7th Cir. 1988) (Easterbrook, J.).

The view of an amicus as an impartial individual who advocates for no particular cause or view "became outdated long ago." *Neonatology*, 293 F.3d at 131. "[T]he fundamental assumption of our adversary system [is] that strong (but fair) advocacy on behalf of opposing views promotes sound decision making. Thus, an amicus who makes a strong but responsible presentation in

2

support of a party can truly serve as the court's friend." *Id.* FRAP 29 does not disqualify amici who have pointed views, legal or ideological.

## Conclusion

For the foregoing reasons, *amicus* respectfully asks the Court to grant its motion for leave to file.

Dated: May 30, 2023

Respectfully submitted,

*/s/ Adam E. Schulman*
Adam E. Schulman
HAMILTON LINCOLN LAW INSTITUTE
1629 K Street, NW Suite 300
Washington, D.C. 20006
Phone: (610) 457-0856
Email: adam.schulman@hlli.org
*Attorneys for Amicus Curiae*
*Hamilton Lincoln Law Institute*

# Certificate of Compliance

      Pursuant to Federal Rule of Appellate Procedure 27, the undersigned certifies that Hamilton Lincoln Law Institute's Reply in Support of Motion for Leave to File Brief of Amicus Curiae Hamilton Lincoln Law Institute in Support of Plaintiffs-Appellants and Reversal complies with the type-volume limitation of Fed. R. App. P. 27(d)(2) because the reply is 564 words long, excluding the parts exempted by Fed. R. App. P. 32(f). This reply complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word 2019 in 14-point CenturyExpd BT font.

Dated: May 30, 2023

                                                /s/ Adam E. Schulman

                                                Adam E. Schulman

## Proof of Service

I hereby certify that on May 30, 2023, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Eighth Circuit using the CM/ECF system, thereby effecting service on counsel of record who are registered for electronic filing.

Executed on May 30, 2023.

*/s/ Adam E. Schulman*
Adam E. Schulman