No. 23-1374, No. 23-1880

# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

BROOKE HENDERSON and JENNIFER LUMLEY,
    *Plaintiffs-Appellants*,

v.

SCHOOL DISTRICT OF SPRINGFIELD R-12, BOARD OF EDUCATION
FOR THE SCHOOL DISTRICT OF SPRINGFIELD R-12,
DR. GRENITA LATHAN, DR. YVANIA GARCIA-PUSATERI, and
LAWRENCE ANDERSON,
    *Defendants-Appellees*.

___

Appeal from the United States District Court for the
Western District of Missouri, Southern Division
The Honorable Douglas Harpool
Case No. 6:21-cv-03219-MDH

___

## DEFENDANTS-APPELLEES' OPPOSITION TO "PACIFIC LEGAL FOUNDATION'S MOTION FOR LEAVE TO FILE A BRIEF AMICUS CURIAE IN SUPPORT OF PLAINTIFFS-APPELLANTS"

___

Ransom A Ellis, III, Mo. Bar 29129
Tina G. Fowler, Mo. Bar 48522
ELLIS ELLIS HAMMONS & JOHNSON, P.C.
2808 S. Ingram Mill Road, Suite A-104
Springfield, Missouri 65804
rellis3@eehjfirm.com
tfowler@eehjfirm.com
Phone: (417) 866-5091
*Attorneys for Defendants-Appellees*

# **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**……………..………………………...…ii

**I.    INTRODUCTION**……………….....……………….…………1

**II.   APPLICABLE LAW**……………...………………….………1

**III.  ARGUMENT**………………..………………………….…….3

       **A.    PLF's brief is not helpful to this Court's determination**……….……….………...……………….3

       **B.    PLF is not an amicus curiae**………,………..……………..6

       **C.    PLF's brief will not facilitate the Court's consideration of the issues on appeal**…….………..…………8

            **1.    The Parties are adequately represented**…..………….9

            **2.    PLF has shown no interest in another case that may be affected by this appeal**…..…....…………..9

            **3.    PLF does not have unique information or a unique perspective**……………...…..…………10

**IV.   CONCLUSION**…………………..………………………11

# TABLE OF AUTHORITIES

**Cases**

*Abad v. Bonham,* 562 F. Supp. 3d 1144 (E.D. Cal. 2022)……………………………10

*American Coll. of Obs. & Gyn. v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983)…..……8

*American Satellite Co. v. United States*, 22 Cl. Ct. 547 (1991)………...……………5

*Barilla v. City of Houston,* 13 F.4th 427 (5th Cir. 2021)……..………………………10

*Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978)…………………………4

*CRST Van Expedited, Inc. v. EEOC,* 578 U.S. 419, 432 (2016)……………………4

*Erwin v. C.I.R.,* T.C. Memo. 1986-474 (U.S. Tax Ct. 1986)…………...……………9

*Flowers v. Jefferson Hosp. Assoc.,* 49 F.3d 391 (8th Cir. 1995)…...………………..4

*Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996)……………….………………8

*Georgia v. Ashcroft*, 195 F.Supp.2d 25 (D.D.C. 2002)……………...………………8

*In re Halo Wireless, Inc*., 684 F.3d 581 (5th Cir. 2012)……………...………………9

*Muldrow v. City of St. Louis, Mo*., 30 F.4th 680 (8th Cir. 2022)……….…………3

*Nat'l Org. for Women v. Scheidler*, 223 F.3d 615 (7th Cir. 2000)………...2, 6, 8, 11

*Northern Securities Co. v. United States*, 191 U.S. 555 (1903)…………….………2, 8

*Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976)…………………8

*New England Patriots v. Univ. of Colorado*, 592 F.2d 1196 (1st Cir. 1979)……...…5

*Ryan v. Comm. Futures Trading Com'n*, 125 F.3d 1062 (7th Cir. 1997).....5, 7, 8, 10

*Sierra Club, Inc. v. E.P.A*., 358 F.3d 516 (7th Cir. 2004)……………………………3

*Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970)………………..……………2, 6, 8

*Telescope Media Grp. V. Lucero,* 936 F.3d 740 (8th Cir. 2019)……………………5

*United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991)…………...………….2, 6

*Voices for Choices v. Ill. Bell Telephone*, 339 F.3d 542 (7th. Cir. 2003)……....8, 11

*Wooley v. Maynard*, 430 U.S. 705 (1977)…………………..………………5

*Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985)…………………………………2

Federal Rules of Appellate Procedure 29(a)(2) or 32…………………………1, 2, 3

## I. INTRODUCTION

Plaintiffs-Appellants Brooke Henderson and Jennifer Lumley (hereinafter "Plaintiffs") are employees of the School District of Springfield R-12 (the "District"). Plaintiffs disagree with the principles of equity and anti-racism and filed suit against the District, its board, and several of its employees (hereinafter "Defendants") alleging that the 2020 employment-related, anti-racism training they received was unconstitutional in violation of their First Amendment rights. The district court granted Defendants' motion for summary judgment due to Plaintiffs' lack of standing as they suffered no adverse employment action. App. JA5306; R. Doc. 88. Further, recognizing that Plaintiffs dragged Defendants into a political dispute, rather than seeking a remedy for a genuine harm, in conjunction with its finding that extensive discovery revealed an obvious lack of injury-in-fact, the district court awarded Defendants their prevailing party attorney's fees and costs. App. JA5510; R. Doc. 107. Plaintiffs appealed. Pacific Legal Foundation ("PLF") seeks leave to file an amicus brief in support of Plaintiffs-Appellants.

## II. APPLICABLE LAW

The United States or a state may file an amicus brief without consent or leave of court, but all other amicus curiae may file a brief only by leave of court or if all parties have consented. FED.R.APP.P. 29(a)(2). Defendants do not consent to the

1

request by PLF.[1] Thus, "[w]hether to permit a non-party [such as PLF] to submit a brief, as amicus curiae, is, with immaterial exceptions, a matter of judicial grace." *National Organization for Women v. Scheidler*, 223 F.3d 615, 616 (7th Cir. 2000) (*citing* FED.R.APP.P. 29(a); *United States v. Michigan*, 940 F.2d 143 (6th Cir. 1991); and *Strasser v. Doorley*, 432 F.2d 567 (1st Cir. 1970)). This Court has discretion to allow the filing of amicus briefs when such filings are "justified by the circumstances." *Northern Securities Co. v. United States*, 191 U.S. 555, 556 (1903). Leave may be denied where it does not appear that the applicant is interested in any other case which will be affected by the decision and where the parties are represented by competent counsel, whose consent has not been secured. *Id.* An amicus must show that its participation is useful or desirable and that it will aid the court in determining relevant legal issues. *Yip v. Pagano*, 606 F. Supp. 1566 (D.N.J. 1985), *aff'd*, 782 F.2d 1033 (3rd Cir. 1986), *cert. denied*, 476 U.S. 1141 (1986).

In its brief, PLF offers nothing to show that it has any claimed interest in the district court's order awarding Defendants their prevailing party attorney's fees. Its proposed amicus brief picks and chooses when PLF thinks the district court considered too little, or considered too much. Under the guise of an impartial party,

---

[1] The first amicus curiae that sought consent to file a brief for Plaintiffs was Americans for Prosperity Foundation ("APF") (*see* Doc. No. 5281338, pp. 1-2). Out of courtesy, Defendants consented to APF's request. But APF took advantage of Defendants' consent, and added five special interest groups as amici curiae for which Defendants did not consent.

2

PLF also makes much of the fact that Plaintiffs are supported and represented by nonprofit lawyers operating free of charge, lawyers it claims are advancing civil rights through litigation. PLF has not shown that its participation would be "helpful" or useful. *See Muldrow v. City of St. Louis, Mo.*, 30 F.4th 680, 692 n. 6 (8th Cir. 2022). PLF is merely a special interest group, a true ally of Plaintiffs, with no connection to this appeal. *See Sierra Club, Inc. v. E.P.A.*, 358 F.3d 516, 518 (7th Cir. 2004) ("Courts value submissions not to see how the interest groups line up, but to learn about facts and legal perspectives that the litigants have not adequately developed."). Allowing PLF to file its brief ensures an opportunity for Plaintiffs to extend their arguments beyond the limitations allowed by the rules of this Court. *See* FED.R.APP.P. 32. PLF's motion for leave should be denied.

### III. ARGUMENT

#### A. PLF's brief is not helpful to this Court's determination.

PLF is a donor-funded organization that represents clients free of charge to challenge claimed violations of their constitutional and statutory rights. It claims that it is ideally placed to assist the Court as PLF has expertise in civil rights litigation, First Amendment litigation, and attorney's fees issues under 42 U.S.C. § 1988. It argues that the district court's attorney's fees award to Defendants is a threat to PLF's work and civil rights litigation.

3

PLF claims it can assist the Court by explaining how the district court allegedly engaged in *post hoc* reasoning when it found that Plaintiffs had no "arguable" basis for their claims by misapplying the "frivolous, unreasonable, or groundless" standard of *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412 (1978). At bottom, PLF's position is based on its view that merely believing in a novel theory, regardless of its frivolity, or what it may cost one's opponent, is enough to litigate without any risk of being assessed a defendant's attorney's fees. Its view does not remotely address the facts at hand before the district court, or the district court's analysis of those facts when rendering its underlying order, which were considered as part of the district court's attorney's fees award. Moreover, PLF disregards that *Christiansburg,* and subsequent opinions,[2] were briefed by the parties before the district court in light of the facts at hand.

An amicus brief, such as the one proposed by PLF, reminds us of why "courts frown[] on participation which simply allows the amicus to litigate its own views."

---

[2] *See*, *e.g.*, *CRST Van Expedited, Inc. v. EEOC*, 578 U.S. 419, 432 (2016) (applying *Christiansburg* and solidifying that a defendant too can be awarded its fees arising out of the "burdens associated with fending off frivolous litigation" for "Congress must have intended that a defendant could recover fees expended in frivolous, unreasonable, or groundless litigation when the case is resolved in the defendant's favor, whether on the merits or not [as here]") (citations omitted); and *Flowers v. Jefferson Hosp. Assoc.*, 49 F.3d 391 (8th Cir. 1995) (considering the Supreme Court's admonition in *Christiansburg* to refrain from *post hoc* reasoning and view reasonableness of the matter from plaintiff's perspective, concluding district court did not abuse its discretion in awarding defendant its attorney's fees).

*American Satellite Co. v. United States*, 22 Cl. Ct. 547, 549 (1991) (*citing New England Patriots v. Univ. of Colorado*, 592 F.2d 1196, 1198 n. 3 (1st Cir. 1979)). The Court is "not helped by an amicus curiae's expression of a 'strongly held view' about the weight of the evidence." *Ryan v. Commodity Futures Trading Com'n*, 125 F.3d 1062, 1064 (7th Cir. 1997). It is helped "by being pointed to considerations germane to [its] decision…that the parties…have not brought to [the Court's] attention." *Id.*

PLF offers nothing germane. It argues on the one hand that the district court "in a conclusory fashion void of reasoning" determined that Plaintiffs had not suffered an injury-in-fact, and then, on the other hand, claims that because the district court had to "parse and distinguish seemingly on-point cases" offered by Plaintiffs[3] that their case was at least "arguable." Thus, PLF picks and chooses whether the

---

[3] For example, when briefing before the district court Plaintiffs relied on *Telescope Media Grp. V. Lucero*, 936 F.3d 740 (8th Cir. 2019). In countering Plaintiff's reliance on that case, the district court pointed out that a Minnesota law required videographers to speak favorably about same-sex marriage if they choose to speak favorable about opposite-sex marriage. The same analysis was true in *Wooley v. Maynard*, 430 U.S. 705 (1977) (state law required driver to display license plate with state motto or face fines/jail time). And as for *Wooley*, PLF appears to agree that even that level of compulsion, may not actually be compulsion, citing Justice Rehnquist in his dissent. *Id.* at 720 (stating, "State has not forced appellees…to communicate ideas with nonverbal actions reasonably likened to 'speech,' such as wearing a lapel button promoting a political candidate or waving a flag as a symbolic gesture. The State has simply required that all noncommercial automobiles bear license tags with the state motto, 'Live Free or Die.' Appellees have not been forced to affirm or reject that motto; they are simply required by the State, under its police power, to carry a state auto license tag for identification and registration purposes.")

5

district court's non-consideration of the facts, or consideration of them, advances its argument. An amicus who picks and chooses when, and when not, to seek or use facts is no different than one who argues facts. Such an "amicus…should rarely be welcomed." *Strasser*, *supra*, 432 F.2d at 569. PLF's brief is not helpful.

## B. PLF is not an amicus curiae.

The partisan aspect of PLF's brief alone provides sufficient basis for its rejection. "The orthodox view of amicus curiae was, and is, that of an *impartial* friend of the court—*not an adversary party in interest in the litigation*." *Michigan*, *supra*, 940 F.2d at 165 (citation omitted) (emphasis in original). "[P]articipation…to brief…as a friend of the court was, and continues to be, a privilege within 'the sound discretion of the courts'." *Id.* (citations omitted). Here, PLF advocates for Plaintiffs' lawyers and the Southeastern Legal Foundation ("SLF"). And, although it notably admits that "it may be debatable whether Plaintiffs have standing," it asserts its appearance is necessary given that SLF, the nonprofit that supports Plaintiffs, is engaged in "valuable American tradition of advancing civil rights litigation." But, being a cheerleader for SLF at the appellate level offers nothing to this Court and only serves to impermissibly inject interest-group politics into the federal appellate process. *Nat'l Org. for Women*, *supra*, 223 F.3d at 617. Such proves that PLF's brief <u>is</u> in fact "sponsored or encouraged by" Plaintiffs and <u>is</u> "intended to circumvent the page limitations" on Plaintiffs' brief "to the prejudice" of Defendants. *Id.*

6

PLF further shows its partisan role when arguing that the "program at issue in this case is new" and that any award against Plaintiffs threatens the ability of pro bono civil litigants to deal with novel situations. It claims Plaintiffs put their jobs and reputations at risk to bring suit challenging a program imposed on them by their employers and popular in their industry. The "program" is anti-racism training and the "industry" at issue is the students the District serves. Even if Plaintiffs do not agree with anti-racism, they are not free to litigate a frivolous claim just because they "are supported and represented by a nonprofit operating free of charge." In PLF's view, the District in essence had no right to defend itself and although it undertook defense efforts, it should have known that it was doing so at its peril because a pro bono civil litigant can never be responsible for a defendant's costs of defense. But this is not the law. Just because a case is a claimed public interest one does not make it immune from paying a defendant's attorney's fees should the case fail. To find otherwise would ignore well-settled precedent that a plaintiff, who brings a frivolous § 1983 lawsuit, and who continues to pursue that claim after the facts confirm its frivolity due to lack of injury in fact, should be required to pay a defendant's attorney's fees. App. JA5343-5349; R. Doc. 98, at 10-16.

In short, PLF is a confirmed ally of Plaintiffs and it should not be allowed to appear. *Ryan*, *supra*, 125 F.3d at 1063. PLF's appearance serves no purpose other than to lobby this Court in Plaintiffs' favor. The fact that "organizations [such as

PLF] support or oppose an appeal is a datum that is irrelevant to judicial decision making." *Voices for Choices v. Ill. Bell Telephone Co.*, 339 F.3d 542, 545 (7th. Cir. 2003). The "power of constituents and interest groups" such as PLF are improper in this judicial forum and should not be allowed. *Id.*

### C. PLF's brief will not facilitate the Court's consideration of the issues on appeal.

Leave to file an amicus brief should only be granted if the brief assists the Court by presenting ideas, arguments, theories, insights, facts, or data that are not found in the parties' briefs. *Voices for Choices*, *supra*, 339 F.3d at 545. This criterion is more likely satisfied if the party on whose behalf the brief is filed is not adequately or competently represented, the amicus has a direct interest in another case that may be materially affected by the appellate decision, or the amicus has a "unique perspective or specific information" that can assist the court. *Id.* (*citing Nat'l Org. for Women*, *supra*, 223 F.3d at 616-17; *Ryan*, *supra*, 125 F.3d at 1063; and *Georgia v. Ashcroft*, 195 F.Supp.2d 25, 32 (D.D.C. 2002)). Otherwise, leave to file an amicus brief should be denied by the Court. *See*, *e.g.*, *Northern Securities*, *supra*, 191 U.S. at 556; *American Coll. of Obs. & Gyn. v. Thornburgh*, 699 F.2d 644 (3d Cir. 1983); *Rucker v. Great Scott Supermarkets*, 528 F.2d 393 (6th Cir. 1976); *Strasser*, *supra*, 432 F.2d at 569; and *Fluor Corp. v. United States*, 35 Fed. Cl. 284 (1996).

### 1. The Parties are adequately represented.

Plaintiffs are adequately represented by Southeastern Legal Foundation. Amicus curiae are to be admitted to assist the Court in cases in which the parties' counsel is inadequate or incompetent. *See*, *e.g.*, *In re Halo Wireless, Inc.*, 684 F.3d 581, 596 (5th Cir. 2012) (denying amicus curiae's request as there was no evidence, *inter alia*, appellees were poorly represented). There is not, nor can there be, any valid contention that Plaintiffs' counsel is not "competent" for purposes of presenting issues and arguments and representing Plaintiffs' interests in this appeal. *See*, *e.g.*, *Erwin v. C.I.R.*, T.C. Memo. 1986-474 (U.S. Tax Ct. 1986) (denying leave where there was no "credible argument…that the briefs to be filed by the parties…w[ould] not fully and completely address all aspects" of the case).

### 2. PLF has shown no interest in another case that may be affected by this appeal.

PLF has not shown that it has a direct interest in another case that may be materially affected by this Court's decision. Nor has PLF shown that it has any interest or understanding of the workings, operations, or administration of a large urban public school district or the premises behind employment-related training, particularly in the context of addressing discrimination. Accordingly, it has no interest, other than an improper political interest, that may be affected by this appeal.

9

### 3. PLF does not have unique information or a unique perspective.

PLF's brief adds nothing new or unique. And this is particularly true relating to its claim that its own amicus curiae cases illustrate how important it is that Plaintiffs are not deterred from proceeding with "arguable" standing claims. In fact, one would think that after being involved in those cases that PLF would have a much better grasp on what a plaintiff must show to establish standing.[4] PLF's brief merely emphasizes its own "strongly held view about the weight of evidence." *See* Section III.A, *supra*. PLF's adversarial brief masked as an "amici" filing should be rejected. *See Ryan*, *supra*¸ 125 F.3d at 1064. Its brief, which offers nothing by way of facts or law to support any standing by Plaintiffs will not aid the Court. "In an era of heavy judicial caseloads…and expense of litigation…judges should be assiduous to bar the gates to amicus curiae briefs that fail to present convincing reasons why the parties' briefs do not give…all the help…needed for deciding the appeal." *Id.* at 1064. Its brief does not contain the type of unique or specialized knowledge required of an amicus. Its proposed brief will serve only to multiply Plaintiffs-Appellants' briefs,

---

[4] *See Barilla v. City of Houston*, 13 F.4th 427 (5th Cir. 2021) (plaintiff, who had previously received busking permit in theater district, had standing when he challenged ordinance denying busking outside of theater district; prior permit showed serious intent to engage in conduct proscribed by ordinance); and *Abad v. Bonham*, 562 F. Supp. 3d 1144 (E.D. Cal. 2022) (as buyers would not purchase fish caught by drift gill nets without state permit, plaintiffs had standing to challenge law that prevented them from obtaining permits to commercially fish with drift gill nets).

10

unfairly increase their page limitation, and impose an undue burden on the Court and Defendants. *See*, *e.g.*, *Nat'l Org for Women*, *supra*, 223 F.3d at 617 (amicus briefs can be a "real burden on the court systems", imposing a "burden of study and the preparation of a possible response on the parties"); and *Voices for Choices*, *supra*, 339 F.3d at 545 (denying leave to file amicus briefs which contained few additional citations not found in parties' briefs and slightly more analysis).

## IV. CONCLUSION

WHEREFORE, Defendants-Appellees respectfully request that that the motion for leave by Pacific Legal Foundation to file an amicus brief in support of Plaintiffs-Appellants be denied, that the Court award Defendants-Appellees their attorney's fees and costs incurred, and for such other relief as the Court deems just.

Respectfully submitted,

ELLIS ELLIS HAMMONS & JOHNSON, P.C.

By*:*   */s/ Ransom A Ellis*
Ransom A Ellis, III, Mo. Bar 29129
Tina G. Fowler, Mo. Bar 48522
2808 S. Ingram Mill Road, Suite A104
Springfield, MO  65804
*Attorneys for Defendants-Appellees*

# Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements

1. This document complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f):

    X    this document contains 3,545 words, **or**

         this brief uses a monospaced typeface and contains [state the number of] lines of text.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

   X    this document has been prepared in a proportionally spaced typeface using Word for Windows in 14-point font and Times New Roman type style, **or**

         this document has been prepared in a monospaced typeface using [state name and version of word-processing program] with [state number of characters per inch and name of type style].

(s) *Tina G. Fowler*

Attorney for   Defendants-Appellees

Dated:   June 1, 2023

12

Appellate Case: 23-1374     Page: 15     Date Filed: 06/01/2023 Entry ID: 5282948

## **CERTIFICATE OF SERVICE**

   I hereby certify that on this 1st day of June, 2023, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and a copy was made available to all electronic filing participants.

            */s/ Tina G. Fowler*
             Attorney of Record

Appellate Case: 23-1374   Page: 16   Date Filed: 06/01/2023 Entry ID: 5282948