Case No. 23-1374 & 23-1880

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

BROOKE HENDERSON and JENNIFER LUMLEY,

                                            Plaintiffs-Appellants,

v.

SCHOOL DISTRICT OF SPRINGFIELD R-12, et al.,

                                            Appellees.

**REPLY OF AMICI GOLDWATER INSTITUTE, ET AL.,
IN SUPPORT OF MOTION TO FILE AMICUS BRIEF**

On Appeal from the United States District Court
for the Western District of Missouri - Springfield
Case No. 6:21-cv-03219, Hon. M. Douglas Harpool, presiding

**Scharf-Norton Center for
Constitutional Litigation at the
GOLDWATER INSTITUTE**
Timothy Sandefur
Adam C. Shelton
500 E. Coronado Rd.
Phoenix, Arizona 85004
(602) 462-5000
litigation@goldwaterinstitute.org

*Attorney for Amici Curiae*

Amici "perform a valuable role for the judiciary" because they can "broaden[] [the court's] perspective on the issues raised by the parties" and "enrich[] the judicial decisionmaking process." *Connerly v. State Pers. Bd.*, 37 Cal. 4th 1169, 1177 (2006) (citation omitted). Participation by amici "promotes sound decision making" by ensuring "strong (but fair) advocacy on behalf of opposing views." *Neonatology Assoc., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 131 (3d Cir. 2002).

An amicus need not show it's impartial, or that the parties are inadequately represented, because "an amicus who makes a strong but responsible presentation *in support of a party* can truly serve as the court's friend," and "requiring a prospective amicus to undertake the distasteful task of showing that the attorney for the party that the amicus wishes to support is incompetent is likely to discourage amici in instances in which…an amicus submission would be valuable to the court." *Id*. at 131–32 (emphasis added).

Goldwater Institute, et al. (GI)'s experience and expertise regarding Anti-Racism (AR) theory enriches the decision-making process here by providing extensive scholarship and perspective regarding AR, which helps explain why the District Court erred. Specifically, that court disregarded the fact that a speech "chill" happens when a "person of ordinary firmness" *would have* thought that speaking out would incur recriminations. *Garcia v. City of Trenton,* 348 F.3d 726, 729 (8th Cir. 2003). The nature of AR theory makes it *inevitable* that the Plaintiff/Appellants would have believed that. The reason is that AR theory considers it racist to disagree with AR theory. To prove this, it's necessary for amici to offer the Court extensive background on AR theory, which is what GI's brief does. GI's brief will help the Court see just how AR theory in practice could support a chilled speech claim due to the unique societal pressures that accompany it.

Appellees' opposition is meritless and self-contradictory. They complain that GI's brief is not "*impartial*," Opp'n at 6, but an amicus is not required to be impartial; indeed, impartiality is a "virtually impossible" standard to meet, and such a requirement "flies in the face of current appellate practice." *Neonatology Assocs. v. C.I.R.*, 293 F.3d 128, 131 (3d Cir. 2002). Even *United States v. Michigan*, 940 F.2d 143, 164–65 (6th Cir. 1991), which Appellees cite, recognized that the idea of an "impartial" amicus—in the sense Appellees mean—was "[h]istorically" true but has now been "departed" from.[1]

Appellees also offer self-contradictory objections. They say GI offers "its own views" and "its [own] version" of the issues, Opp'n at 4–5, but also that GI is "sponsored" by the Plaintiffs and that its brief is just "circumvent[ing] the page limitations." *Id.* at 7. Both can't be true. In fact, GI offers its own views, nothing more. Appellees quote *Voices for Choices v. Illinois Bell Telephone Co.,* 339 F.3d 542, 545 (7th Cir. 2003), for the proposition that an amicus brief is appropriate when the amicus "has a unique perspective or specific information that can assist the court beyond what the parties can provide," Opp'n at 8, and that's what GI's brief does—yet Appellees also complain that GI "spends most of its thirty-page brief arguing about 'anti-racism (AR) theory' or the 'anti-racist (AR) doctrine,'" *id.* at 6, which *is* specific information and *is* GI's unique perspective.

Appellees complain that GI is "lobby[ing] this Court in Plaintiffs' favor," *id.* at 8, but that's just a dysphemism for urging the Court to reverse. Anyway, the

---

[1] That case concerned a bizarre situation in which the District Court let the amicus actually *litigate* the case (filing motions, etc.), which is not permitted—but nothing like that is happening here. As *Wyatt ex. rel. Rawlins v. Hanan*, 868 F. Supp. 1356, 1358 (M.D. Ala. 1994), explained, the purported amici in *Michigan* were acting like a "named party/real party in interest." While that isn't allowed, an amicus "may still be adversarial; indeed, it must if it is to make its point." *Id.* That's what's happening here.

rules expressly contemplate that. Fed. R. Civ. P. 29(a)(3)(B), (4). Amici do it all the time. *See, e.g., Atteberry v. Maumelle Co.*, 60 F.3d 415, 419 (8th Cir. 1995) (amicus urging reversal); *Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1333 (8th Cir. 1986) (Battey, J., dissenting) (same); *Brewer v. Hoxie Sch. Dist. No. 46*, 238 F.2d 91, 94 (8th Cir. 1956) (same).

The logical inconsistency of Appellees' complaints—and the fact that they filed the same meritless objections to practically all the amicus briefs—shows that they really just disagree with GI's arguments. They have every right to do that—but should do it in merits briefing, not an objection to the filing of an amicus brief.

## CONCLUSION

GI's motion to appear as amici curiae should be *granted*.

Date: June 1, 2023

/s/ *Timothy Sandefur*
Timothy Sandefur
Adam C. Shelton
**Scharf-Norton Center for Constitutional Litigation at the GOLDWATER INSTITUTE**
*Attorney for Amicus Curiae*

# CERTIFICATE OF COMPLIANCE

Pursuant to Fed. R. App. P. 32(a)(7)(C), I certify that:

This motion complies with the type-volume limitation of Fed. R. App. P. 27(d)(2)(A) because this brief contains 816 words.

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because this brief has been prepared in proportionately spaced typeface using Microsoft Word Times New Roman 14-point font.

Date: June 1, 2023

/s/ *Timothy Sandefur*
Timothy Sandefur
Adam C. Shelton
**Scharf-Norton Center for Constitutional Litigation at the GOLDWATER INSTITUTE**
*Attorney for Amici Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that on May 19, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

<u>/s/ *Timothy Sandefur*</u>
Timothy Sandefur