Nos. 23-1374 & 23-1880

# In the United States Court of Appeals for the Eight Circuit

---

BROOKE HENDERSON et al.,

*Plaintiffs-Appellants*,

v.

SCHOOL DISTRICT OF SPRINGFIELD R12, et al.,

*Defendants-Appellees*.

---

Appeal from a Judgment of the United States District Court
for the Western District of Missouri (Southern Division),
The Hon. Douglas M. Harpool
(Dist. Ct. No. 6:21-cv-03219)

---

**REPLY IN SUPPORT OF MOTION BY INSTITUTE FOR FREE SPEECH AND MANHATTAN INSTITUTE FOR LEAVE TO FILE AN AMICI CURIAE BRIEF IN SUPPORT OF APPELLANTS BROOKE HENDERSON AND JENNIFER LUMLEY**

---

Ilya Shapiro
MANHATTAN INSTITUTE
52 Vanderbilt Ave.
New York, NY 10017
212-599-7000
ishapiro@manhattan-institute

Endel Kolde
Alan Gura
INSTITUTE FOR FREE SPEECH
1150 Connecticut Ave., N.W., Ste. 801
Washington, DC 20036
202-301-1664
dkolde@ifs.org
agura@ifs.org

June 6, 2023

Counsel for Amici Curiae

Reply in Support of Motion for Leave to File Brief Amici Curiae

Defendants' notion that amici must be impartial, in the sense that amici cannot take on an "adversary role," has not been the law for some time. Consistent with the modern rule, courts today grant leave to participate as amici even when they have an interest in the outcome.

IFS and the Manhattan Institute seek to perform the ordinary amici function. Their brief relates the issues in this case to broader developments and concerns within both organizations' areas of expertise. That includes explaining the specific First Amendment problems inherent in mandating Defendants' official "antiracist" ideology. And as seasoned participants in federal civil rights litigation, amici are well-suited to supporting Plaintiffs' argument that a reasonable observer might well question the district court's impartiality—the touchstone of Plaintiffs' request for reassignment on remand under well-established precedent.

This Court should grant the motion for leave.

## ARGUMENT

### I. AMICI ARE ALLOWED TO DISAGREE WITH DEFENDANTS

Opposition to the filing of amicus briefs is quite rare, and for good reason. In the (unusual) absence of consent, an amicus motion need only show "(A) the movant's interest; and (B) the reason why an amicus brief is desirable and why the matters asserted are relevant to the disposition of the case." Fed. R. App. P. 29(a)(3).

Defendants' description of an amicus as an impartial party that does not advocate for one or the other side "became outdated long ago." *Neonatology Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.). Today, Rule 29(a)(4) requires amici to "identify the party or parties supported and indicate whether the brief supports affirmance or reversal" on the brief's cover. And Rule 29(a)(6) prescribes the deadlines for filing amicus briefs based on which, if any party, is "being supported," allowing but not requiring that an amicus might file a brief "that does not support either party." Thus, the underlying rule contemplates that amici may support one side over the other.

Indeed, "it is not easy to envisage an amicus who is 'disinterested' but still has an 'interest' in the case." *Neonatology*, 293 F.3d at 131. It is

2

a "fundamental assumption of our adversary system that strong (but fair) advocacy on behalf of opposing views promotes sound decision making." *Id.*

II. AMICI'S BRIEF ADDS VALUABLE PERSPECTIVES

Defendants focus on the outlying opinions of a single Seventh Circuit judge who adopted a restrictive approach to amicus briefs. But that approach does not now represent the prevailing practice of that circuit, which distilled from these opinions an emphasis on "whether the submission 'will assist the judges by presenting ideas, arguments, theories, insights, facts, or data that are not found in the briefs of the parties.'" *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020) (quoting *Practitioner's Handbook for Appeals to the United States Court of Appeals for the Seventh Circuit*, XXII.B "Amicus Briefs" (2020 ed.)).

This view is widely accepted. *See, e.g.*, *Neonatology*, 293 F.3d at 132-33 (discussing how amici offer useful insights such as "collect[ing] background or factual references that merit judicial notice," "particular expertise not possessed by any party to the case," "argue points deemed too far-reaching for emphasis by a party," and can "explain the impact a

3

potential holding might have on an industry or other group"); *City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 566 n.25 (11th Cir. 1998) (discussing helpful amici briefs); *Funbus Sys., Inc. v. California Public Utilities Comm'n*, 801 F.2d 1120, 1125 (9th Cir. 1986) ("[A]mici fulfill the classic role of amicus curiae by assisting in a case of general public interest, . . . supplementing the efforts of counsel, and drawing the court's attention to law that might otherwise escape consideration.").

Moreover, amici are allowed to expand on points addressed by Plaintiffs. "Even when a party is very well represented, an amicus may provide important assistance to the court . . ., [including arguing] points deemed too far-reaching for emphasis by a party." *Neonatology*, 293 F.3d at 132 (citation omitted).

IFS and the Manhattan Institute manifestly fulfill this role, explaining why and how Defendants' mandatory ideology conflicts with our nation's foundational legal principles and thus calls for Plaintiffs to violate the law. And amici expand upon Plaintiffs' reassignment request—a request that turns on how observers might view the district court's handling of this case.

4

CONCLUSION

However this case might be decided, Defendants' behavior here plainly demands careful and complete review. It is perhaps unsurprising that Defendants' behavior has attracted negative attention from so many diverse amici—and that government officials who compel subordinates to adopt radical ideologies offensive to so many Americans would seek to deny that those perspectives and analyses be included for this Court's consideration.

Whether any of Defendants' attacks on amici's brief have merit is something that the panel could determine in due course. For now, all that matters is that the brief plainly satisfies Rule 29's requirements.

The motion should be granted.

Dated: June 6, 2023    Respectfully submitted,

 *s/Ilya Shapiro*                           *s/Endel Kolde*
Ilya Shapiro                                Endel Kolde
MANHATTAN INSTITUTE                         Alan Gura
52 Vanderbilt Ave.                          INSTITUTE FOR FREE SPEECH
New York, NY 10017                          1150 Connecticut Ave., N.W., #801
212-599-7000                                Washington, DC 20036
ishapiro@manhattan-institute               202-301-1664
                                            dkolde@ifs.org
                                            agura@ifs.org

                                            Counsel for Amici Curiae

5

CERTIFICATE OF COMPLIANCE

In accordance with FED. R. APP. P. 27 and 32, I certify that this brief is set in 14-point Century Schoolbook, a proportionately spaced font, contains 832 words as calculated by Microsoft Word. I further certify that this brief is virus free, as determined by Windows Security – Virus & threat protection.

Dated: June 6, 2023

*s/Endel Kolde*

Appellate Case: 23-1374     Page: 7     Date Filed: 06/06/2023 Entry ID: 5284162

CERTIFICATE OF SERVICE

I hereby certify that today I electronically filed this brief using the appellate CM/ECF system and that all participants are registered CM/ECF users and will be served via that platform.

Dated: June 6, 2023

*s/Endel Kolde*