Nos. 23-1374 & No. 23-1880

# In the United States Court of Appeals for the Eighth Circuit

BROOKE HENDERSON, et al.,
*Plaintiffs-Appellants*,

v.

SCHOOL DISTRICT OF SPRINGFIELD R-12, et al.,
*Defendants-Appellees*,

On Appeal from the United States District Court
for the Western District of Missouri,
No. 6:21-cv-03219 (Harpool, J.)
_____

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF OF
*AMICUS CURIAE* PARENTS DEFENDING EDUCATION
IN SUPPORT OF APPELLANTS AND REVERSAL**
_____

J. Michael Connolly
Cameron T. Norris
James F. Hasson
Consovoy McCarthy PLLC
1600 Wilson Boulevard, Suite 700
Arlington, VA 22201
(703) 243-9423
mike@consovoymccarthy.com
cam@consovoymccarthy.com
james@consovoymccarthy.com
*Counsel for Parents Defending Education*

The School District of Springfield has lamented Plaintiffs' supposed "extensive motions practice," and it has emphasized parties' duties to refrain from "trivializ[ing] and squander[ing] the important business of the federal courts." R. Doc. 98, 11, 17. Yet the District has filed eight virtually identical briefs opposing the consideration of routine *amicus* briefs from interested parties on appeal. If the District were truly concerned about "heavy judicial caseloads" and "the expense of litigation," District-Br. 10, it should have consented to *amici* participation, as is the standard practice in courts of appeals across the country.

Indeed, consenting to *amicus* briefs is such common and routine practice that the Supreme Court of the United States recently amended its rules to eliminate "[t]he requirement to either obtain consent to file an amicus curiae brief or file a motion for leave to file the brief." Revisions to Rules of the Supreme Court of the United States, at 7-9 (2023), https://perma.cc/9BE6-YC4L. The Court amended its rules because the consent requirement does not "serv[e] [as] a useful gatekeeping function" and "compliance with the rule imposes unnecessary burdens upon litigants and the Court." *Id.* at 9. None of the District's arguments can overcome the heavy presumption in favor of granting leave to file an *amicus* brief.

*First,* the District claims that PDE is "not an *amicus curiae*" because it is not "impartial." District-Br. 6-7. While the District's characterization of the role of *amici* as "impartial" observers "was once accurate," it "became outdated long ago." *Neonatology*

1

*Assocs., P.A. v. Comm'r*, 293 F.3d 128, 131 (3d Cir. 2002) (Alito, J.). As then-Judge Alito noted more than twenty years ago, the modern version of Rule 29 only "requires that an *amicus* have an 'interest' in the case," and the District's "argument that an amicus must be impartial is difficult to square with this requirement." *Id.*; *see also id.* ("An accepted definition of the term 'impartial' is 'disinterested,' and it is not easy to envisage an amicus who is 'disinterested' but still has an 'interest' in the case." (cleaned up)); *Atteberry v. Maumelle Co.*, 60 F.3d 415, 419 (8th Cir. 1995). Even the 1991 case the District relies upon, *United States v. Michigan*, states that the courts of appeals have long since "departed" from the position that the District claims this Court must adopt. 940 F.2d 143, 164-65 (6th Cir. 1991).

*Second*, the District's claim that "PDE's brief is not helpful" to the resolution of this case is merely more arguments on the merits. District-Br. 3-6; *see, e.g.*, District-Br. 4 ("One would think that [the District's required training"] would be sincerely appreciated by an organization of parents of students such as PDE; ominously, it is not."); *id.* at 5 ("PDE misses the point"); *id.* at 7 (PDE's motion "must be closely scrutinized" because PDE is "an advocate for Plaintiffs"); *id.* at 9 (PDE does not have "a unique perspective" because, *inter alia*, "its case interpretations are misguided"). To the extent the District believes that PDE "argues facts" instead of the law, PDE's brief stands for itself. *See generally* PDE-Br. (citing two dozen sources of controlling and persuasive authority).

*Last*, the District's conclusory argument that PDE's brief "will not facilitate the Court's consideration of the issues" is wrong. *See* District-Br. 8-11. The District claims, *inter alia*, that "PDE does not have … a unique perspective." *Id.* at 9. Yet PDE routinely files *amicus* briefs in cases that concern K-12 education, and no court has ever agreed with the District's position. *See, e.g.*, *B.P.J. v. West Virginia State Bd. of Educ.*, No. 23-1078, Doc. 117 (4th Cir. May 4, 2023) (granting PDE's motion for leave to file amicus brief).

The Court should grant PDE's motion.

Dated: June 6, 2023                    Respectfully Submitted,

/s/ James F. Hasson

J. MICHAEL CONNOLLY
CAMERON T. NORRIS
JAMES F. HASSON
CONSOVOY MCCARTHY PLLC
1600 Wilson Boulevard, Suite 700
(703) 243-9423
mike@consovoymccarthy.com
cam@consovoymccarthy.com
james@consovoymccarthy.com

*Counsel for Parents Defending Education*

# CERTIFICATE OF COMPLIANCE

This brief complies with Rule 32(a)(7)(B) because it contains 611 words, excluding the parts that can be excluded. This brief also complies with Rule 32(a)(5)-(6) because it has been prepared in a proportionally spaced face using Microsoft Word 2016 in 14-point Garamond font.

Dated: June 6, 2023                     */s/ James F. Hasson*

# VIRUS CHECK CERTIFICATION

The electronic version of this brief has been scanned and is virus-free.

Dated: June 6, 2023                     */s/ James F. Hasson*

# CERTIFICATE OF SERVICE

I filed this brief with the Court via ECF, which will email everyone requiring notice.

Dated: June 6, 2023                     */s/ James F. Hasson*