# IN THE UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

Nos. 23-1374 and 23-1880

Brooke Henderson; Jennifer Lumley,

*Plaintiffs-Appellants*

v.

Springfield R-12 School District; Board of Education of the Springfield R-12 School District; Grenita Lathan,

*Defendants-Appellees*

Martha Doenning,

*Defendant*

Yvania Garcia-Pusateri; Lawrence Anderson,

*Defendants-Appellees*

**REPLY IN SUPPORT OF MOTION FOR LEAVE TO FILE BRIEF ON BEHALF OF PROSPECTIVE *AMICUS CURIAE* CENTER OF THE AMERICAN EXPERIMENT IN SUPPORT OF PLAINTIFFS-APPELLANTS**

Douglas P. Seaton
James V. F. Dickey
UPPER MIDWEST LAW CENTER
8421 Wayzata Boulevard, Suite 300
Golden Valley, MN 55426
(612) 428-7002
*Attorneys for Proposed* Amicus Curiae
*Center of the American Experiment*

Prospective *amicus curiae* Center of the American Experiment ("CAE") asks the Court to grant its motion for leave to file its *amicus curiae* brief in support of Plaintiffs-Appellants. Defendants-Appellees appear to misunderstand the role of *amici* before this Court, and they would even force CAE to meet contradictory standards related to *amicus* participation, as described below. The Court should reject Appellees' outdated, narrow, and conflicting approach.

While this Court has not addressed the desirability of *amicus curiae* briefs in great detail, CAE suggests that the Court should follow then-Judge Alito's approach from *Neonatology Assocs., P.A. v. Commissioner*, 293 F.3d 128 (3d Cir. 2002) and grant leave for *amici* to participate where they (1) demonstrate an adequate interest in the proceedings, (2) desirability of their participation, and (3) relevant considerations for the Court as it considers the issues on appeal. *Id.* at 131.

**I.    CAE Has an "Adequate Interest" in the Proceedings.**

Appellees criticize CAE both for having an "interest" and for not being interested enough in the outcome of the case. On one hand, Appellees say that CAE is "partisan," "dedicated to Plaintiffs' cause," and "adversarial." Defendant-Appellees' Opp. to Mot. for Leave to File Br. on Behalf of Prospective Amicus Curiae Ctr. of the Am. Experiment in Supp. of Pls.-Appellants, Entry ID# 5281700, at 7-8 (hereinafter "Opp."). On the other hand, Appellees say that CAE is a Johnny-come-

1

lately, having only asserted its interest at this "late" stage in the case, *id.* at 7,[1] and also does not have a "direct interest in another case that may be materially affected by this Court's decision," *id.* at 10.

But Federal Rule of Appellate Procedure 29(a)(3) requires CAE to state its "interest" in the case, and Rule 29(a)(4) requires CAE to "identify the party or parties supported and indicate whether the brief supports affirmance or reversal." In the context of Rule 29, CAE has an "interest" in the litigation in large part based on its work as a think tank, as shown in its initial motion and brief. It has also proposed to file its brief supporting Plaintiffs-Appellants on appeal. By identifying its interest, the party supported, and the relief supported, CAE has merely followed the rules of appellate procedure and demonstrated the type of interest the rules require.

Then-Judge Alito recognized the conflict inherent in Appellees' outdated position:

> Today, as noted, Rule 29 requires that an amicus have an "interest" in the case, see Fed. R. App. Proc. 29(b)(1) and (c)(3), and the appellants' argument that an amicus must be "impartial" is difficult to square with this requirement. An accepted definition of the term "impartial" is "disinterested," Black's Law Dictionary 752 (6th ed. 1990), and it is not easy to envisage an amicus who is "disinterested" but still has an "interest" in the case.

*Neonatology*, 293 F.3d at 131.

---

[1] Of course, *amicus* briefs are atypical in the district courts, and Rule 29 intends to facilitate them at this "late" stage (which is quite early in the appellate process).

2

Appellate Case: 23-1374     Page: 3     Date Filed: 06/06/2023 Entry ID: 5284501

Further, as the Fifth Circuit has noted, quoting *Neonatology* approvingly: "[A]n amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend." *Lefebure v. D'Aquilla*, 15 F.4th 670, 675 (5th Cir. 2021) (quoting *Neonatology*, 293 F.3d at 131).

CAE has followed the rules of appellate procedure, described above, and expressed its interest, as required by the rules. While Appellees may disagree with CAE's view of the coercion inherent in their DEI training, as discussed briefly below, that disagreement does not disqualify CAE from participation as an *amicus curiae*. Further, CAE need not have an ongoing case to qualify under Rule 29 as an *amicus*. The Court should grant CAE's motion for leave.

## II. CAE's Participation Is Desirable, and It Has Presented Relevant Considerations for the Court Which the Parties May Not Present.

CAE has attempted, through its motion and proposed brief, to demonstrate that it intends to provide the Court relevant considerations that may not be addressed by the parties to the case. As then-Judge Alito noted about the purpose of *amicus* briefs in *Neonatology*:

> Some amicus briefs collect background or factual references that merit judicial notice. Some friends of the court are entities with particular expertise not possessed by any party to the case. Others argue points deemed too far-reaching for emphasis by a party intent on winning a particular case. Still others explain the impact a potential holding might have on an industry or other group." Luther T. Munford, When Does the Curiae Need An Amicus?, 1 J. App. Prac. & Process 279 (1999).

293 F.3d at 132.

As to the "particular expertise" purpose of CAE' brief, while it is perhaps uncharacteristic of stereotypical Minnesota humility, CAE noted in the motion and the proposed brief its scholarship related to "antiracism," which it believes is valuable. And while CAE is far from the only entity which has analyzed antiracism and its meaning and implications, CAE does believe that its research and perspective adds to the discussion before the Court. Based on that research and perspective, CAE's brief also includes modes of analysis and emphases which the parties might not.

For example, Appellees clearly disagree with CAE that "antiracist" training is inherently coercive and akin to a secular religion, Opp. 6, but that is not a reason to deny CAE the opportunity to provide its unique perspective, especially because the Court is considering whether the Appellants were compelled against their will to speak. Appellees also disagree with CAE's drawn parallel between "antiracism" training and forced religious practices, like those in *Lee v. Weisman*. Opp. 6 n.3. But a party's mere disagreement with an *amicus* is not a good reason to refuse consent to appear as *amicus*.

Appellees also disagree with CAE's view that "antiracism" training is at odds with the Fourteenth Amendment's guarantee of equal justice under the law. Opp. 3-5. This is not surprising, given that Appellees are forced to defend their practices here, but again, the Court might find CAE's distinctions between "antiracism"

4

training and other traditional employee training relevant.[2]

Finally, Appellees apparently disagree with CAE's view—and, CAE believes, this Court's view—that Rule 11 awards and awards to defendants on Section 1983 claims are "sufficiently analogous" to be analyzed in the same way, even without deciding if they are identical. *Pulaski Cty. Republican Comm. v. Pulaski Cty. Bd. of Election Comm'rs*, 956 F.2d 172, 174 n.4 (8th Cir. 1992). It is not surprising that Appellees would not want the Court to look at their attorney fee award this way, but the Court has strongly implied that it does look at the two categories of fee awards in the same or very similar fashion.

## CONCLUSION

CAE believes it has demonstrated an adequate interest in the litigation, and that its proposed *amicus* brief will be helpful to the Court. In any event, at this stage of the case, as then-Judge Alito pointed out,

> it is preferable to err on the side of granting leave. If an amicus brief that turns out to be unhelpful is filed, the merits panel, after studying the case, will often be able to make that determination without much trouble and can then simply disregard the amicus brief. On the other hand, if a good brief is rejected, the merits panel will be deprived of a resource that might have been of assistance.

*Neonatology*, 293 F.3d at 133.

---

[2] Appellees twist CAE's arguments so far as to suggest that CAE opposes employer training to stop racial harassment. Opp. 5. This is not close to a fair reading of CAE's brief. CAE quite clearly opposes Appellees' training because it is discriminatory in and of itself, contrary to the Fourteenth Amendment. Proposed Br. 7-8.

5

CAE thus asks the Court to give it the benefit of the doubt and respectfully requests that the Court grant its motion to appear as *amicus curiae* in support of the Appellants and reversal in this appeal.

Respectfully submitted,

                                **UPPER MIDWEST LAW CENTER**

Dated: June 6, 2023             */s/ James V. F. Dickey*
                                    Douglas P. Seaton (#127759)
                                    James V. F. Dickey (#393613)
                                    8421 Wayzata Blvd., Suite 300
                                    Golden Valley, Minnesota 55426
                                    Doug.Seaton@umlc.org
                                    James.Dickey@umlc.org
                                    (612) 428-7000

                                    Attorneys for Proposed *Amicus Curiae* Center of the American Experiment

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Fed. R. App. P. 27(d)(2)(C) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 1,319 words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word Version 2302 in Times New Roman font, 14-point.

3. The brief has been scanned for viruses and is virus free.

**UPPER MIDWEST LAW CENTER**

Dated: June 6, 2023

 /s/ *James V. F. Dickey*
Douglas P. Seaton (#127759)
James V. F. Dickey (#393613)
8421 Wayzata Blvd., Suite 300
Golden Valley, Minnesota 55426
doug.seaton@umlc.org
james.dickey@umlc.org
(612) 428-7000

*Attorneys for Proposed* Amicus Curiae
*Center of the American Experiment*

# CERTIFICATE OF SERVICE

In accordance with Fed. R. App. P. 25, I hereby certify that I electronically filed this reply with the Clerk of Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system on June 6, 2023. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

**UPPER MIDWEST LAW CENTER**

Dated: June 6, 2023

*/s/ James V. F. Dickey*
Douglas P. Seaton (#127759)
James V. F. Dickey (#393613)
8421 Wayzata Blvd., Suite 300
Golden Valley, Minnesota 55426
Doug.Seaton@umlc.org
James.Dickey@umlc.org
(612) 428-7000

*Attorneys for Proposed* Amicus Curiae
*Center of the American Experiment*