

560 W. Crossville Rd., Ste. 104
Roswell, Georgia 30075
www.SLFLiberty.org

February 20, 2024

**VIA ELECTRONIC FILING**

Michael E. Gans
Clerk of Court
Thomas F. Eagleton Courthouse
111 South 10th Street
Room 24.329
St. Louis, MO. 63102

      Re:    Notice of Supplemental Authority: *Henderson, et al. v. Springfield R-12 School District, et al.*

Dear Mr. Gans:

In response to questioning from this Court regarding the applicability of the forum analysis, Plaintiffs-Appellants submit as supplemental authority the opinion of *Minnesota Voters Alliance v. Mansky*, 138 S. Ct. 1876 (2018).

The Supreme Court explained that its forum analysis is implicated to determine whether and to what extent the government must grant access to individuals who wish to "*exercise* their right to free speech on . . . Government property." *Id*. at 1885 (emphasis added). The Court recognized three categories: "traditional public forums, designated public forums, and nonpublic forums." *Id*. The first two trigger strict scrutiny, but a nonpublic forum allows for content-based restrictions on speech so long as they are viewpoint-neutral and reasonable. *Id*. at 1885-86.

This supports Plaintiffs'-Appellants' response during argument. *See* Oral Argument Recording, *Henderson, et al. v. Springfield R-12 Sch. Dist., et al.* (23-1374), 1:30-4:30.[1] First, the forum analysis only applies when speakers demand access to government property to "exercise" their right to speak, not when they are required to be on government property and are forced to speak rather than remain silent. *Mansky*, 138 S. Ct. at 1885. Second, even if this Court did conduct a forum

---

[1] http://media-oa.ca8.uscourts.gov/OAaudio/2024/2/231374.MP3.

analysis, viewpoint discrimination is prohibited under all categories. *Id*. at 1885-86. Third, as Plaintiffs-Appellants set forth in their briefs, both viewpoint discrimination and compulsion are *per se* unconstitutional and not subject to any balancing test. Appellants Br. at Page ID ##61-62; Appellants Reply at Page ID ##26-27.

The *Mansky* opinion also supports Plaintiffs'-Appellants' response that the setting would best fit the description of a designated forum (the "middle tier," Argument Recording at 1:49), *if* they had demanded access to Springfield Public Schools' (SPS) property in order to speak. Although the training may have "not traditionally been regarded as a public forum," SPS "intentionally opened [it] up," *Mansky*, 138 S. Ct. at 1885, when it directed Plaintiffs-Appellants to break into groups and discuss "societal and political matters," such as the death of George Floyd, national protests, and how oppression, systemic racism, and white supremacy took place in their community. Appellants Br. at Page ID ##24-25, 46 n.3.

                                  Respectfully submitted,

                                  s/ Braden H. Boucek
                                  BRADEN H. BOUCEK

## CERTIFICATE OF SERVICE

    I hereby certify that on February 20, 2024 a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail and/or facsimile. Parties may access the filing through the Court's electronic filing system.

                                                          /s/ Braden H. Boucek
                                                          Braden H. Boucek