

# Ellis, Ellis, Hammons & Johnson P.C.

RANSOM A ELLIS, III\*
JOHN D. HAMMONS, JR.\*\*
TODD A. JOHNSON
TRAVIS A. ELLIOTT
TINA G. FOWLER\*\*\*
RACHEL A. RISO\*\*\*\*
PAIGE PARRACK
ROBERT E. PETROWSKY\*\*\*\*\*
KIRK A. KACZMAREK
CAMERON CASAD\*\*\*\*\*\*

2808 S. INGRAM MILL, A104
SPRINGFIELD MISSOURI 65804
TELEPHONE (417) 866-5091
FAX (417) 866-1064
EEHJFIRM.COM

RANSOM A. ELLIS, JR. (1920-2012)

ALSO LICENSED IN:
\*TEXAS
\*\*ARKANSAS
\*\*\*OKLAHOMA
\*\*\*\*KANSAS
\*\*\*\*\*COLORADO
\*\*\*\*\*\*MARYLAND

OF COUNSEL:
FRANK M. EVANS, III

February 26, 2024

**Via Electronic Filing**
Mr. Michael E. Gans, Clerk of Court
United States Court of Appeals
for the Eighth Circuit
Thomas F. Eagleton U.S. Courthouse
111 South 10th Street
Room 24.329
St. Louis, MO 63102

    Re:    Defendants'-Appellees' Response to Plaintiffs'-Appellants' Notice of Supplemental Authority Under FED.R.APP.P. 28(j)
*Henderson, et al. v. School Dist. of Springfield R-12, et al.*,
Case Nos. 23-1374 and 23-1880

Dear Mr. Gans:

    Responding to Plaintiffs'-Appellants' Rule 28(j) filing, the employee training at issue is a nonpublic forum, not a designated public forum.

    A forum analysis determines when a government's interest in limiting use of its property to its intended purpose outweighs the interest of those wishing to use it for other purposes. *Ball v. City of Lincoln*, 870 F.3d 722, 729-30 (8th Cir. 2017) (discussing traditional, designated, and nonpublic forums). Here, Plaintiffs attended training as school employees. If a forum analysis is utilized, such training is not a traditional public forum as "public schools do not possess… the attributes of streets, parks, and other traditional public forums." *Hazelwood Sch. Dist. v. Kuhlmeier*, 484 U.S. 260, 267 (1988). Nor is the training a designated public forum—there is no indication the school "by policy or by practice" opened the training "for

indiscriminate use by the general public." *Id.* (*quoting Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 47 (1983)) (holding use was consistent with school's preservation of facilities for school-related business—not constituting "creation of a public forum in any broader sense"). Because the training was reserved for other intended purposes (i.e. employee education/awareness), "no public forum [was] created, and school officials [could] impose reasonable restrictions on the speech of… teachers, and… members of the school community." *Id.*

As a nonpublic forum, the training need only be viewpoint neutral and reasonable in light of its purpose, but "need not be the most… or the only reasonable limitation." *Ball*, 870 F.3d at 736 (serving purposes unrelated to content is neutral "even if it has… incidental effect on some… but not others"). The purpose was to expand awareness of racial issues faced by minority students. It did not require expression of viewpoints contrary to one's own or threaten punishment should one express such. Plaintiffs expressed their views during the training, and after, without consequence. The training was reasonable, constitutional and not unduly restrictive on their rights to engage in expressive activity in a nonpublic forum. There is no evidence allowing an opposing finding "on more than mere speculation." *Id.* at 737.

Respectfully Submitted,

By: *[signature]*
Tina G. Fowler

E-mail Address: tfowler@eehjfirm.com
After Hours Extension: 215