Case No. 23-1374 & 23-1880

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

BROOKE HENDERSON and JENNIFER LUMLEY,

Plaintiffs-Appellants,

v.

SCHOOL DISTRICT OF SPRINGFIELD R-12, et al.,

Defendants-Appellees.

**UNOPPOSED MOTION OF GOLDWATER INSTITUTE, KANSAS POLICY INSTITUTE, MISSISSIPPI JUSTICE INSTITUTE, AND SHOW ME INSTITUTE TO FILE AMICI CURIAE BRIEF IN SUPPORT OF PLAINTIFFS-APPELLANTS AND IN SUPPORT OF REHEARING EN BANC**

On Appeal from the United States District Court
for the Western District of Missouri - Springfield
Case No. 6:21-cv-03219, Hon. M. Douglas Harpool, presiding

**Scharf-Norton Center for Constitutional Litigation at the GOLDWATER INSTITUTE**
Timothy Sandefur
Adam C. Shelton
500 E. Coronado Rd.
Phoenix, Arizona 85004
(602) 462-5000
litigation@goldwaterinstitute.org

*Attorney for Amici Curiae*

# IDENTITY AND INTEREST OF AMICI

The Goldwater Institute, the Kansas Justice Institute, the Mississippi Justice Institute, and the Show Me Institute are all non-profit public interest legal organizations (located in Arizona, Kansas, Mississippi, and Missouri, respectively) devoted to the vindication of constitutional rights against government overreach and abuse. They litigate, file amicus briefs, publish legal research, and otherwise advocate for constitutional principles such as the freedom of speech and the promotion of a color-blind society in which government treats everybody the same without regard to skin color. They have appeared in state and federal courts across the country in support of their institutional principles, *see, e.g., Vizaline, L.L.C. v. Tracy*, 949 F.3d 927 (5th Cir. 2020); *Mo. Broad. Ass'n v. Schmitt*, 946 F.3d 453 (8th Cir. 2020); *Beavers v. City of Jackson*, 439 F. Supp.3d 824 (S.D. Miss. 2020); *Crowe v. Or. State Bar*, 989 F.3d 714 (9th Cir. 2021), as well as in this Court. *Fleck v. Wetch*, 937 F.3d 1112 (8th Cir. 2019); *Pharmaceutical Research & Mfrs. Assn. v. Williams*, 64 F.4th 932 (8th Cir. 2023); *Niang v. Carroll*, 879 F.3d 870 (8th Cir. 2018).

All of these amici appeared as amici before the panel in this case, as well.

# THE COURT SHOULD GRANT THE MOTION
# TO APPEAR AS AMICUS CURIAE

"An amicus brief should normally be allowed … when the amicus has unique information or perspective that can help the court beyond the help that the lawyers for the parties are able to provide." *Cmty. Ass'n for Restoration of Env't (CARE) v. DeRuyter Bros. Dairy*, 54 F. Supp.2d 974, 975 (E.D. Wash. 1999). Given the amici's expertise and experience with regard to "anti-racism" (AR) and their familiarity with the constitutional issues, amici believe their legal expertise and public policy experience will assist this Court in its consideration of this petition.

The proposed brief addresses some significant flaws in the reasoning of the panel opinion and explains why it is critically important for the *en banc* court to review its decision. The brief demonstrates, first, that the panel applied the wrong standing analysis regarding "chills" on free speech: the proper test being whether a *reasonable person* would have been deterred from speaking, *not* (as the panel had it) whether the particular plaintiff actually desisted from speaking—and, second, that the panel erred in its application of the "compelled speech" test as well, by ignoring the context. The relevant context here is that the AR training was inherently coercive, because AR holds that to disagree with AR is racist—and thus grounds for moral condemnation and even termination from employment. Given the Supreme Court's holding that intense forms of peer pressure and intimidation

2

are tantamount to coercion in this compelled-speech context, *see, e.g., Lee v. Weisman,* 505 U.S. 577 (1992), the panel disregarded one of the most important elements of compelled speech law. These twin errors, if left uncorrected by the *en banc* court, will distort the freedom of speech in the Eighth Circuit and bar plaintiffs from vindicating their free speech rights.

No counsel for any party authored the proposed amicus brief in whole or in part and no person or entity, other than the amici, their members, or counsel, made a monetary contribution to the preparation or submission of this brief. Respectfully submitted this 4th day of October, 2024.

/s/ *Timothy Sandefur*
Timothy Sandefur
Adam C. Shelton
**Scharf-Norton Center for Constitutional Litigation at the GOLDWATER INSTITUTE**
*Attorney for Amici Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that on October 4, 2024, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Timothy Sandefur*
Timothy Sandefur