No. 23-1374, No. 23-1880

# IN THE UNITED STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

BROOKE HENDERSON and JENNIFER LUMLEY,
    *Plaintiffs-Appellants*,

v.

SCHOOL DISTRICT OF SPRINGFIELD R-12, BOARD OF EDUCATION FOR THE SCHOOL DISTRICT OF SPRINGFIELD R-12, DR. GRENITA LATHAN, DR. YVANIA GARCIA-PUSATERI, and LAWRENCE ANDERSON,
    *Defendants-Appellees*.

_____

Appeal from the United States District Court for the
Western District of Missouri, Southern Division
The Honorable Douglas Harpool
Case No. 6:21-cv-03219-MDH

## DEFENDANTS-APPELLEES' RESPONSE TO PLAINTIFFS-APPELLANTS' PETITION FOR REHEARING EN BANC

Ransom A Ellis, III, Mo. Bar 29129
Tina G. Fowler, Mo. Bar 48522
ELLIS ELLIS HAMMONS & JOHNSON, P.C.
2808 S. Ingram Mill Road, Suite A-104
Springfield, Missouri 65804
rellis3@eehjfirm.com
tfowler@eehjfirm.com
Phone: (417) 866-5091
*Attorneys for Defendants-Appellees*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES………..………………….….………….ii

INTRODUCTION ………,……………………………….…………1

ARGUMENT………………...…………………………………………2

    I.      The Panel's finding that Plaintiffs did not suffer
an injury in fact does not conflict with this Court's
precedent in *Gralike*, Supreme Court precedent,
or with the precedent from other circuits…………..………..….…......2

    II.     The Panel correctly found that Plaintiffs' fear of
punishment was too speculative to support
cognizable injury—there is no tension with
the Supreme Court's decision in *Bantam*
or with other circuits……………………..…………………………6

    III.    The issues presented by Plaintiffs when filing
their appeal do not involve a question
of exceptional importance………………………………………….9

    IV.    Defendants should be awarded their attorney's fees
and costs associated with responding to
Plaintiffs' Petition ...……………….....…………..………..……….10

CONCLUSION …………………………………………………...11

CERTIFICATE OF COMPLIANCE……………………………………...13

CERTIFICATE OF SERVICE………………………….………..…...14

# TABLE OF AUTHORITIES

**Cases**

*281 Care Comm. v. Arneson*, 638 F.3d 621 (8th Cir. 2011),
*cert. denied*, 567 U.S. 951 (2012)……………………...…………………5

*303 Creative, LLC v. Elenis*, 600 U.S. 571 (2023)…..……………………………4

*Altman v. Minn. Dep't of Corr.*, 251 F.3d 1199, 1203 (8th Cir. 2001)…..…..…… 9

*Axson-Flynn v. Johnson*, 356 F.3d 1277 (10th Cir. 2004)……..………...…………..6

*Babbitt v. UFW Nat'l Union*, 442 U.S. 289 (1979)……………….….…………4

*Bantam Books, Inc. v. Sullivan*, 372 U.S. 58 (1963)…………………………..3, 6, 7

*Bart v. Telford*, 677 F.2d 622 (7th Cir. 1982)……………………………………5, 8

*Dakotans for Hlth. v. Noem*, 52 F.4th 382 (8th Cir. 2022)……………...…………..5

*Elrod v. Burns*, 427 U.S. 347 (1976)…..………….………….…………4, 8

*Evergreen Ass'n, Inc. v. City of New York*, 740 F.3d 233 (2nd Cir. 2014)……...……8

*Garcia v. City of Trenton*, 348 F.3d 726 (8th Cir. 2003)…………..……………..…..5

*Gralike v. Cook*, 191 F.3d 911 (8th Cir. 1999), *aff'd*, 531 U.S. 510 (2001)…..2, 3, 4

*Majors v. Abell*, 317 F.3d 719 (7th Cir. 2003)……………………………………8

*Menders v. Loudoun Cty. Sch. Bd.*¸ 65 F.4th 157 (4th Cir. 2023)…...………...…….6

*Speech First, Inc. v. Cartwright*, 32 F.4th 1110 (11th Cir. 2022) …..…..………7, 8

*Speech First, Inc. v. Schlissel*, 939 F.3d 756 (6th Cir. 2019)…………..………6

*Telescope Media Grp. v. Lucero*, 936 F.3d 740 (8th Cir. 2019)...…………...………5

*United Food & Com. Workers Int'l Union v. IBP, Inc.*,
857 F.2d 422 (8th Cir. 1988)………………………………..………………5

*Zieper v. Metzinger*, 474 F.3d 60 (2nd Cir. 2007)...……………….…..…………6

**Statutes**

42 U.S.C. § 1983……………………………………………………………………1

**Rules**

Federal Rule of Appellate Procedure 35 ……………….……………………….1

Eighth Circuit Rule 35(A)(2)………………………..…………………………10, 11

# INTRODUCTION

As requested by the Court, Defendants-Appellees School District of Springfield, R-12 (the "District"); Board of Education for the School District of Springfield, R-12; Dr. Grenita Lathan; Dr. Yvania Garcia-Pusateri; and Lawrence Anderson (collectively "Defendants"), submit this response to the Petition of Plaintiffs-Appellants Brooke Henderson and Jennifer Lumley (collectively "Plaintiffs") for rehearing en banc of the Panel's decision. In their Petition, Plaintiffs rehash the issues that they unsuccessfully presented on appeal relating to their lack of Article III injury which gave them no standing to sue. But, nothing has changed.

As discussed, the Panel correctly applied longstanding and well-reasoned legal principles when it found Plaintiffs did not suffer an injury in fact, thereby affirming the district court's dismissal of Plaintiffs' claims under 42 U.S.C. § 1983. Indeed, an en banc rehearing is "not favored" and ordinarily will not be ordered unless it is necessary to secure or maintain uniformity of the court's decisions or the proceeding involves a question of exceptional importance. FED.R.APP.P 35(a)(1) and 35(a)(2). Because the Panel's decision neither conflicts with prior decisions of this Court or the Supreme Court, nor involves a question of exceptional importance, Plaintiffs have failed to meet the standard for en banc review and their Petition should be denied.

# ARGUMENT

Contrary to the contentions raised in Plaintiffs' Petition, the Panel's punishment analysis is consistent with precedent from this Court and the Supreme Court, the Panel correctly found that Plaintiffs' fear of punishment was too speculative to support cognizable injury, and the issues presented by Plaintiffs do not involve a question of exceptional importance. Because Plaintiffs have not directed this Court to some material matter of law or fact which the Panel overlooked, and which, had it been given reconsideration, would have changed the outcome, Plaintiffs' Petition should be denied.

**I. The Panel's finding that Plaintiffs did not suffer an injury in fact does not conflict with this Court's precedent in *Gralike*, Supreme Court precedent, or with the precedent from other circuits.**

During school year 2018-19, the District experienced a series of disturbing events targeting students of color and LGBTQ+ students. App.152; R.Doc.75, at 11. During the next school year, the District required employees, including Plaintiffs, to attend equity and diversity training. App.161-62; R.Doc.75, at 20-21. While Plaintiffs were required to attend that training, and endure a two-hour training program that they and others thought was misguided and offensive, they were not disciplined for any of their remarks or actions during the training, and they received full pay and professional-development credit for attending. Slip. Op. at 8-9.

2

Regardless, Plaintiffs argue that the Panel, while appearing to rule that punishment was required, determined that Plaintiffs were not punished despite allegedly being labeled as complicit in white supremacy. Plaintiffs then claim that that "labeling" did punish Plaintiffs, and therefore, the Panel's opinion conflicts with *Gralike v. Cook*, 191 F.3d 911 (8th Cir. 1999), *aff'd*, 531 U.S. 510 (2001), and that other circuits have found far less derogatory labels impermissible. Plaintiffs further claim that the decision conflicts with *Bantam Books, Inc. v. Sullivan*, 372 U.S. 58 (1963), among other opinions, in that they need not show punishment because it can be shown through coercion, persuasion, and intimidation. *See* Section II, *infra*. However, in light of the facts in this case, neither premise is true.

First, and as this Court is aware, in *Gralike*, the amendment at issue persuaded non-incumbent candidates to pledge support for term limits in order to keep their declination from being noted on the election ballot. That amendment "threaten[ed] a penalty…serious enough to compel candidates to speak—the potential political damage of the ballot labels." 191 F.3d at 918. Such is not the case here. There is no evidence that the District assigned to Plaintiffs a label akin to the one next to a candidate's name on an election ballot. Rather, and as noted by the Panel, the training did nothing more than illustrate that certain actions or statements could support the structural system of white supremacy (Slip. Op. at 9), but such actions were never

3

tagged to Plaintiffs.[1] Hence, the Panel correctly declined to adopt Plaintiffs' requested broad reading of *Gralike*, the same broad reading that they now again seek in their Petition. The training also did not threaten a penalty comparable to the negative impression to be left with candidates identified on a ballot for opposing or refusing to express a view on term limits. Plaintiffs were not "branded" as they claim. In short, the Panel's decision does not, in the slightest, conflict with *Gralike*.

The Panel's decision also does not conflict with decisions from the Supreme Court,[2] and other precedent from this Court. This is because the Plaintiffs have presented no evidence that the District would have labeled, reported, or penalized Plaintiffs for expressing views disavowing anti-racism. The Panel did not require a "direct" punishment as Plaintiffs claim. So, mudding the waters, Plaintiffs continue to try and compare their facts to opinions wherein the plaintiffs were forced to comply, or receive a penalty, or be named and reported, and potentially receive a

---

[1] Plaintiffs now claim that there is no evidence that the presenters stated "we are not calling you as an individual a white supremacist," but they offer no record evidence to the contrary, nor have they offered any evidence that the District named, labeled, identified or called out Plaintiffs as white supremacists.

[2] The Supreme Court opinions cited by Plaintiffs are inapposite in that the plaintiffs in those cases suffered, or were certain to suffer, injury. *See 303 Creative, LLC v. Elenis*, 600 U.S. 571 (2023) (law at issue carried fines and required reporting to the state for violations); *Babbitt v. UFW Nat'l Union*, 442 U.S. 289 (1979) (violations of an agricultural relation act at issue could be criminally punishable); and *Elrod v. Burns*, 427 U.S. 347 (1976) (employees were fired, or threatened with firing, for not being affiliated with the sheriff's political party); *also see* Section II, *infra*.

penalty, none of which occurred here, mandating denial of their Petition. *See*, *e.g.*, *Telescope Media Grp. v. Lucero*, 936 F.3d 740 (8th Cir. 2019) (to do business, law at issue forced videographers to produce same-sex marriage videos if they produced opposite-sex ones); *281 Care Comm. v. Arneson*, 638 F.3d 621 (8th Cir. 2011) (law at issue made plaintiffs subject to prosecution should they knowingly, recklessly disregard the truth when opposing a proposed ballot initiative); *Garcia v. City of Trenton*, 348 F.3d 726 (8th Cir. 2003) (business owner, who was not ticketed for parking violation until after she complained about non-enforcement of sidewalk ordinance, then faced prosecution); and *United Food & Com. Workers Int'l Union v. IBP, Inc.*, 857 F.2d 422 (8th Cir. 1988) (state picketing statute had previously resulted in union members being arrested and prosecuted).

Similarly, the opinions cited by Plaintiffs from other circuits, which were previously argued with the exception of two,[3] do not show that other circuits find "far less derogatory labels…impermissible" as claimed by Plaintiffs. Rather, they confirm that Plaintiffs' Petition should be denied. Implicit injury or harm directed at

---

[3] Plaintiffs' newly cited opinions also do not offer support sufficient enough to warrant granting of their Petition. *See Dakotans for Hlth. v. Noem*, 52 F.4th 382 (8th Cir. 2022) (finding injury due to fact that law which required paid petition circulators to publicly disclose sensitive personal information would likely make it more difficult for committees to recruit paid circulators, thereby restricting committee's ability to reach its audience); and *Bart v. Telford*, 677 F.2d 622 (7th Cir. 1982) (stating cause of action given that the mayor's harassment of the employee was motivated by views the employee expressed as a mayoral candidate).

5

the plaintiffs in those cases was found, unlike here. *See*, *e.g.*, *Speech First v. Schlissel*, 939 F.3d 756 (6th Cir. 2019) (university implemented bias response initiative wherein a student accused of bias, who did not meet with response team, could suffer administrative action); *Zieper v. Metzinger*, 474 F.3d 60 (2nd Cir. 2007) (legal consequences could be inferred by a police officer's actions in sending an FBI agent to the plaintiff's home before speaking with the plaintiff); *Axson-Flynn v. Johnson*, 356 F.3d 1277 (10th Cir. 2004) (university told the plaintiff, at least twice, that she needed to modify her values or leave and find another program); and *cf. Menders, v. Loudoun Cty. Sch. Bd.*¸ 65 F.4th 157 (4th Cir. 2023) (allegations that reported perceived bias incidents under an ambassador's program against a student could ruin their college or career prospects sufficient to survive a motion to dismiss). Thus, the Panel rightly found that Plaintiffs suffered no comparable injury or penalty, or threat of injury or penalty, and thus, their Petition should be denied.

II. **The Panel correctly found that Plaintiffs' fear of punishment was too speculative to support cognizable injury—there is no tension with the Supreme Court's decision in *Bantam* or with other circuits.**

Plaintiffs again argue that the District indirectly discouraged them from remaining silent or expressing dissenting views, and therefore, the Panel's finding that Plaintiffs' fear of punishment was too speculative conflicts with applicable precedent. In support, Plaintiffs heavily rely in their Petition on the Supreme Court's opinion in *Bantam*, *supra*. Yet, that reliance, along with the other opinions again

6

cited and argued by Plaintiffs, including *Speech First v. Cartwright*, *infra*, 32 F.4th 1110 (11th Cir. 2022), support and confirm the Panel's decision.

In *Bantam*, a state commission was empowered to recommend criminal prosecution of any vendor found carrying materials "tending to the corruption of youth." 375 U.S. at 59. That commission sent a notice with a list of allegedly obscene materials to booksellers and distributors requesting such items not be sold to minors, threatening prosecution for non-cooperation. *Id.* at 60-63. The distributors complied out of fear of prosecution. *Id.* at 63. Hence, while there was not necessarily direct punishment to the publishers, the threat was real, not imaginative, because the effect of the notices intimidated the distributors and caused them to not take orders for the proscribed publications. *Id.* at 64. Such is not true here. The District's requirement that Plaintiffs attend a two-hour diversity and equity training does not remotely come close to the regulatory scheme at play in *Bantam*, a scheme which was certain to cause the distributors to not order certain publications impairing the publisher's business. *See id.* at 68 ("People do not lightly disregard public officers' thinly veiled threats to institute criminal proceedings against them if they do not come around, and [the distributor's] reaction…was no exception to this general rule.").

Further, and while offering no evidence that anyone was disciplined, denied pay, or refused credit after attending the training, Plaintiffs also argue against the Panel's application of *Cartwright*, *supra*. But, as with *Bantam*, the treat of injury in

7

*Cartwright* was real. This is because in *Cartwright*, any student anonymously accused of engaging in bias-related incidents was reported to the university for investigation and possibly to the police. 32 F.4th at 1117. Conversely here, the District did not state or insinuate that an employee's silence or dissenting views would be considered "unprofessional" and a basis to deny credit or attendance, nor were Plaintiffs or anyone else labeled or called unprofessional for expressing dissenting views. *See* Slip. Op. at 10. Similarly, and likewise, other cases relied on by Plaintiffs do not help their cause. *See*, *e.g.*, *Lee v. Weisman*, 505 U.S. 577 (1992) (finding a public school cannot persuade or compel a student to participate in religious exercise at graduation); *Evergreen Ass'n, Inc. v. City of New York*, 740 F.3d 233 (2nd Cir. 2014) (holding law requiring pregnancy services centers to disclose whether they provided referrals for abortion, emergency contraception, or prenatal care, violated First Amendment); and *Majors v. Abell*, 317 F.3d 719 (7th Cir. 2003) (plaintiffs had standing to challenge statute requiring identification of persons paying for political advertising that expressly advocated election or defeat of an identified candidate).

Finally, and importantly, Plaintiffs pick from various court holdings and refer to the majority of them in the context of an employer-employee relationship. But, the only cases cited by Plaintiffs in that context are *Bart* and *Elrod*, *supra*, neither of which offer support for granting Plaintiffs' Petition. Rather, Plaintiffs are misleading

8

when they quote from multiple other opinions and infer that the threat of monetary fines or criminal prosecution equates to Plaintiffs being required to attend a two-hour training on diversity principles, for which they were paid, but with which they disagreed. As noted by the Panel, a public employer may decide to train its employees, it may establish the parameters of that training, and it may require employees to participate. Slip. Op. at 11 (*quoting Altman v. Minn. Dep't of Corr*., 251 F.3d 1199, 1203 (8th Cir. 2001)). Moreover, and as also noted by the Panel, no authority exists that simply requiring a public employee to express verbally an understanding of the employer's training materials causes an injury under the First Amendment. *See* Slip. Op. at 12. Nor does such bring this case into the realm of exceptional importance as so desired by Plaintiffs. Rather, the reverse is true. *See* Section III, *infra.* For these additional reasons, Plaintiffs' Petition should be denied.

### III. The issues presented by Plaintiffs when filing their appeal do not involve a question of exceptional importance.

When finding that the district court's fee award was an abuse of discretion, the Panel stated that an employee's standing to sue in relation to especially controversial training is fairly described as an issue of first impression. Slip. Op. at 13. Plaintiffs make much of that in their Petition and argue that en banc review is essential in that such training is certain to recur. But, and as aptly stated by the Panel when affirming the district court's finding of no injury in fact, the same conclusions would hold true if the school district's training had aligned more closely with the

9

views of Plaintiffs. *See* Slip. Op. at 10. Just because one may disagree with a training's content does not mean that the matter involves a question of exceptional importance. Rather, and as also noted by the Panel, Plaintiffs "have a forum in the democratically accountable local school board where they can present objections to the district's 'equity training.' " *See* Slip. Op. at 12. Had the training emphasized Plaintiffs' views, that same forum would exist for those who may not agree with such views. And, this is particularly true given that there is no evidence that the trainers purported to dictate what employees could say or do on their own time outside of work, nor do Plaintiffs cite any evidence showing that anyone was disciplined, denied pay, or refused credit after attending the training and expressing dissenting views. Hence, the Panel correctly found that Plaintiffs' alleged fear that they would be punished for failing to advocate for the school district's view was too speculative to support a cognizable First Amendment injury. Slip. Op. at 9. Plaintiffs' Petition should be denied on this basis as well.

**IV. Defendants should be awarded their attorney's fees and costs associated with responding to Plaintiffs' Petition.**

According to Eighth Circuit Rule 35(A)(2), this Court may assess costs against counsel who files a frivolous petition for rehearing en banc deemed to have multiplied the proceedings in the case and to have increased costs unreasonably and vexatiously. At the Court's order, counsel personally may be required to pay those costs to the opposing party. *Id.* (*citing* 28 U.S.C. § 1927).

10

Appellate Case: 23-1374     Page: 14     Date Filed: 11/08/2024 Entry ID: 5455078

Although this Court concluded that the district court's fee award to the District was an abuse of discretion, Defendants did not seek rehearing of that determination. When so finding, this Court reasoned that a plaintiff's unsuccessful effort to push the boundaries of the case-or-controversy requirement in disputes relating to issues of the day does not warrant an award of fees without a stronger showing of frivolity. Slip. Op. at 13. By now seeking rehearing en banc, Plaintiffs have crossed the threshold with that stronger showing of frivolity. The Panel's decision does not conflict with any prior precedent and Plaintiffs have not presented anything new or additional to show otherwise. Quite simply, Plaintiffs have rehashed the same arguments that they made on appeal and they have pointed to no facts or legal authority previously overlooked by the Panel which would support reconsideration of its determination. Hence, Defendants respectfully request that this Court award to Defendants their attorney's fees and costs associated with Defendants' response.

## CONCLUSION

Plaintiffs filed their Petition solely to reargue matters already argued unsuccessfully in their appeal. Therefore, Defendants respectfully request that this Court deny Plaintiffs' Petition and further respectfully request that this Court, pursuant to Eighth Circuit Rule 35(A)(2), award Defendants their attorney's fees and costs associated with preparing and responding to Plaintiffs' Petition, and for such other relief as this Court deems just.

Respectfully submitted,

ELLIS ELLIS HAMMONS & JOHNSON, P.C.

By:  */s/ Ransom A Ellis*
      Ransom A Ellis, III, Mo. Bar 29129
      Tina G. Fowler, Mo. Bar 48522
      2808 S. Ingram Mill Road, Suite A-104
      Springfield, Missouri 65804
      rellis3@eehjfirm.com
      tfowler@eehjfirm.com
      Phone: (417) 866-5091
      *Attorneys for Defendants-Appellees*

**Certificate of Compliance With Type-Volume Limit, Typeface Requirements, and Type-Style Requirements Pursuant to FED.R.APP.P 32**

1. This document complies with the Court's Order of October 15, 2024 and the word limit because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), this document contains 2,843. words.

2. This document complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Word for Windows (Microsoft Office Word Version 2306, updated June 2023) in 14-point font and Times New Roman type style.

3. Pursuant to Eighth Circuit Local Rule 28A(h)(2), this response has been scanned for viruses and is virus-free.

(s) _Tina G. Fowler_

Attorney for   Defendants-Appellees

Dated:   November 8, 2024

# **CERTIFICATE OF SERVICE**

       I hereby certify that on this 8th day of November, 2024, I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Eighth Circuit by using the CM/ECF system. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

                                  */s/ Tina G. Fowler*
                                  Attorney of Record