Case No. 23-1374

# UNITED STATES COURT OF APPEALS
# FOR THE EIGHTH CIRCUIT

BROOKE HENDERSON and JENNIFER LUMLEY,

Plaintiffs-Appellants,

v.

SCHOOL DISTRICT OF SPRINGFIELD R-12, et al.,

Appellees.

**MOTION OF GOLDWATER INSTITUTE, KANSAS JUSTICE INSTITUTE, MISSISSIPPI JUSTICE INSTITUTE, AND SHOW ME INSTITUTE FOR LEAVE TO FILE BRIEF AS AMICUS CURIAE IN SUPPORT OF APPELLANTS AND REVERSAL OF ATTORNEY FEES**

On Appeal from the United States District Court
for the Western District of Missouri - Springfield
Case No. 6:21-cv-03219, Hon. M. Douglas Harpool, presiding

**Scharf-Norton Center for
Constitutional Litigation at the
GOLDWATER INSTITUTE**
Timothy Sandefur
Adam C. Shelton
500 E. Coronado Rd.
Phoenix, Arizona 85004
(602) 462-5000
litigation@goldwaterinstitute.org

*Attorney for Amici Curiae*

Pursuant to Federal Rule of Appellate Procedure 29, proposed Amici move for leave to file the attached brief in support of the Appellants, Brooke Henderson and Jennifer Lumley and in support of reversal. Counsel for Appellants have consented to the filing of this brief. Counsel for Appellees have denied consent, necessitating the filing of this motion.

## I. Identity and interest of amici curiae

The Goldwater Institute, the Kansas Justice Institute, the Mississippi Justice Institute, and the Show Me Institute are all non-profit public interest legal organizations (located in Arizona, Kansas, Mississippi, Missouri, and Michigan, respectively) devoted to the vindication of constitutional rights against government overreach and abuse. They litigate, file amicus briefs, publish legal research, and otherwise advocate for constitutional principles such as the freedom of speech and the promotion of a color-blind society in which government treats everybody the same without regard to skin color. They have appeared in state and federal courts across the country in support of their institutional principles, see, e.g., *Vizaline, L.L.C. v. Tracy*, 949 F.3d 927 (5th Cir. 2020); *Mo. Broad. Ass'n v. Schmitt*, 946 F.3d 453 (8th Cir. 2020); *Beavers v. City of Jackson*, 439 F. Supp.3d 824 (S.D. Miss. 2020); *Crowe v. Or. State Bar*, 989 F.3d 714 (9th Cir. 2021), including in this court. *Fleck v. Wetch*, 937 F.3d 1112 (8th Cir. 2019).

## II. The proposed brief will aid this Court in consideration of the appeal.

This case concerns the free speech rights of public school employees who were compelled to attend an "anti-racism" (AR) training where they were required to agree that they are inherently racist and that they must take steps to purge themselves of racism. Appellants either spoke up to disagree, whereupon they were told they were wrong, or they chose to censor themselves rather than incur retaliation. The District Court found that no "chilling effect" had resulted, and ruled against Plaintiffs, declaring the case frivolous and awarding attorney fees to the government. This raises two grounds of particular concern to amici.

First, amici endorse a color-blind view of the Constitution, which holds that the government may not discriminate against any person based on race. AR expressly rejects color-blindness, asserts that the government should treat people differently based on race, and even holds that color-blindness is a form of racism. The proposed brief explains AR theory in detail, and why being compelled to participate in AR training—and thus effectively forbidden from defending themselves from the accusation of racism—necessarily would have caused a reasonable person to believe that speaking up in self-defense would result in retaliation. Amici regularly deal with cases involving "chilling effects," *see, e.g., Rio Grande Found. v. City of Santa Fe*, 7 F.4th 956 (10th Cir. 2021), *cert. denied*, 142 S. Ct. 1670 (2022), and with matters involving AR theory. *See, e.g.,* Patrick

Ishmael, *"Loyalty Oaths" Have No Business in Missouri's Public Universities*, Show-Me Newsletter 5 (2023)[1]; Samuel Dodge, *Parent Sues Michigan School District for Ethnic, Gender Studies Course Material*, MI Live (Mar 16 2022)[2]; and have published scholarship on AR doctrine. *See, e.g.,* Jonathan Butcher, *Splintered* (2022). Amici therefore believe their litigation and policy experience will aid this Court in consideration of the appeal.

Second, because amici regularly litigate against government wrongdoing, in defense of the public interest, just as the appellants' counsel are doing here, amici are institutionally concerned with the improper award of attorney fees against plaintiffs in civil rights cases. GI even recently published an important research paper on the way such fee awards can stifle legitimate public interest litigation. *See* Deborah La Fetra, *Fee Awards Turned Upside-Down: A Threat to Public-Interest Litigation*, Goldwater Institute (Mar. 26, 2019).[3] Amici therefore believe their litigation experience will also assist the Court in its consideration of the attorney fee award.

---

[1] https://showmeinstitute.org/wp-content/uploads/2023/04/2023-Newsletter-1.pdf.
[2] https://www.mlive.com/news/2022/03/parent-sues-michigan-school-district-for-ethnic-gender-studies-course-material.html.
[3] https://www.goldwaterinstitute.org/wp-content/uploads/2019/04/Fee-awards-turned-upside-down_326.pdf.

### III. The Court should grant the motion

The proposed brief complies with all applicable rules regarding length and time for filing. Counsel for Appellees were timely informed of Amici's intent to file, and would have sufficient time to respond to it in their own brief if necessary. No party and no counsel for any party authored any part of the proposed amicus brief, and no party or counsel for a party made any monetary contribution intended to fund its preparation or submission. Nor did any other person or entity make any monetary contribution intended to fund the preparation or submission of the proposed brief.

Amici curiae "perform a valuable role for the judiciary" because as non-parties, they can "assist the court by broadening its perspective on the issues raised by the parties" and "enrich[] the judicial decision-making process." *Connerly v. State Pers. Bd.*, 37 Cal.4th 1169, 1177 (2006) (citation omitted). This Court has frequently remarked on the value of amicus briefing. *See, e.g., N. States Power Co. v. State of Minn.*, 447 F.2d 1143, 1145 (8th Cir. 1971); *Jones v. Alfred H. Mayer Co.*, 379 F.2d 33, 34 (8th Cir. 1967); *Barrera v. Wheeler*, 531 F.2d 402, 408 (8th Cir. 1976).

As Judge—now Justice—Alito explained in *Neonatology Assoc., P.A. v. Comm'r of Internal Revenue*, 293 F.3d 128, 131 (3d Cir. 2002), participation by amici curiae "promotes sound decision making" by ensuring "strong (but fair)

advocacy on behalf of opposing views." Judge Alito observed that it was not necessary for an amicus to show that it was impartial, or that the parties to the case are inadequately represented before filing a brief, because "an amicus who makes a strong but responsible presentation in support of a party can truly serve as the court's friend," and because "requiring a prospective amicus to undertake the distasteful task of showing that the attorney for the party that the amicus wishes to support is incompetent is likely to discourage amici in instances in which the party's brief is less than ideal and an amicus submission would be valuable to the court." *Id.* at 131–32.

## CONCLUSION

The motion for leave to participate as amici should be granted.

Date: May 18, 2023

        /s/ *Timothy Sandefur*
        Timothy Sandefur
        Adam C. Shelton
        **Scharf-Norton Center for**
        **Constitutional Litigation**
        **at the GOLDWATER INSTITUTE**
        *Attorney for Amicus Curiae*

## CERTIFICATE OF SERVICE

I hereby certify that on May 18, 2023, I electronically filed the foregoing document with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system.

I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the appellate CM/ECF system.

/s/ *Timothy Sandefur*
Timothy Sandefur